503-99/EEL/LJK

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Eric E. Lenck (EL 4547)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK A/S,

                                        Plaintiffs,

                    -against-

NEEWRA, INC., REDNIHOM, INC., AREF
HASSAN ABUL INC., ARWEEN SINGH
SAHNI a/k/a ARWEEN SAHNI SINGH a/k/a
ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a
ABUL SABAH a/k/a AREF HASSAN ABUL,
MOHINDER SINGH SAHNI a/k/a MOHINDER
SAHNI SINGH a/k/a MOHINDER SAHNI a/k/a
MOHINDER SINGH, JOGINDER SINGH SAHNI
a/k/a JOGINGER SINGH SAHNI a/k/a JOGINDER
SAHNI SINGH a/k/a JOGINGER SAHNI SINGH
a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI
a/k/a JOGINGER SINGH a/k/a JOGINGER SAHNI,
SABHARWAL CHANDRA KUMAR a/k/a
SABHARWAL K. CHANDRA, HELP LINE
COLLECTION CO. W.L.L., PARKER DAWOOD
TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR
TRADERS EST., SARDAR INTERNATIONAL
TRADING CO., AL TAMASOK AL ARABI EST.,
JOHN DOE 1-100 (fictitious) and JOHN DOE INC.
1-100 (fictitious)
-----------------------------------------------------------------x

05 CIV 4356 (RCC)

**DECLARATION OF
AHMED ZAKARIA
CONCERNING SERVICE
OF PROCESS ON
DEFENDANTS UNDER
KUWAITI LAW**

        AHMED ZAKARIA ABD EL MAGIED, pursuant to 28 U.S.C. §1746 of the

United States Code, hereby declares and says the following under penalty of perjury:

NYDOCS1/266726 1                                    1

1.      I am a legal advisor with the law firm of Al Sarraf & Al Ruwayeh, P.O. Box 1448, Safat 13015, Kuwait. I have been with the firm for nine years and am experienced to advise foreigners concerning Kuwaiti law and have done so on numerous occasions.

2.      Al Sarraf & Al Ruwaye     e the attorneys for A.P. Moller-Maersk A/S with respect to proceedings in Kuwait concerning the arrest of the M/V ALVA MAERSK by those acting on behalf of Neewra, Inc.

3.      I am fluent in English, French and Arabic. I assisted in the drafting of this Declaration and fully understand and agree with the contents of this Declaration.

4.      I submit this Declaration with respect to the captioned action in the United States District Court for the Southern District of New York in order to provide proof of service consistent with Kuwaiti law on Defendants Mohinder Singh Sahni and Joginder Singh Sahni.

5.      Kuwait is not a participant in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

6.      Kuwait also does not have a bilateral agreement with the United States concerning service of process.

7.      Under Kuwaiti law, delivering documents by mail to a defendant will not constitute effective service of process.

8.      For service of process to be effective under Kuwaiti law, a process server from the Ministry of Justice must effect personal service upon the defendant. If the defendant to whom the papers are delivered by the Ministry of Justice's process server refuses to sign a document that proves that personal service was made, the process server

must deliver the papers to the local police precinct, which will send a registered letter to the defendant which will direct the defendant to take a copy of the papers from the police.

9.     Attached hereto as Exhibits A and B are proof that Defendant Mohinder Singh Sahni and Defendant Joginder Singh Sahni were each served with the Summons and Verified Complaint in this matter p___ant to Kuwaiti law. In each case, the process server attempted to personally deliver the papers to those Defendants, and in each case, the Defendants refused to sign for the papers. The papers were delivered to the appropriate local police precinct, which issued registered letters to the defendants to take copies of the papers from the police.

10.     Accordingly, service of process in a manner consistent with Kuwaiti law has been made on both Mohinder Singh Sahni and Joginder Singh Sahni.

11.     Service of process has also been attempted on Defendant Sabharwal Chandra Kumar, but this service has been unsuccessful. The Ministry of Justice process server has informed me that Mr. Kumar cannot be located.

12.     I conducted research on Mr. Kumar's address in Kuwait and have obtained a copy of a judgment in a criminal action against Mr. Kumar, a copy of which is attached hereto as Ex. C. The judgment indicates that Mr. Kumar, prior to the issuance of the criminal court judgment had fled the country and that his whereabouts are presently unknown.

13.     Under the circumstances, it is reasonable to conclude that Mr. Kumar is in hiding and is probably not presently in Kuwait.

I declare under penalty of perjury of the laws of the United States of America that

the foregoing is true and correct.

Dated: Kuwait, Kuwait
      10 August 2006

By: _____
               Ahmed Zakaria Abd El Magied

4

# EXHIBIT "A"



**LEGAL LANGUAGE SERVICES**

An affiliate of ALS International
18 John Street
Suite 300
New York, NY 10038

Telephone  (212) 766-4111
Toll Free    (800) 788-0450
Telefax      (212) 349-0964
www.legallanguage.com

August 23, 2006

To whom it may concern:

This is to certify that the attached translation fr    Arabic into English is an accurate representation of the document received by this office. This document is designated as:

## Notice of Filing of Documents
## Automated No.: 61388220

George Alves, Manager of Translation Services of this company, certifies that Rasha Toppozada-Yow, who translated this document, is fluent in Arabic and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

Signature of George Alves

Subscribed and sworn to before me this 23rd day of August 2006

Rosemary B. Diaz
Notary Public, State of New York
No. 01BR6077317
Certificate filed in New York County
Qualified in Kings County
Commission Expires July 8, 2010

Sincerely,

Victor J. Hertz
President & CEO

214

Does not work
## Abdul Hamid Al-Sarraf and Ahmed Al-Ruwaih
**Attorneys and Legal Consultants**

13952/6

| | | | |
|---|---|---|---|
| Automated No.: 61388220 | Advertisement No. | | 013 | 952 |
| Name of Representative: Nasir | Date | Aug. 9 | |
| Date: August / 8 / 2006 | Name of Representative | [Illegible] | |

[Two Stamps indicating payment of Government fees associated with the document]

| State of Kuwait | State of Kuwait | State of Kuwait |
|---|---|---|
| Half Dinar | A00239936 | A00255982 |
| | Half Dinar | Half Dinar |

## Notice of Filing of Documents

On Wednesday, August 9, 2006 A.D. at 1:00 pm

**The Subject**
Notice of Filing of Documents

Based upon the request of Messrs.\ Maersk, Inc. and A.P. Moller-Maersk T\S, at its selected location, the office of attorneys\ Abdul Hamid Mansour Al-Sarraf and Ahmed Abdul Latif Al-Ruwaih – located at the Saleheyyah Commercial Complex – Entrance No. (1) – Third Floor.

I\ Dawoud Sulaiman Hassan, notification representative at the Execution Administration of the Ministry of Justice went to the headquarters of:

[Illegible Stamp]

Mr.\ Joginder Singh Sahni (JOGINDER SINGH SAHNI) and notifies at the Sardar Commercial Corporation located in the Al-Shouyoukh District – Canada Dry Street – across from Al-Malim Company.

Talked with\ [Illegible] Al-Shouyoukh [Illegible]
received a copy of the notice only
and notified him of the following\

## The Subject

On May 3, 2005, the notifying Company filed a complaint, registered as number 5 Civil 4356, before the United States District Court – Southern District of the State of New York against the defendants identified in the complaint included in the attached document file. The party being notified is one of the named defendants. At the conclusion of its complaint, the Company requested issuance of a judgment in its favor ordering the following:

[Illegible Signature]
Agents of the party being notified
Abdul Hamid Al-Sarraf and Ahmed Al-Ruwaih
Attorneys
[Illegible Signature]

1- Obligation of the Defendant to pay the Company a sum in the amount of US$ 8,235,712 as well as interest, expenses and attorneys' fees.

2- Issuance of a judgment against the Defendant for a sum in the amount of US$ 24,707,136, which represents three times the losses and compensation mentioned above, consistent with the law applicable to organizations involved in smuggling and corruption activities, and requiring them to pay attorneys' fees, expenses and interest.

3- Any other compensation the Court believes is owed by the Defendant.

