UNITED STATES DISTRICT COURT                                                          ECF
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAERSK, INC. and A.P. MOLLER-MAERSK A/S, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| - against - | ) |
| | ) |
| NEEWRA, INC.; REDNIHOM, INC.; AREF HASSAN | ) |
| ABUL, INC.; ARWEEN SINGH SAHNI a/k/a | ) |
| ARWEEN SAHNI SINGH a/k/a ARWEEN SAHNI | ) |
| a/k/a ARWEEN SINGH a/k/a ABUL SABAH a/k/a | ) |
| AREF HASSAN ABUL; MOHINDER SINGH SAHNI | )   05 Civ. 4356 (RCC) |
| a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER | ) |
| SAHNI a/k/a MOHINDER SINGH; JOGINDER | ) |
| SINGH SAHNI a/k/a JOGINGER SINGH SAHNI | )   MEMORANDUM & |
| a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI; | )   ORDER |
| SABHARWAL CHANDRA KUMAR a/k/a | ) |
| SABHARWAL K. CHANDRA; HELP LINE | ) |
| COLLECTION CO. W.L.L.; PARKER | ) |
| DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER; | ) |
| SARDAR TRADERS EST.; SARDAR | ) |
| INTERNATIONAL TRADING CO.; AL TAMASOK | ) |
| AL ARABI EST.; JOHN DOES 1-100 (fictitious) and | ) |
| JOHN DOES INC. 1-100 (fictitious), | ) |
| | ) |
| Defendants. | ) |
| | ) |

**RICHARD CONWAY CASEY, United States District Judge:**

Mohinder Singh Sahani ("Defendant Sahani") moves, pursuant to Southern District of New York Local Rule 6.3, for reconsideration of the Court's August 1, 2006 order ("Order") denying his motion to vacate the Rule B Process of Maritime Attachment and Garnishment ("Order of Attachment") against him.  In the alternative, Defendant Sahani moves for an amendment of the Order to include certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Defendant Sahani contends that the instant motion is warranted on the basis of the Second Circuit's July 31, 2006 decision in Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434 (2d Cir. 2006).

For the following reasons, Defendant Sahani's motion for reconsideration and, in the alternative, for certification for interlocutory appeal is **DENIED**.

I.      **BACKGROUD**

The Court presumes familiarity with the factual background giving rise to this litigation. See Order at 2-13. Defendant Sahani, in his previous motion to vacate the attachment of his funds by plaintiffs Maersk, Inc. and A.P. Moller-Maersk A/S ("Plaintiffs"), argued that Plaintiffs failed to effectuate valid service of process on the third-party garnishee, Wachovia Bank National Association ("Wachovia"), because Plaintiffs' served the Order of Attachment several months after Wachovia restrained Defendant's electronic funds transfer ("EFT"). See Order at 9-11, 14-17. The Court rejected Defendant Sahani's argument, holding that Plaintiffs' attachment is valid because "Plaintiffs served [process] when [Defendant] Sahani's funds were in the bank's possession." Id. at 16. In doing so, the Court noted the factual similarities between the instant action and Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002), where the Second Circuit refused to vacate the attachment of an EFT even though valid service of process occurred after the bank restrained the defendant's funds. Accordingly, this Court noted that "Winter Storm controls this case." Order at 16.

On July 31, 2006, one day before the Court issued the Order, the Second Circuit issued an opinion in Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d at 434, vacating and remanding a district court judgment which had vacated the attachment of an EFT. In reaching this result, the Second Circuit cited Winter Storm for the proposition that, "[u]nder the law of this circuit, EFTs to or from a party are attachable by a court as they pass through banks located in that court's jurisdiction." Id. at 436. But in footnote six of Aqua Stoli, the court of appeals also called this

aspect of <u>Winter Storm</u> into question, noting that under New York law an EFT "could not be attached because EFTs are property of neither the sender nor the beneficiary while present in the intermediary bank." <u>Id.</u> at 445 fn.6.

## II.      ANALYSIS

### A.      Request for Reconsideration

Defendant Sahani argues that footnote six of the Second Circuit's <u>Aqua Stoli</u> opinion provides grounds for this Court to reconsider its previous decision sustaining the attachment in this case.  He contends that <u>Aqua Stoli</u>'s brief discussion of <u>Winter Storm</u> "casts doubt on the validity of Plaintiffs' seizure of funds" in the form of an EFT.  (Garnishee's Mem. Supp. Reconsid. at 2.) Defendant Sahani is wrong.

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp. Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  But Defendant Sahani has not pointed to any "controlling decisions" that the Court overlooked when issuing the Order.  In <u>Aqua Stoli</u>, the Second Circuit cited <u>Winter Storm</u> in support of its decision to vacate a district court opinion that had vacated the attachment of an EFT. <u>Aqua Stoli</u>, 460 F.3d at 436.  Defendant Sahani cannot credibly maintain, therefore, that <u>Aqua Stoli</u> overruled <u>Winter Storm</u> or disallows the attachment of EFTs.  That the court of appeals made mention, in a footnote, of a reason why <u>Winter Storm</u> might have been incorrectly decided is of no moment.  Indeed, <u>Aqua Stoli</u> can only be read to reaffirm <u>Winter Storm</u> as the law of this circuit. <u>Aqua Stoli</u>, 460 F.3d at 436 ("EFTs to or from a party are attachable by a court as they pass through banks located in that court's jurisdiction.") (citing <u>Winter Storm</u>, 310 F.3d at 263).  Thus, while this

Court did not consider the Second Circuit's opinion in <u>Aqua Stoli</u> when rendering the Order, it would have reached the same result had it done so.

**B.      Certification for Appeal**

In the alternative, Defendant Sahani requests, pursuant to 28 U.S.C. § 1292(b), that the Court amend the Order to include certification for immediate interlocutory appeal.  Certification of interlocutory appeal is appropriate only if there exists "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal . . . may materially advance the ultimate termination of the litigation . . . ."  <u>Id.</u>

For the reasons stated above, <u>Aqua Stoli</u> does not provide grounds for "difference of opinion" over any controlling law applied in this Court's previous decision.  No difference of opinion currently exists in this Circuit as to whether <u>Winter Storm</u> will be followed.  <u>See</u> <u>Aqua Stoli</u>, 460 F.3d at 436.  It remains binding precedent.  As a result, EFTs remain attachable assets.

Moreover, an appeal from the Order sustaining the Rule B attachment of Defendant Sahani's funds will not materially advance the ultimate termination of this litigation.  Plaintiffs' attachment of Defendant Sahani's funds was a procedural remedy.  Even if it is vacated on appeal, the instant litigation will proceed because Defendant Sahani has been served with the Summons and Verified Complaint.

### III.   CONCLUSION

For the foregoing reasons, Defendant Sahani's motion for reconsideration and, in the alternative, for certification for interlocutory appeal is **DENIED**.

**So Ordered:**   New York, New York
October 5, 2006

_____
**Richard Conway Casey, U.S.D.J.**