503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900

Peter J. Gutowski (PG 2200)
Eric E. Lenck (EL 4547)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK A/S,

       Plaintiffs,    05 CIV 4356 (RCC)(DFE)

 -against-

NEEWRA, INC., REDNIHOM, INC., AREF HASSAN
ABUL INC., ARWEEN SINGH SAHNI a/k/a ARWEEN
SAHNI SINGH a/k/a ARWEEN SAHNI a/k/a ARWEEN
SINGH a/k/a ABUL SABAH a/k/a AREF HASSAN
ABUL, MOHINDER SINGH SAHNI a/k/a MOHINDER
SAHNI SINGH a/k/a MOHINDER SAHNI a/k/a
MOHINDER SINGH a/k/a MOHINDER SINGH
SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER
SAHANI SINGH a/k/a JOGINDER SINGH SAHNI,
JOGINDER SINGH SAHNI a/k/a JOGINGER SINGH
SAHNI a/k/a JOGINDER SAHNI SINGH a/k/a
JOGINGER SAHNI SINGH a/k/a JOGINDER SINGH
a/k/a JOGINDER SAHNI a/k/a JOGINGER SINGH a/k/a
JOGINGER SAHNI, SABHARWAL CHANDRA
KUMAR a/k/a SABHARWAL K. CHANDRA,
MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH
a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH
SAHNI a/k/a MOHINDER SAHANI a/k/a MOHINDER
SINGH SAHANI, HELP LINE COLLECTION CO.
W.L.L., PARKER DAWOOD TAJUDDIN TAJUDIS
ISMAIL PARKER, SARDAR TRADERS EST.,
SARDAR INTERNATIONAL TRADING CO., AL
TAMASOK AL ARABI EST., JOHN DOE 1-100
(fictitious) and JOHN DOE INC. 1-100 (fictitious),

       Defendants.
-----------------------------------------------------------x

SUPPLEMENTAL
DECLARATION OF
TOM BECKER
IN SUPPORT OF
PLAINTIFFS'
DAMAGES INQUEST

NYDOCS1/278757.1      1

TOM BECKER, pursuant to §1746 of Title 28 of the United States Code, hereby declares and says the following:

1. This Supplemental Declaration is submitted on behalf of Plaintiffs MAERSK, INC. and A.P. MOLLER-MAERSK A/S (collectively, "MAERSK") in support of Plaintiffs' Damages Inquest concerning damages against defaulting defendants NEEWRA, INC. ("NEEWRA"), REDNIHOM, INC. ("REDNIHOM") and AREF HASSAN ABUL INC. ("AREF") (collectively, "The Defaulting Defendants"). I submitted a Declaration dated September 18, 2006 in support of Plaintiffs' Damages Inquest. The purpose of this Supplemental Declaration is to amend the amount claimed for attorney fees and disbursements and to explain the reason for such change. This Supplemental Declaration will also comment on further developments relating to the damages in India arising from the Tires Fraud.

2. Insofar as the contents of this Supplemental Declaration are within my own knowledge, they are true. Insofar as the contents of this Supplemental Declaration are not within my own direct knowledge, they are true to the best of my information and belief.

3. In my September 18, 2006 Declaration, I attached as Exhibit 1 a summary of the legal fees and disbursements paid to the law firms of Stephenson Harwood, Freehill Hogan & Mahar, and Al Sarraf & Al Ruwayeh for services performed in relation to the NEEWRA, REDNIHOM and Tires frauds. These charges totaled $1,298,065.40 as of 18 September 2006. I am now advised that MAERSK's claim for attorney fees and disbursements against the Defaulting Defendants should be limited to the period ending

NYDOCS1/278757.1                                2

on May 26, 2006, the date the Default Judgment was entered.

4. I have reviewed the 20 February 2007 Declaration of Paolo Ghirardani relating to the legal fees and expenses charged to MAERSK by Stephenson Harwood, the 23 February 2007 Affidavit of Eric Lenck relating to the legal fees and expenses charged by Freehill Hogan & Mahar to MAERSK and the Declaration of Ahmed Zakaria dated February 19, 2007 relating to legal fees and expenses charged by Al Sarraf & Al Ruwayeh to MAERSK. The charges for legal fees and expenses reflected in the Declarations/Affidavit and the attached billing statements are correct and total $1,071,658.45. The reason this amount is different from the amount stated in my September 18, 2006 Declaration is that I included all fees and expenses as of 18 September 2006, whereas these new calculations are based upon the fees and expenses incurred up to May 26, 2006, the date the default judgment against the Defaulting Defendants was entered. There may be some other minor differences, mainly due to exchange rates. Stephenson Harwood is based in London and Al Sarraf & Al Ruwayeh are based in Kuwait.

5. I can confirm that all of the legal fees and expenses reflected in the Declarations/Affidavit have been paid by MAERSK, even though may not have been addressed to the Plaintiffs in the first instance. Freehill Hogan & Mahar submitted all their billings to Britannia Steam Ship Insurance Association Limited. We have a P and I insurance cover with Britannia for many of the MAERSK vessels. Freehill Hogan & Mahar often work in conjunction with Britannia on MAERSK matters. In this instance,

NYDOCS1/278757.1                     3

even though the Freehill Hogan & Mahar billings were sent to Britannia and paid by Britannia in the first instance, MAERSK has reimbursed Britannia for all such fee and expense payments to Freehill Hogan & Mahar.

6. In paragraph 9 of my September 18, 2006 Declaration, I mentioned a fine to be paid by MAERSK to the Indian government. After further investigation, it has been determined that MAERSK will not have to pay any such fine. A further investigation has also determined that the costs of disposal of a small part of the shipment of used tires that remained in India was *de minimis*. MAERSK will not be making a claim for any such tire disposal expenses incurred in India.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on February 26, 2007
Copenhagen, Denmark

By: *[signature]*
TOM BECKER

NYDOCS1/278757.1                                4