503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Eric E. Lenck (EL 4547)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MAERSK, INC. and A.P. MOLLER-MAERSK A/S,

         Plaintiffs,  05 CIV 4356 (RCC)

 -against-

                **DECLARATION**
NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL **OF AHMED**
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI SINGH **ZAKARIA**
a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a ABUL
SABAH a/k/a AREF HASSAN ABUL, MOHINDER SINGH
SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER
SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SINGH
SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER
SAHANI SINGH a/k/a JOGINDER SINGH SAHNI, JOGINDER
SINGH SAHNI a/k/a JOGINGER SINGH SAHNI a/k/a
JOGINDER SAHNI SINGH a/k/a JOGINGER SAHNI SINGH
a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI a/k/a
JOGINGER SINGH a/k/a JOGINGER SAHNI, SABHARWAL
CHANDRA KUMAR a/k/a SABHARWAL K. CHANDRA,
MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHANI a/k/a MOHINDER SINGH SAHANI,
HELP LINE COLLECTION CO. W.L.L., PARKER DAWOOD
TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR TRADERS
EST., SARDAR INTERNATIONAL TRADING CO., AL
TAMASOK AL ARABI EST., JOHN DOE 1-100 (fictitious) and
JOHN DOE INC. 1-100 (fictitious),

         Defendants.
----------------------------------------------------------------x

 AHMED ZAKARIA, pursuant to 28 U.S.C. §1746 hereby declares and says the

following under penalty of perjury:

1.  I am an attorney with the law firm of Al Sarraf & Al Ruwayeh, P.O. Box 1448, Safat 13015, Kuwait. I have been with the firm for nine years and am qualified under Kuwaiti law to give advice to foreigners concerning Kuwaiti law and have done so on numerous occasions. Insofar as the contents of this Declaration are within my own knowledge, they are true. Insofar as the contents of this Declaration are not within my own direct knowledge, they are true to the best of my information and belief.

2.  I am fluent in English, French and Arabic. I assisted in the drafting of this Declaration and fully understand and agree with the contents of this Declaration.

3.  Al Sarraf & Al Ruwayeh are the attorneys for A.P. Moller-Maersk A/S ("Maersk") with respect to proceedings in Kuwait concerning the arrest of the M/V ALVA MAERSK by those acting on behalf of Neewra, Inc.

4.  I submit this Declaration with respect to the captioned action in the United States District Court for the Southern District of New York concerning the following matters:

    - Arrest of the M/V ALVA MAERSK by Neewra, Inc.
    - Criminal investigation for the fraudulent claim made by Neewra Inc against Maerski.

### Arrest of M/V ALVA MAERSK in Kuwait by Neewra, Inc.

5.  Neewra Inc caused the M/V ALVA MAERSK to be arrested in Kuwait in April 2004. This was nearly four years after Neewra Inc had supposedly suffered a loss from the "mis-delivery" of a shipment of what was claimed to be a shipment of high

value computer parts from New York to Kuwait. This was not a legitimate claim, and the arrest was abusive.

6. My firm succeeded in securing the release of the M/V ALVA MAERSK through the posting by Maersk of cash with the Kuwaiti Court's Execution Department to act as substitute security for the vessel. Maersk posted approximately $1.86 million to secure the release of the vessel.

7. The claimant in the Kuwaiti Court is a New York corporation called Neewra Inc. According to court papers filed in Kuwait, Neewra was represented in the Kuwaiti Court by its agent, an individual named Parker Dawood Tajuddin Tajudis Ismail Parker ("Parker Dawood"), who was employed by Help Line Collection Co. W.L.L.

8. When Maersk posted cash security in the amount of approximately $1.86 million with the Kuwaiti court, the vessel was finally permitted to depart, and a court order was obtained in that regard.

9. Parker Dawood, however, sought to oppose the release of the vessel despite the posting of the cash security and the Court order releasing the vessel. I received copies of the application to continue to restrain the vessel made by Parker Dawood. Parker Dawood's efforts to further restrain the vessel were frustrated primarily because the vessel had already left the port.

10. Maersk succeeded at the court of instance in Kuwait in obtaining a judgment in its favor dismissing Neewra's claims on the basis of time bar. The first instance judgment did not rule on the merits of the claim, but simply dealt with the procedural point as to whether Neewra's claim was time-barred.

11. At the Court of Appeal, the court reversed the decision of the court of first instance, finding in favor of Neewra, despite the fact that not all the evidence of fraud had been presented. At the Cassation Court, the court affirmed the lower appellate court's decision after it considered if the first appellate court violated any procedural laws. At both appellate levels, the Kuwaiti Court did not consider the merits of the claim made by Neewra Inc. or the full extent of the evidence of fraud collected by Maersk.

12. Despite the pending appeal, the money Maersk posted as substitute security for the release of the M/V ALVA MAERSK was liquidated and court records made clear that the funds were delivered in the form of two non-transferable cheques made out to Parker Dawood by the Kuwaiti Court's Execution Department.

**Criminal investigation on the fraudulent claim made by Neewra Inc against Maersk**

13. As a result of the fraudulent judgment obtained by Neewra against Maersk in Kuwait, Maersk requested that the Kuwaiti authorities make a criminal investigation against the people involved in the fraud, including but not limited to, Joginder Singh Sahni, Mohinder Singh Sahni and Parker Dawood. On or about 29 June 2005, I presented evidence of the fraud to the investigator at the General Department of Investigation at the Ministry of Interior. So far, only one of the culprits, Celine Mascarenhas, has been indicted.

14. I have been asked whether a line is drawn between civil and criminal cases under Kuwaiti law. There is a distinction between criminal and civil actions in Kuwait. The state prosecutes criminal cases, individuals or corporations pursue civil cases. In a

criminal action, the penal sanction that follows is a jail term, a fine or a death penalty. In a civil case, the successful plaintiff gets monetary compensation from the defendant.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Kuwait, Kuwait
       22 March 2007

By: _____
           Ahmed Zakaria