I:\Gama\2006\gs106-6.doc

| Execution Administration of the Capital | Notification Department |
|---|---|
| Insistence due to Requester's Responsibility | |
| I\ Mustafa [Illegible] on behalf of the Maersk, Inc. Company   request that notification be made | [Circle] |
| to the one named\ Mohinder Singh Sahni | for use by the notified party |
| At the following address:  Al-Shouyoukh – Canada Dry Street – In front of Al-Malim – Sarwar Corporation | |
| In the event of denial and refusal of receipt, he shall be informed that he will face the district police department at my responsibility | |
| | Signature of the notification requester and his title |
| | [Signature] Mustafa [Illegible] |
| | [Illegible] |
| | [Illegible Signature] |
| [Illegible] | |

**Abdul Hamid Al-Sarraf and Ahmed Al-Ruwaih**

Attorneys and Legal Consultants

The Plaintiff filed the forgoing complaint based on the Defendant's maritime shipping practices and the losses and compensation that are owed to the Plaintiff as a result of the Defendant's actions as detailed in the filed complaint.

The notifying company will follow this notice with originals of the documents identified below upon their certification by the appropriate authorities, as well as a certified an Arabic translation of said documents.

1- A summons to appear in regards to the ʌ .fied complaint issued by the United States District Court, Southern uit for the State of New York.

2- The complaint filed by Messrs.\ Virgil Hogan and Mahar Al in their capacity as the notifying company's representatives.

For that purpose, the notifying company warns the party being notified of the importance of responding to the attached complaint within 20 days of the date on which it is notified in accordance with the summons order issued by the Court. Otherwise, the Court will be compelled, upon expiration of the specified time, to issue an order in absentia against the party being notified and requiring it to pay the demanded compensation.

## Based on the foregoing

I, the aforementioned notification representative went on the date specified above to the location of the party being notified and provided him with a copy of the notice for his information of the content and a certified Arabic translation of its contents, and instructed him to carry out the instructions set forth therein. In the event the party being notified refuses to accept receipt of the documents, I shall deposit them at the Execution Administration – Deposit Department.

**And for information,**

[Illegible Signature]
[Stamp]
Head of Notification Department

The Recipient                   The Representative
[Illegible Signature]           [Illegible Signature]

I:\Gama\2006\gs106-6.doc

P.O. Box 1448 Al-Safah – Kuwait – Telex: 23502 Kuwait – Telephone 2418944 \ 2418931 \ 2411635 \ 2411576

Wednesday August 9, 2006          10:00
[Illegible]

Dawood Sulaiman
Mohinder Singh Sahni
Al-Shouyoukh – Cana Dry Street – Across from Boori next to the American [Illegible]
[Illegible] \ the employee at the building indicated that there is no one at this address
to deliver the notice, notification will be made through [Illegible].

                                                              [Illegible Signature]

Notification sent by registered mail on August 9, 2006

| Execution Administration of the Capital | Notification Department |
|---|---|
| Record of Location Visit and Proof of Notification Status | |
| Notified on Tuesday dated August / 8 / 2006 at      o'clock          am | [Circle] |
| | For use by the notified party |
| Based on the request of\                                    the requesting party | 10:00 am |
| Name\ | |
| Notification by\ Nasr Hussein    Notification Employee          the Capital | |
| Notification made to\ Mohinder Singh Sahni | |

Residing at:  Al-Shouyoukh – Canada Dry Street – Across from Boori – next to the American [Illegible] – [Illegible] Commercial
                                                                                                            Corporation

[Illegible] Talked with an employee at the location who attested that there was no one at this address
[Illegible] the document without notifying the [Illegible] at the address

                                              Signature of the person requesting the notification
                                                                          [Illegible Signature]

عبدالحميد الصراف وأحمد الرويح

للمحاماة والاستشارات القانونية

State of Kuwait

إنذار عرض مستندات

**الرقم الآني:** ٢٢...

**اسم المنشود:**

**التاريخ:**

**الموضوع**

إنذار عرض
مستندات

إنه في يوم ‏ ‏/‏ ‏ الموافق ‏/‏٨‏/‏٢٠٠٦م ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏

بناءً على طلب السادة/ شركة ميرسك انك واية بي مولر · مايرسك تـي/أس، ومحلهـا
المختار مكتب المحاميين/ عبدالحميد منصور الصراف و · عبداللطيف الرويح – الكـائن
بمجمع الصالحية التجاري – مدخل رقم (١) – الدور الثالث.

أنا/ ‏ ‏ ‏ ‏ ‏ ‏ ‏ مندوب الإعلان بإدارة التنفيذ بوزارة العدل قد انتقلت إلى حيث
مقر :

السيد/ مهندر سنغ ساهني ويعلن بشركة المثنى التجارية ذ.م.م الشويخ – شارع كندا دراي
مقابل بودي – بجوار البيت الأمريكي.

مخاطباً مع/ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏
وأنذرته بالآتـ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏ ‏

**الموضوع**

وكيلا المنذرة
عبدالحميد الصراف
وأحمد الرويح
المحاميان

في تاريخ ٢٠٠٥/٥/٣ تقدمت الشركة المنذرة بشكوى أمام محكمة مقاطعة الولايات المتحـدة
الأمريكية – الدائرة الجنوبية لولاية نيويورك ضد المدعى عليهم الواردة أسماؤهم بالشـكوى
المرفقة بحافظة مستنداتها، ومن بينهم المنذر إليه، قُيدت برقم ٥ مدني ٤٣٥٦، طلبـت فـي
ختامها الحكم لها بالآتي:

١–   إلزام المدعى عليهم بأن يؤدوا لها مبلـغ –/٨,٢٣٥,٧١٢ دولار أمريكـي والفوائـد
والنفقات وأتعاب المحاماة.

٢–   الحكم عليهم بمبلغ–/٢٤,٧٠٧,١٣٦ دولار أمريكي، والـذي يمثـل ثلاثـة أضـعاف
الخسائر والتعويضات المذكورة أعلاه، عملاً بالقانون الخاص بالمؤسسات التي تمـارس
أعمال التهريب والفساد، وإلزامهم أتعاب المحاماة والنفقات والفوائد.

٣–   أية تعويضات أخرى قد تراها المحكمة في حق المدعى عليهم.

I:\Gamal\2006\gs106-6.doc

صندوق البريد ١٤٤٨ الصفاة –الكويت –تلكس ٢٣٥٠٢ كويت –هاتف : ٢٤١١٥٧٦ / ٢٤١١٦٣٥ / ٢٤١٨٩٣١ / ٢٤١٨٩٤٤ / ٢٤١٨٩٤٤

قسم الإعلانات                            رة تنفيذ العاصمة

إصرار على مسؤولية الطالب
ااا/ مستيح بولي بأنا به بمسبته تؤمني إعلا دل بالصلي إلة
موا حيفيز سبتي ما هن
سوان التالي ١٠ استي ميض بجسد لمعدل بن بي بلي يو
حالة الإنكار ورفض الاستلام يتم إعلانه في مواجهة متخر السلطة على مسؤوليتي
توقيع طالب الإعلان وصفته

عبد الحميد الصراف وأحمد الرويح

للمحاماة والاستشارات القانونية

وقد أقامت المدعية الدعوى الماثلة بالاستناد إلى التعاملات الخاصة بعمليات الشحن البحـري المرتبطة بالمدعى عليهم والخسائر والتعويضات التي لحقت بالمدعية من جراء أفعال المدعى عليهم على النحو الوارد تفصيلاً في الشكوى المقدمة.

وترفق الشركة المنذرة طي هذا الإنذار أصول المستندات التي ذكرها بعـد توثيقهـا مـن الجهات المعنية ، مع ترجمة عربية معتمدة لها.

١–   طلب استدعاء في الدعوى المعنية صادر من محكمة مقاطعة الولايات المتحدة الدائرة الجنوبية من ولاية نيويورك .

٢–   الشكوى المقدمة من السادة/ فريجيل هوغان وماهار أل أل تي بصفتهم وكــلاء مـن الشركة المنذرة:

وفي هذا الشأن تنبه المنذرة على المنذر إليه بضرورة الرد على الشكوى المرفقة خلال ٢٠ يوماً من تاريخ إخطارها به وفقاً لطلب الاستدعاء الصادر عـن المحكمـة، وإلا ستضـطر المحكمة بعد انقضاء الأجل المعني بإصدار حكم غيابي بحـق المنـذر إليـه بـأن يـؤدي التعويضات المطالب بها.

بناءً عليه

أنا مندوب الإعلان سالف الذكر قد انتقلت في التاريخ المبين أعلاه إلى حيث مقر المنذر إليه وسلمته صورة عن هذا الإنذار للعلم بما جاء فيه ولنفاذ مفعوله قانوناً فـي حقـه، ولتسـليمه أصول المستندات الموثقة الوارد ذكرها في هذا الإنذار وترجمتها إلى العربية ترجمة معتمدة، ونبهت عليه تنفيذ التعليمات الواردة بها ، وفي حال رفض المنذر إليـه اسـتلام المسـتندات فسوف يتم إيداعها بإدارة التنفيذ – قسم الإيداعات .

ولأجـــــل العلـــــم :



I:\Gamal\2006\gs106-6.doc

صندوق البريد ١٤٤٨ الصفاة ـ الكويت ـ تلكس : ٢٣٥٠٢ كويت ـ هاتف : ٢٤١١٥٧٦ / ٢٤١١٦٣٥ / ٢٤١١٨٩٣١ / ٢٤١٨٩٤٤ / ٢٤١٨٩٤٤

قسم الإعلانات

# EXHIBIT "B"

 **LEGAL LANGUAGE SERVICES**

An affiliate of ALS International
18 John Street
Suite 300
New York, NY 10038

Telephone (212) 766-4111
Toll Free (800) 788-0450
Telefax (212) 349-0964
www.legallanguage.com

August 23, 2006

To whom it may concern:

This is to certify that the attached translation from Arabic into English is an accurate representation of the document received by this office. This document is designated as:

### Notice of Filing of Documents
### Automated No.: 13951

George Alves, Manager of Translation Services of this company, certifies that Rasha Toppozada-Yow, who translated this document, is fluent in Arabic and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

_____
Signature of George Alves

Subscribed and sworn to before me this 23rd day of August 2006

_____
Rosemary B. Diaz
Notary Public, State of New York
No. 01BR6077317
Certificate filed in New York County
Qualified in Kings County
Commission Expires July 8, 2010

Sincerely,

Victor J. Hertz
President & CEO

214

Does not work

**Abdul Hamid Al-Sarraf and Ahmed Al-Ruwaih**

Attorneys and Legal Consultants

61387910
| | |
|---|---|
| Automated No.: 13951 | |
| Name of Representative: Nasir | |
| Date:  August 8, 2006 | |

| Advertisement No. | 060 | 013 | 951 |
|---|---|---|---|
| Date | Aug. 9 | | |
| Name of Representative | [Illegible] | | |

[Two Stamps indicating payment of Government fees
associated with the document]

| State of Kuwait | State of Kuwait | State of Kuwait |
|---|---|---|
| Half Dinar | A00239937 | A00406473 |
| | Half Dinar | Half Dinar |

## Notice of Filing of Documents

On Wednesday, August 9, 2006 A.D. at 1:00 pm

Based upon the request of Messrs.\ Maersk, Inc. and A.P. Moller-Maersk T\S, at its
selected location, the office of attorneys\ Abdul Hamid Mansour Al-Sarraf and
Ahmed Abdul Latif Al-Ruwaih – located at the Saleheyyah Commercial Complex –
Entrance No. (1) – Third Floor.

I\ Dawoud Sulaiman Hassan, notification representative at the Execution
Administration of the Ministry of Justice went to the
headquarters of:

> [Illegible Stamp]

Mr.\ Joginder Singh Sahni (JOGINDER SINGH SAHNI) and notifies at the Sardar
Commercial Corporation located in the Al-Shouyoukh District – Canada Dry Street
– across from Al-Malim Company.
Talked with\ [Illegible] Al-Shouyoukh [Illegible]
            received a copy of the notice only
and notified him of the following\

## The Subject

On May 3, 2005, the notifying Company filed a complaint, registered as number 5
Civil 4356, before the United States District Court – Southern District of the State
of New York against the defendants identified in the complaint in the
attached document file.  The party being notified is one of the named defendants.
At the conclusion of its complaint, the Company requested issuance of a judgment
in its favor ordering the following:

1- Obligation of the Defendant to pay the Company a sum in the amount of
    US$ 8,235,712 as well as interest, expenses and attorneys' fees.

2- Issuance of a judgment against the Defendant for a sum in the amount of
    US$ 24,707,136, which represents three times the losses and compensation
    mentioned above, consistent with the law applicable to organizations
    involved in smuggling and corruption activities, and requiring them to pay
    attorneys' fees, expenses and interest.

3- Any other compensation the Court believes is owed by the Defendant.

---

_The Subject_
Notice of Filing of
Documents

Agents of the party being
notified
Abdul Hamid Al-Sarraf
and Ahmed Al-Ruwaih
Attorneys
[Illegible Signature]

I:\Gama\2006\gs106-6.doc

| Execution Administration of the Capital | Notification Department |
|---|---|
| Insistence due to Requester's Responsibility | |
| I\ Mustafa [Illegible] on behalf of the Maersk, Inc. Company   request that notification be made | [Circle] |
| to the one named\  Joginder Singh Sahni | specific to the notified party |
| At the following address:  Al-Shouyoukh – Canada Dry Street – In front of Al-Malim – Sarwar Commercial Corporation | |
| In the event of denial and refusal of receipt, he shall be informed that he will face the district police department at my responsibility | |
| | Signature of the notification requester and his title |
| | [Signature] Mustafa [Illegible] |
| | [Illegible] |
| | [Illegible Signature] |

[legible]

**Abdul Hamid Al-Sarraf and Ahmed Al-Ruwaih**
Attorneys and Legal Consultants

The Plaintiff filed the forgoing complaint based on the Defendant's maritime shipping practices and the losses and compensation that are owed to the Plaintiff as a result of the Defendant's actions as detailed in the filed complaint.

The notifying company will follow this notice with originals of the documents identified below upon their certification by the appropriate authorities, as well as a certified an Arabic translation of said documents.

1- A summons to appear in regards to the specified complaint issued by the United States District Court, Southern Circuit for the State of New York.

2- The complaint filed by Messrs.\ Virgil Hogan and Mahar Al in their capacity as the notifying company's representatives.

For that purpose, the notifying company warns the party being notified of the importance of responding to the attached complaint within 20 days of the date on which it is notified in accordance with the summons order issued by the Court. Otherwise, the Court will be compelled, upon expiration of the specified time, to issue an order in absentia against the party being notified and requiring it to pay the demanded compensation.

### Based on the foregoing

I, the aforementioned notification representative went on the date specified above to the location of the party being notified and provided him with a copy of the notice for his information of the content and a certified Arabic translation of its contents, and instructed him to carry out the instructions set forth therein. In the event the party being notified refuses to accept receipt of the documents, I shall deposit them at the Execution Administration – Deposit Department.

**And for information,**

[Illegible Signature]
[Stamp]
Head of Notification Department

The Recipient                        The Representative
[Illegible Signature]            [Illegible Signature]

I:\Gama\2006\gs106-6.doc

P.O. Box 1448 Al-Safah – Kuwait – Telex: 23502 Kuwait – Telephone 2418944 \ 2418931 \ 2411635 \ 2411576

Wednesday August 9, 2006          10:00
[Illegible]

Dawood Sulaiman
Joginder Singh Sahni
Al-Shouyoukh – Cana Dry Street – Across from Al-Malim Company – Sarwar Commercial
Corporation
[Illegible] \ the employee at the building indicated that there is no one at this address
to deliver the notice, notification will be made through [Illegible].

[Illegible Signature]

Notification sent by registered mail on August 9, 2006

| Execution Administration of the Capital | | Notification Department |
|---|---|---|
| Record of Location Visit and Proof of Notification Status | | |
| Notified on Tuesday dated August 8, 2006 at      o'clock      am | | [Circle] |
| | | For use by the notified party |
| Based on the request of\ | the requesting party | 10:00 am |
| Name\ | | |
| Notification by\ Nasr Hussein    Notification Employee        the Capital | | |
| Notification made to\ Joginder Singh Sahni | | |
| Residing at:  Al-Shouyoukh – Canada Dry Street – Across from Al-Malim – Sarwar Commercial Corporation | | |
| [Illegible] Talked with an employee at the location who stated that there was no one at this address | | |
| [Illegible] | | |
| | | Signature of the person requesting the notification |
| | | [Illegible Signature] |

عبدالحميد الصراف وأحمد الرويح

للمحاماة والاستشارات القانونية

State of Kuwait   State of Kuwait
دولة الكويت

A00405473   A00230937
Half Dinar   Half Dinar
نصف دينار

**إنذار عرض مستندات**

إنه في يوم .... الموافق ٢٠٠٦/٨/٩م

بناءً على طلب السادة/ شركة "ميرسك انك وأيه بي مولر - مايرسك تـي/اس، ومحلهـا
المختار مكتب المحاميين/ عبدالحميد منصور الصراف و – عبداللطيف الرويح – الكـائن
بمجمع الصالحية التجاري – مدخل رقم (١) – الدور الثالث.

أنا/ دلور سيحي مرجي .... مندوب الإعلان بإدارة التنفيذ بوزارة العدل قد انتقلت إلى حيـث
مقر : .... هناك .....

السيد/ جوجندر سينغ ساهني (JOGINDER SINGH SAHNI) ويعلن بمؤسسة سـاردار
للتجارة الكائنة بمنطقة الشويخ – شارع كندا دراي – مقابل شركة الميلم.

مخاطباً مع/ ....

وأنذرته بالآتي ....

**الموضوع**

**الموضوع**

إنذار عرض
مستندات

في تاريخ ٢٠٠٥/٥/٣ تقدمت الشركة المنذرة بشكوى أمام محكمة مقاطعة الولايات المتحـدة
الأمريكية – الدائرة الجنوبية لولاية نيويورك ضد المدعى عليهم الواردة أسماؤهم بالشـكوى
المرفقة بحافظة مستنداتنا، ومن بينهم المنذر إليه، قُيدت برقم ٥ مدني ٤٣٥٦، طلبـت فـي
ختامها الحكم لها بالآتي:

وكيلا المنذرة
عبدالحميد الصراف
وأحمد الرويح
المحاميان

١-   إلزام المدعى عليهم بأن يؤدوا لها مبلـغ -/٨,٢٣٥,٧١٢ دولار أمريكـي والفوائـد
      والنفقات وأتعاب المحاماة.

٢-   الحكم عليهم بمبلغ-/٢٤,٧٠٧,١٣٦ دولار أمريكي، والـذي يمثـل ثلاثـة أضعـاف
      الخسائر والتعويضات المذكورة أعلاه، عملاً بالقانون الخاص بالمؤسسات التي تمارس
      أعمال التهريب والفساد، وإلزامهم أتعاب المحاماة والنفقات والفوائد.

٣-   أية تعويضات أخرى قد تراها المحكمة في حق المدعى عليهم.



**عبدالحميد الصراف وأحمد الرويح**

للمحاماة والاستشارات القانونية

وقد أقامت المدعية الدعوى الماثلة بالاستناد إلى التعاملات الخاصة بعمليات الشحن البحــري المرتبطة بالمدعى عليهم والخسائر والتعويضات التي لحقت بالمدعية من جراء أفعال المدعى عليهم على النحو الوارد تفصيلاً في الشكوى المقدمة.

وترفق الشركة المنذرة طي هذا الإنذار أصول المستندات ـ ي ذكرها بعــد توثيقهــا مــن الجهات المعنية ، مع ترجمة عربية معتمدة لها.

١-   طلب استدعاء في الدعوى المعنية صادر من محكمة مقاطعة الولايات المتحدة الدائرة الجنوبية من ولاية نيويورك .

٢-   الشكوى المقدمة من السادة/ فريجيل هوغان وماهار أل الآ تي بصفتهم وكـــلاء مــن الشركة المنذرة.

وفي هذا الشأن تنبه المنذرة على المنذر إليه بضرورة الرد على الشكوى المرفقة خلال ٢٠ يوماً من تاريخ إخطارها به وفقاً لطلب الاستدعاء الصادر عــن المحكمــة، وإلا ستضــطر المحكمة بعد انقضاء الأجل المعني بإصدار حكم غيابي بحــق المنــذر إليــه بــأن يــؤدي التعويضات المطالب بها.

**بناءً عليه**

أنا مندوب الإعلان سالف الذكر قد انتقلت في التاريخ المبين أعلاه إلى حيث مقر المنذر إليه وسلمته صورة عن هذا الإنذار للعلم بما جاء فيه ولنفاذ مفعوله قانوناً فــي حقــه، ولتســليمه أصول المستندات الموثقة الوارد ذكرها في هذا الإنذار وترجمتها إلى العربية ترجمة معتمدة، ونبهت عليه تنفيذ التعليمات الواردة بها ، وفي حال رفض المنذر إليــه اســتلام المســتندات فسوف يتم إيداعها بإدارة التنفيذ – قسم الإيداعات .

ولأجــــل الطـــــــــم .



صندوق البريد ١٤٤٨ الصفاة ـ الكويت ـ تلكس : ٢٣٥٠٢ كويت ـ هاتف : ٢٤١١٥٧٦ / ٢٤١١٦٣٥ / ٢٤١٨٩٣١ / ٢٤١٨٩٤٤

# EXHIBIT "C"



**LEGAL LANGUAGE SERVICES**

An affiliate of ALS International
18 John Street
Suite 300
New York, NY 10038

Telephone  (212) 766-4111
Toll Free    (800) 788-0450
Telefax      (212) 349-0964
www.legallanguage.com

August 23, 2006

To whom it may concern: 

This is to certify that the attached translation from Arabic into English is an accurate representation of the document received by this office. This document designated as:

## Case No: 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq Against: Sabharwal Chandra Kumar

George Alves, Manager of Translation Services of this company, certifies that Rasha Toppozada-Yow, who translated this document, is fluent in Arabic and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

Signature of George Alves

Subscribed and sworn to before me this 23rd  day of August 2006

Rosemary B. Diaz
Notary Public, State of New York
No.  01BR6077317
Certificate filed in New York County
Qualified in Kings County
Commission Expires July 8, 2010

Sincerely,

Victor J. Hertz
President & CEO

In the Name of Allah, Most Gracious, Most Merciful                    Form 169/3

In the Name of His Royal Highness Prince of the State of Kuwait

Sheikh Jabir Al-Ahmed Al-Sabah

| [Emblem]<br>Ministry of Justice<br>Court of First Instance | Court of First Instance<br><br>Criminal Proceeding | |
|---|---|---|

During the public hearing held at the Court of First Instance on September 22, 2003

Headed by Judge:                      Abdul R.      an Al-Darmi              Circuit President

And presided over by Messrs:   Hamdi Al-Shenoufi – Ahmed Fayed      Judges

And attendance of Mr.:            Muhammed Khamis                  Court Services Officer

(The following judgment was issued)

In Case No:  1169/2002 Criminal Proceeding – 164/2002 Al-Sharq.

Filed By:      Public Prosecution.

Against:      Sabharwal Chandra Kumar.

(The Reasons)

After hearing the arguments and review of the documents and cross examination,

The Public Prosecution alleges that the Defendant:

1) Participated through conspiracy and assistance with another unknown person

   "employed at the Kuwait Finance House" in stealing the collection documents sent to

   the Manakh Al-Khaleej General Commerce and Contracting Company.  The

   Company was explicitly named in those documents which were in the possession of

   the aforementioned House.  The State of Kuwait contributes more than (25%) of the

   aforementioned House's financial capital.  The Defendant conspired with the

   unknown person to commit this crime and provided him with information about these

   documents.  The unknown individual provided

[Illegible Signature]

(2)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

the Defendant with the documents. The crime therefore took place based on that

conspiracy and assistance as set forth in the investigations.

2) Participated through conspiracy with another unknown person "employed at the

Kuwait Finance House" in f⌐⤸ ⁀ting the robbery of two and a half million US

dollars from the Kuwait Finan⌐ House. The State of Kuwait contributes more than

(25%) of the aforementioned House's financial capital. The Defendant conspired

with the unknown person to steal the documents set forth in the first allegation to

oblige the aforementioned House to pay the amount to the American ABN Ambro

Bank. The Defendant helped the unknown person by providing him with information

about these documents. The unknown person provided the Defendant with the

documents. Therefore, this crime was perpetrated based upon the conspiracy and

assistance as set forth in the investigations. Further, this crime is inseparable from

the crime of forgery which is the subject of the following allegation: The Defendant

falsified one of the banks' documents so as to purport it to be a true photocopy of the

original Bill of Lading belonging to the Manakh Al-Khaleej General Commerce and

Contracting Company. He did so by falsely attributing it to the aforementioned

House, and stamping it with two seals that are an imitation of its true seal. The

Defendant provided the falsified document to a UAE Airlines employee who, in good

faith, and relying on the falsified document, provided the Defendant with the original

Bill of Lading. The falsified document was used in this manner and in the manner set

forth in the investigations.

3) Falsified an official document with the intent of using it to purport that it is a true

copy of the original "Signature Certification" belonging to the Manakh Al-Khaleej

General Commerce and Contracting Company.        [Illegible Signature]

(3)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding -- 164/2002 Al-Sharq

The Defendant falsified the document by altering the Kuwait Chamber of Commerce and Industry certification information and the General Customs Administration registration information appearing in the document. The Defendant also signed the document. Moreover, he de???? the original certification by the aforementioned Chamber and replaced it with ? ???lse certification and date making it appear to be in effect. Further, he deleted the information appearing in the General Customs Administration registration section and replaced it with false customs registration information and a false date which would allow acceptance of the documents. The Defendant also forged the signature on the document and attributed it to the aforementioned Company's authorized signatory. He presented a copy of the falsified document to the General Customs Administration abusing the good faith of the employee charged with signing and reviewing it. The employee accepted the documents and certified them thereby allowing release of the merchandise and its receipt without the knowledge of the aforementioned Company. The falsified document was used in this manner.

4) Falsified an official document with the intent of using it to purport that it a true copy of the "Import License" for the Manakh Al-Khaleej General Commerce and Contracting Company which expires on March 5, 2001. He deleted the commencement and expiration dates from the original document and added two false dates in order to make the document appear to be in effect. He provided a photocopy of the forgery to the well intentioned assigned employee at the General Customs Administration who relied on it and certified it. The falsified document was used in this manner.

[Illegible Signature]

(4)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

5) Falsified formal documents in order to purport that they are identical to the original

collection documents issued to the Kuwait Finance House, namely "the Bill,

Shipment List, and Certificate of Origin." He had them issued on false pretenses and

sent to the Kuwait Finance House through the American ABN Ambro Bank. The

falsified documents were used this manner.

6) Falsified a formal document in order to suggest that it is consistent with the original

"Statement of Address" for the aforementioned Company. He used it to falsely prove

that it was issued by said company about the Bill of Lading that he received from a

UAE Airlines employee as stated in the fourth allegation. He also forged the

signature on that document and falsely attributed it to the authorized signatory of said

Company. The falsified document was used in this manner.

The Public Prosecution requested that he be penalized in accordance with the express

language set forth in Articles (45, 46, 48/ Second – Third, 52/1 N 257, 258, 259/1) of the Penalty

Law and Articles (2/G, 3, 9, 10, 16 of Law Number 31/1971) amending some of the rules of the

Commercial Law.

The Court finds that the incident, as set forth in all the documents and investigations that

took place, is encapsulated in the reports and conclusions of the investigation of Muhammed

Ragheb Hafiz, Legal Researcher with the Kuwait Finance House. Specifically, on February 174

[sic], 2002, Manakh Al-Khaleej General Commerce and Contracting Company "collection

documents,"

[Illegible Signature]

(5)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

worth two and a half million US dollars, were sent to the Kuwait Finance House from the

National ABN Ambro Bank in the United States of America. The documents pertained to

merchandise sent to the Company from abroad under Bill of Lading number 128036, Manifest

number 1710. The House's Department of Certification Documents received said documents.

Further, Muhammed Shafa't Muhammadai an employee with the aforementioned House, was

charged with starting a file for the documents, guarding said file until such time as a Company

representative came forward to collect it, and paying the aforementioned sum. However, on

March 12, 2002, the disappearance of the documents was discovered. Inquiries were made with

"UAE Airlines," the entity transporting the documents. The inquiries revealed that a person of

Indian citizenship presented the Airline with a copy of the Bill containing a certification

attributed to the Finance House. The Customs General Administration reviewed the matter

pertaining to this Bill and indicated that finishing procedures were conducted for this

merchandise and it was released by Customs. It also became evident that the merchandise

documents differed from the ones sent through the American bank. Further, that Customs

assessed customs fees based on a [merchandise] value of seven thousand US dollars as set forth in

the invoice, and not a value of two and a half million US dollars as set forth in the invoice sent to

the House. This confirmed that there is a criminal conspiracy with the purpose of obligating the

Finance House to pay the latter amount in return for its loss of the collection documents.

Moreover, that the negligence of the employee assigned with guarding these documents led to

their theft by some individual and that the certification on the Bill of Lading is a forgery.

Criminal investigator inquiries indicated that the Defendant is the one who committed the act. He

did so by falsifying old documents in his possession, specifically the Manakh Al-Khaleej General

Commerce and Contracting Company license documents, after he obtained the shipment

documents from     [Illegible Signature]

(6)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

Finance House employee. The Defendant left the country following discovery of the loss of the documents held by the Kuwait Finance House.

The case documents provide ample evidence to support the accuracy of the aforementioned incident and its attribution the Defendant. Specifically, the testimony of Muhammed Ragheb Hafiz Abbas, Ra'd Ab  Raziq Abullah Al-Sayaj, Emad Ya'qub Sa'ad Allah, Khalid Fahmi Abdul Samad Abdul Hamid and Marwa Fadil Abdul Karim Hajeyyah Dishti, as well as the contents of the General Administration for Criminal Evidence's report.

Muhammed Ragheb Hafiz - Legal Researcher with the Kuwait Finance House – testified to what was previously stated.

The testimony of Ra'd Abdul Raziq Abullah Al-Sayaj, Vice President of Certification with the Kuwait Finance House, also corroborated the testimony given by the previous witness.

Emad Ya'qub Sa'ad Allah – Officer with Al-Sharq Police Department – testified that his investigations confirmed what was testified to by the first and second witnesses. Further, that the Manakh Al-Khaleej General Commerce and Contracting Company granted, with the knowledge of its owner Fadil Abdul Karim Dishti, a license to an Indian citizen by the name of Winsla Wofistti Perera for purposes of importation from abroad. That person left the country on May 2, 2001. The Defendant Sabharwal Chandra Kumar was the one using this license and continued to hold onto the license documents after Winila [sic] left the country. The Defendant attempted to obtain current documents from Fadil Dishti in order to perpetrate the incident. However, he was not able to obtain them and therefore resorted to forging the old documents he already had in his possession. These documents are the Signature Certification,

[Illegible Signature]

(7)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

the Statement of Address, and the Import License. He used these falsified documents to release

merchandise from customs. This was accomplished after his theft of the collection documents,

with the assistance of the unknown employee at the Kuwait Finance House, and his falsification

of the certification of the Finance House on the Bill of Lading so as to receive the original

document from the UAE Airlines. The Defendant left the country as soon as he found out that

the loss of documents had been discovered on March 13, 2002.

Khalid Fahmi Abdul Samad Abdul Hamid, Legal Researcher for the Kuwait Chamber of

Commerce and Industry, testified that he did not find the original Signature Certification

document registered to the Manakh Al-Khaleej General Commerce and Contracting Company as

number 61670. He added that the aforementioned Company did not do business on the date

identified on the document, namely January 20, 2001, and that the certification affixed to the

document is a fraud upon the Chamber.

Fadil Abdul Karim Hajeyyah Dishti also made statements during the Public Prosecution

investigations in which he corroborated the testimony of the aforementioned investigation bureau

officer. He added that the Defendant had tried to rent a license from him before the incident but

that did not take place. This confirms that the Defendant falsified the Company documents he

possessed in order to enable him to steal Finance House funds.

Travel outlet logs indicated that the Defendant left the country the day after discovery of

the loss of the collection documents held by the Finance House, specifically March 13, 2002.

The Criminal Evidence Report indicated it was impossible to compare the signature and

the stamped seals affixed to the back of the Bill of Lading photocopy. Further, that the signature

[Illegible Signature]

(8)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

on the photocopy of the Signature Certification document differs from the signature of Fadil

Karim Dishti. That is also true for the Statement of Address document. In addition, the signature

appearing on the certification affixed to the photocopy of the Signature Certification document

differs from the original.

The Court overseeing the issue mu    urmise from the witness statements and issues

before it, based on its own conviction, a true picture of the incident addressed in the petition.

Further, if it is not convinced, the Court may provide an alternative picture so long as its

deduction is supported by reasonable and logical evidence.

(Appeal 335/94 Sentencing Hearing December 16, 96)

It is decided that it is not necessary for the judgment to speak directly and independently

about the availability of the conditions for a Cassation crime.

(Appeal Before the Court of Cassation 171/94 Sentencing Hearing January 9, 95)

The crime of forgery of one of the banks' documents, considered formal documents, is

perpetrated when the offender falsifies these documents using bribery and ways set forth in the

law. Falsification of documents with the intent of using them to commit harm is a crime

regardless of whether or not actual harm occurs. In fact, the probability of causing harm at the

time of falsification is sufficient and no consideration should be given to what happens after.

Further, it is not necessary for a judgment to specifically address the harm in order for the

conviction to be upheld. Instead, it is sufficient that the harm be surmised from the general

language of the judgment.

[Illegible Signature]

(9)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

(Appeal 152/94 Sentencing Hearing January 16, 95)

It is also decided in Cassation jurisprudence that the crime of forgery is committed when an official document is falsified in one of the ways set forth in the law, the falsification is committed with the intent to generate the belief that the document is consistent with the truth, and the falsification is done with the intent to use the falsified document for the purpose for which it was falsified. Under those circumstances, the crime of forgery is committed regardless of the motive for falsification, and even if no harm befalls the intended person. This is because falsification guarantees harm to the public interest. Specifically, tampering with official documents reduces the value, usability and trustworthiness in the public's eye of said documents which must by law; be believable and reliable.

(Appeal 416/95 Sentencing Hearing June 3, 96)

The Court is satisfied with the evidence presented in support of the aforementioned. It concludes that the crimes attributed to the Defendant in the conviction decision have met the requirements of the law and are supported by sufficient evidence to uphold the Defendant's conviction. For this reason, it is decided to penalize the Defendant in accordance with the Accusation Articles and in accordance with the requirements of Article 172 of the Penalty Procedure Law.

The crimes attributed to the Defendant were carried out for a single criminal purpose, were perpetrated through a single criminal plot, and were attached in an inseparable manner. For this reason, the Court orders punishment for the most severe crime in accordance with the requirements of Article 84 of the Penalty Law.

[Illegible Signature]

(10)

Continuation of the judgment issued in case number 1169/2002 Criminal Proceeding – 164/2002 Al-Sharq

Since the Defendant is not a Kuwaiti citizen, the Court orders that he be deported upon completion of the sentence prescribed by Article 79/1 Penalty.

(For these reasons)

The Court rules in absentia:  The Defenc~ ; to be incarcerated for a period of five years effective immediately and is to be deported  ·om the country upon completion of his prescribed sentence.

Court Services Officer               M\ Circuit President

[Illegible Signature]               [Illegible Signature]

Emad Khatir

نموذج ١٦٩/٣

بسم الله الرحمن الرحيم

باسم صاحب السمو أمير دولة الكويت

الشيخ جابر الأحمد الصباح

المحكمـــــــة الكليـــــــــــة

جنايات



بالجلسة المنعقدة علناً بالمحكمة الكلية في يوم ٢٠٠٣/٩/٢٢

برئاسة الأستاذ المستشار: عبدالرحمن الدارمـــــــــي        رئيس الدائـــــــــرة

وعضوية الأستاذيـــن: حمدي الشنوفي ــ أحمد فياض          القاضييـــــــــن

وحضور السيـــــــد: محمد خميس                          أمين الســـــــــر

﴿صدر الحكم الآتي﴾

في القضية رقـــــــم: ٢٠٠٢/١١٦٩ جنايات ــ ٢٠٠٢/١٦٤ الشرق.

المرفوعة مـــــــــن: النيابة العامـــــــــــــــــــــــــــــــة.

ضـــــــــــــــــد: صبروال شاندرا كومـــــــــــــــار.

﴿الأسبــــاب﴾

بعد سماع المرافعة والإطلاع على الأوراق والمحاولة...

حيث أن النيابة العامة أسندت إلى المتهم أنه:

١) اشترك بطريقي الاتفاق والمساعدة مع آخر مجهول "موظف ببيــت التمويـــل الكويتي" في الاستيلاء على مستندات التحصيل المرسلة إلى شركة مناخ الخليج للتجارة العامة والمقاولات المبينة وصفاً وقيمة بالأوراق والموضوعة تحت يـــد البيت المذكور الذي تساهم فيه الدولة في رأسماله بنسبة تزيد عن(٢٥%) بـــأن اتفق معه على ارتكاب هذه الجريمة وأمده ببيانات هذه المستندات فسلمة ذلـــك

( ٢ )

<u>تابع الحكم الصادر في القضية رقم ٢٠٠٢/١١٦٩ جنايات ـ ١٦٤/٢٠٠٢ الشرق</u>

المجهول إياها فوقعت الجريمة بناء على هذا الاتفاق وتلك المساعدة على النحو

المبين بالتحقيقات.

٢) اشترك بطريق الاتفاق مع آخر مجهول   ظف بيت التمويل الكويتـــي" فـي

تسهيل الاستيلاء على مبلغ مليونين ونصف مليون دولار أمريكي مـــن بيـت

التمويل الكويتي والذي تساهم فيه الدولة في رأسماله على النحو السالف بيانــه

بأن اتفق معه على الاستيلاء على المستندات محل التهمة الأولى لإلزام البيـت

المذكور بدفع ذلك المبلغ لبنك اين امبرؤ الأمريكي وساعده بأن أمده ببيانـــات

تلك المستندات فسلمه إياها وقد تمت هذه الجريمة بناء على هذا الاتفاق وتلــك

المساعدة على النحو المبين بالتحقيقات، وقد ارتبطت هذه الجريمة ارتباطـــا لا

يقبل التجزئة بجناية الاشتراك في التزوير موضوع التهمـــة التاليــة: ارتكــب

تزوير في ورقة من أوراق البنوك على نحو يوهم أنيا مطابقة للحقيقـة هـي

الصورة الضوئية لبوليصة الشحن الخاصة بشركة مناخ الخليج للتجارة العامـة

والمقاولات وذلك بتظهيرها تظهيراً نسب زورا إلـــى البيـت ســالف الذكــر

ببصمها بخاتمين مقلدين لاصل الخاتم الصحيح وقدميا إلى موظـف الخطــوط

الجوية الإماراتية حسن النية فسلمه بناءاً عليها اصل بوليصة الشـــحن وكــان

المحرر بعد تغيير الحقيقة فيه صالحاً لأن يستعمل على هذا النحو وتلك علـــى

النحو المبين بالتحقيقات.

٣) ارتكب تزويراً في محرر رسمي بقصد استعماله على نحو يوهم بأنه مطـابق

للحقيقة هو "اعتماد توقيع" الخاص بشركة مناخ الخليج للتجـــارة والمقـاولات

( ٣ )

تابع الحكم الصادر في القضية رقـم ٢٠٠٢/١١٦٩ جنايات ـ ١٦٤/٢٠٠٢ الشرق

بإدخال تغيير على بيانات التصديق عليه من غرفة تجارة وصناعـــة الكويـت وبيانات تسجيله بالإدارة العامة للجمارك والتوقيع عليه بأن قام بمحـــو أصــل تصادق الغرفة المذكورة ووضع عليه تصديق آخر غير صحيح بتاريخ جعلـــه ساري المفعول، كما قام بمحو البيانات المدونة بخانة تسجيل الورقة فـي الإدارة العامة للجمارك ووضع بيانات أخرى غير صحيحة تفيد تسجيلها لــدى الإدارة المذكورة في تاريخ يسمح بقبولها ونيل الورقة بتوقيع نسب زوراً إلى المفوض بالتوقيع عن الشركة المذكورة وقدم صورة المحرر بعد تزويــره إلـــى الإدارة العامة للجمارك مستغلاً حسن نيــة الموظـف المختـص المكلـف بتوقيعـها ومراجعتها فأعتد بها واعتمدها وتمكن من ذلك من الإخـــراج عـن البضاعـة واستلامها دون علم الشركة سالفة الذكر وكان المحرر بعد تغيير الحقيقة فيـــه صالحاً لأن يستعمل على هذا النحو.

٤) ارتكب تزويراً في محرر رسمي بقصد استعماله على نحو يوهم بأنه مطـــابق للحقيقة هو "ترخيص استيراد" خاص بشركة مناخ الخليـــج للتجـارة الغامضـة والمقاولات المنتهي في ٢٠٠١/٣/٥ بأن مسجي من الأصل تاريخ بدئه وتـاريخ انتهائه وأثبت عليه تاريخين آخرين على خلاف الحقيقـة كـي يبـدو ســاري المفعول وقدم صورته بعد تزويره إلى الموظف المختـــص بـالإدارة العامـة للجمارك حسن النية واعتد به واعتمده وكان المحرر بعد تغيير الحقيقة صالحـاً لأن يستعمل على هذا النحو

( ٤ )

<u>تابع الحكم الصادر في القضية رقم ٢٠٠٢/١١٦٩ جنايات ــ ١٦٤/٢٠٠٢ الشرق</u>

٥) ارتكب تزويرا في محررات عرفية على نحو يوهم بأنها مطابقة للحقيقة هـــي سندات التحصيل التي وردت إلى بيت التمويل الكويتي"الفاتورة وقائمـــة الشـــد وشهادة المنشأ" وذلك بأن اصطنعها على صور الأصلي الصحيح منها وإرسالها إلى بيت التمويل الكويتي عن طريق بنـــك ايـــن امـــبرو الأمريكـــي وكـــانت المحررات بعد تغيير الحقيقة فيها صالحة لأن تستعمل على هذا النحو.

٦) ارتكب تزوير في محرر عرفي على نحو يوهم بأنه مطابق للحقيقة هو "إقرار عنوان" الخاص بالشركة سالفة الذكر بأن اثبت به على غير الحقيقة أنه صـــادر من هذه الشركة عن بوليصة الشحن التي تسلمها من موظف الخطوط الجويـــة الإماراتية على النحو المبين بالتهمة الرابعة وذيله بتوقيــــع نسبه زورا إلـــى المختص بالتوقيع عن هذه الشركة وكان المحرر بعد تغيير الحقيقة فيه صالحـــا لأن يستعمل على هذا النحو.

وطلبت عقابه وفقا لنصوص المواد (٤٨،٤٦،٤٥/ثانيـــا ــ ثالثـــا، ١/٥٢ ان ٢٥٧، ٢٥٨، ١/٢٥٩) من قانون الجزاء والمواد (٢/ج، ١٦،١٠،٩،٣ من القانون رقـــم ٩٣/١) بشأن حماية الأموال العامة والمادة (٤٣/هـ من القانون رقم ١٩٧٠/٣١) بتعديل بعـــض أحكام قانون التجارة.

وحيث أن الواقعة حسبما استقر في يقين المحكمة واطمأن إليه وجدانها مستقاة مـــن سائر أوراقها وما تم فيها من تحقيقات تتحصل فيما أبلغ به وقرر بالتحقيقات محمد راغـــب حافظ الباحث القانوني ببيت التمويل الكويتي من أنه بتاريخ ٢٠٠٢/٢/١٧٤ ورد إلى بيت

( ٥ )

<u>تابع الحكم الصادر في القضية رقــم ٢٠٠٢/١١٦٩ جنايات ــ ٢٠٠٢/١٦٤ الشرق</u>

التمويل الكويتي "مستندات تحصيل" من بنك اين امبرو الدولي بأمريكا قيمتـــها مليونيـــن ونصف دولار أمريكي خاصة بشركة مناخ الخليج للتجارة العامة والمقاولات وذلك عـــن بضاعة مرسلة إليبا من الخارج ببوليصة الشحن رقم ١٢٨٠٣٦ مناقســـت رقـــم ١٧١٠ وقامت إدارة المعتمدات المستندية بالبيت باستلامها وتولى محمد شفاعت محمدين الموظف بالإدارة المذكورة بإنشاء الملف الخاص بها وحفظه حتى يحضر مندوب الشركة لاستلامه ودفع القيمة سالفة الذكر، إلا أنه بتاريخ ٢٠٠٢/٣/١٢ تبين اختفاء تلك المســـتندات فتـــم مراجعة الناقل "شركة الخطوط الجوية الإماراتية" فتبين أن أحد الأشخاص هندي الجنســـية قدم إليها صورة البوليصة وعليها تظهير منسوب صدوره إلى بيت التمويل، وبمراجعـــة الإدارة العامة للجمارك بشأن هذه البوليصة أفادت بأنه تم التخليص على هـــذه البضاعـــة والإفراج عنها جمركياً وتبين أن المستندات الخاصة بهذه البضاعة مختلفة عن المســـتندات التي وردت من البنك الأمريكي وأن الجمارك قدمت الرسوم الجمركية على القيمة الواردة بالفاتورة وقدرها سبعة آلاف دولار أمريكي وليس كما ورد بالفاتورة المرسلة إلى البيـــت وقدرها مليونين ونصف مليون دولار أمريكي وهو ما أكد أنه يوجد اتفاق جنائي للوصـــول إلى إلزام بيت التمويل بدفع المبلغ الأخير نظير فقد مستندات التحصيل فيه وأن الإهمـــال من قبيل الموظف المختص بحفظ تلك المستندات قد أدى إلى استيلاء شخص عليـــها وأن تظهير بوليصة الشحن مزور وعلى بيت التمويل وأن جميع المستندات التي وردت إلـــى بيت التمويل مزورة وقد أسفرت تحريات رجال البحث الجنائي على أن المتهم هو الـــذي ارتكب الواقعة وذلك عن طريق أوراق قديمة كانت معه متعقبة بمستندات رخصة شـــركة مناخ الخليج وأجرى عليها تزويرا بعد حصل على المستندات الخاصة بالشحنة عن طريق

( ٦ )

<u>تابع الحكم الصادر في القضية رقم ١١٦٩/٢٠٠٢ جنايات ـ ١٦٤/٢٠٠٢ الشرق</u>

موظف بيت التمويل وأنه غادر البلاد عقب اكتشاف ضياع المستندات من بيت التمويـــــل الكويتي.

وحيث أن الواقعة على نحو ما سلف بيانه قد ﻧ ، من الأوراق توافر الأدلة علـــى صحتها ونسبتها إلى المتهم وذلك مما شهد به محمد راغب حافظ عباس ورعد عبدالرزاق عبدالله السايج وعماد يعقوب سعد الله وخالد فهمي عبدالصمد عبدالحميد ومـــــروة فـــاضل عبدالكريم حاجية دشتي وما تضمنه تقرير الإدارة العامة للأدلة الجنائية.

فقد شهد محمد راغب حافظ عباس ـ باحث قانوني ببيـــت التمويــــل الكويتــــي ـ بمضمون ما سلف بيانه.

وشهد رعد عبدالرزاق عبدالله السايج نائب مدير الاعتمادات بيت التمويل الكويتـــي بمضمون ما شهد به سابقه.

وشهد عماد يعقوب سعدالله ـ ضابط مخفر شرطة الشرق ـ أن تحرياته أســـفرت على صحة ما شهد به الشاهدين الأول والثاني وأن شركة مناخ الخليج للتجـــــارة العامـــة والمقاولات أجرت بمعرفة صاحبها فضال عبدالكريم دشتي الرخصة إلى هنـــدي يدعــي ونسلا وفيستي بيريرا للاستيراد من الخارج وأن هـــذا الشـــخص غـــادر البـــلاد منـــذ ٢/٥/٢٠٠١ وأن المتهم صبروال شيبردراكومار هو الذي كان يستخدم هذه الرخصة وأنه ظل يحتفظ بمستندات الرخصة بعد مغادرة ونيلا البلاد وأنه حاول الحصول علـــى أوراق سارية المفعول من فاضل دشتي لي يتمكن من ارتكاب الواقعة إلا أنه لم يحصـــــل عليـــها الأمر الذي لجأ معه إلى تزوير الأوراق القديمة التي كانت معه وهـــي اعتمـــاد التوقيـــع

( ٧ )

<u>تابع الحكم الصادر في القضية رقم ٢٠٠٢/١١٦٩ جنايات ــ ٢٠٠٢/١٦٤ الشرق</u>

وبإقرار العنوان وترخيص الاستيراد واستعان بهذه الأوراق المزورة فـي الإفـراج عـن البضاعة من الجمارك بعد أن تمكن من الاستيلاء مع موظف مجهول من بيـت التمويـل الكويتي على أوراق التحصين وتزوير تظهير بيـع تحويل على بوليصة الشـحن حتـى يتمكن من استلام الأصل من الخطوط الجوية الإماراتية وقد غادر المتهم البلاد فور علمـه باكتشاف فقد مستندات التحصيل بتاريخ ٢٠٠٢/٣/١٣.

وشهد خالد فهمي عبدالصمد عبدالحميد باحث قانوني في غرفة التجارة وصناعـة الكويت أنه بالبحث عن اعتماد التوقيع الخاص بشـركة منـاخ الخليـج للتجـارة العامـة والمقاولات تحت رقم ٦١٦٧٠ المدون عليه لم يجد أصلا له وأن الشركة المذكورة لم تجر أي معاملة في التاريخ المدون على الورقة وهو ٢٠٠١/١/٢٠ وأن التصادق الموضـوع على الورقة مزورة على الغرفة.

كما قرر فاضل عبدالكريم دشتي بتحقيقات النيابة العامة بمضمون ما ورد بـأقوال ضابط المباحث السابق وأضاف بأن المتهم حاول استئجار الرخصة منه قبل الواقعة إلا أن ذلك لم يتم مما يؤكد أن المتهم قام بتزوير ما لديه من مستندات خاصة بالشركة كي يتمكن من الاستيلاء على أموال بيت التمويل.

وقد أفاد برنت المنافذ بأن المتهم غادر البلاد في اليـوم الثـاني لاكتشـاف فقـد المستندات الخاصة بالتحصيل الموجودة في بيت التمويل وذلك في يوم ٢٠٠٢/٣/١٣.

وأفاد تقرير الأدلة الجنائية بأنه تعذر إجراء المضاهاة بالنسبة للتوقيع وبصمـات الأختام الثابتة على ظهر الصورة الضوئية لبوليصة الشـحن وأن التوقيـع المزيـل بـه



( ٨ )

<u>تابع الحكم الصادر في القضية رقـم ٢٠٠٢/١١٦٩ جنايات ـ ١٦٤/ ٢٠٠٢ الشرق</u>

الصورة الضوئية لاعتماد التوقيع مغاير عن توقيع فاضل كريم دشتي وكذا بالنسبة لإقرار العنوان وأن ملصق تصادق على صحة التوقيع الوارد على الصورة الضوئيـــة لاعتمـــاد التوقيع يختلف عن الأصل منها.

وحيث أنه من المقرر أن لمحكمة الموضوع أن تستخلص من أقوال الشهود وسائل العناصر المطروحة أماميا على بساط البحث الصورة الصحيحة لواقعة الدعوى حســـبما يؤدي إليه إقتناعيا وأن تطرح ما يخالفها من صورة أخرى لم تقتنع بها ما دام استخلاصيا سائغاً مستنداً إلى أدلة مقبولة في العقل والمنطق.

(الطعن ٣٣٥/ ٩٤ جزائي جلسة ١٩٩٦/١٢/١٦)

ومن المقرر أنه ليس بلازم أن يتحدث الحكم صراحة واستقلالاً عن توافر أركـــان جريمة التمييز.

(طعن بالتمييز رقم ١٧١/ ٩٤ جزائي جلسة ١٩٩٥/١/٩)

وجريمة التزوير في ورقة من أوراق البنوك وهي من المحررات العرفيـــة التـــي تتحقق بتعمد الجاني تغيير الحقيقة في هذه الأوراق بطرق العشر وبالوسائل التـــي نـــص عليها القانون بصرف النظر على الباعث على ارتكابها بنية استعماله لها فيما غيرت مـــن أدلة الحقيقة تغييراً من شأنه أن يسبب ضرراً لا يشترط أن يقع بالفعل بل يكفي احتمـــال وقوعه في الوقت الذي تم فيه التغيير للحقيقة بغير التفات إلى ما يطرأ من بعد ولا يلـــزم لصحة الحكم بالإدانة في هذه الجريمة أن يتحدث صراحة عن ركن الضرر بل يكفـــي أن يكفي قيامه مستفاداً من عموم عبارات الحكم.

( ۹ )

<u>تابع الحكم الصادر في القضية رقم ۲۰۰۲/۱۱٦۹ جنايات ـ ۲۰۰۲/۱٦٤ الشرق</u>

(الطعن ۹٤/۱٥۲ جزائي جلسة ۹٥/۱/۱٦)

كما أنه من المقرر أيضاً بقضاء التمييز أن جريمة التزوير في محررات رسمية بمجرد تغيير الحقيقة في المحرر بإحدى الوسائل التي نص عليها القانون وأن يكون التغيير من شأنه أن يولد الاعتقاد بأنه مطابق للحقيقة وبغية استعمال المحرر فيما غيرت من أجله الحقيقة فيه وبصرف النظر عن الباعث على ذلك ولو لم يتحقق ضرر يلحق شخص بعينه لأن هذا التغيير ينتج عنه ضمان حصول ضرراً بالمصلحة العامة لما يترتب عليه من عبث بالمحررات الرسمية ينال من قيمتها وحجيتها والثقة في نظر الجمهور باعتبارها مما يجب بمقتضي القانون تصديقه والأخذ به.

(الطعن ۹٥/٤۱٦ جزائي جلسة ۱۹۹٦/٦/۳)

وحيث أنه ومتى كان ما تقدم وكانت المحكمة قد اطمأنت إلى أدلة الإثبات على نحو ما سلف فإنه يكون قد قر في يقينها ووجدانها أن الجرائم المسندة إلي المتهم بوصفها وكيفيا الواردة في قرار الاتهام قد اكتملت أركانها القانونية وتوافرت الأدلة المطمئنة على ثبوتها في حق المتهم ومن ثم يتعين معاقبته طبقاً لمواد الاتهام وإعمالاً لنص المادة ۱۷۲ من قانون الإجراءات الجزائية.

وحيث أن الجرائم المستندة إلى المتهم قد ارتكبت لغرض إجرامي واحد وقد انتظمتها خطة إجرامية ولحدة وارتبطت فيما بينها ارتباطاً لا يقبل التجزئة ومن ثم فإن المحكمة تقضي بعقوبة الجريمة الأشد عملاً بنص المادة ۸٤ من قانون الجزاء.



( ١٠ )

<u>تابع الحكم الصادر في القضية رقم ١١٦٩/٢٠٠٢ جنايات ــ ١٦٤/٢٠٠٢ الشرق</u>

وحيث أن المتهم لا يحمل الجنسية الكويتية فتقضي المحكمة بإبعاده عـــن البـــلاد

عقب تنفيذ العقوبة المقضي بيا عملاً بنص المادة ٧٩/ جزاء.

فلهذه الأسباب

حكمت المحكمة غيابيا: بحبس المتهم لمـدة خمـس سـنوات مـع الشـغل والنفـاذ

وبإبعاده عن البلاد عقب تنفيذ العقوبة المقضـي بـها.

أمين، السر                                    م/ رئيس الدائرة

عماد خاطر