GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*¹
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*◦¹
DANIEL J. FITZGERALD*¹△
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
◦ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

May 30, 2007

OUR REF: 503-99/EEL/LJK

Judge Casey's Chambers
Southern District of New York
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Room 1350
New York, NY 10007
   Attn: Law Clerks

   Re:   Maersk, Inc. et ano v. Neewra, Inc. et al.
         <u>05 CIV 4356 (RCC)</u>

Dear Sirs:

   We represent Plaintiffs Maersk, Inc. and A.P. Moller-Maersk A/S (collectively, "Maersk") in this action and write with the consent of counsel for all defendants who have appeared to provide the Court with the following joint summary of the case, pursuant to the Order of Judge Wood of May 16, 2007. Reading in copy are the Honorable Colleen McMahon, to whom this case has been re-assigned, and the Honorable Douglas F. Eaton, who is presiding over a damages inquest in connection with this matter.

## Attorney/Party Information

   The attorney/party relationships as indicated on the Court's Docket are correct, but "Mohinder Singh Sahani" and "Mandeep Singh Sahni" should also be described as "Defendants" and not merely as "Garnishees". It also appears that the caption has not been amended to reflect the changes made in the Amended Verified Complaint. Finally, the address indicated on the docket for attorney Wise is out-of-date and being corrected. The correct address is found below.

## Summary of Case

   Plaintiffs are ocean shipping companies who allege to have been defrauded by defendants (some of whom are individuals and some of whom are corporations or other business entities)

with regard to multiple ocean shipments of cargo in international trade. Maersk alleges that the frauds fall into three categories, described by Maersk[1] as follows:

(i) a shipment of used tires from the United States to India in which the shipper, who collected a fee for disposing of the tires, knew that there was no consignee in India

(ii) a shipment from the United States to Kuwait, claimed to be computer hard drives, in which the actual cargo (whatever it was) was collected through the use of a fraudulent bill of lading and which later became the subject of several separate false claims for non-delivery

(iii) another shipment from the United States to Kuwait, also claimed to be computer hard drives, in which Maersk thwarted the fraud and discovered that the cargo actually shipped contained no goods of value

Maersk alleges further that all of the named defendants, acting directly or indirectly, conspired together to defraud Maersk, and that all together, and in conjunction with others, the named defendants formed a criminal enterprise engaged in racketeering. Maersk alleges causes of action for, *inter alia*, breach of contract, fraud, and civil RICO. Maersk alleges to have sustained damages in the approximate amount of $8,315,000 for which it seeks treble damages pursuant to RICO of approximately $25 million, jointly and severally against the Defendants.

### Procedural History

At the commencement of the action, Maersk sought to restrain the property of the Defendants pursuant to Supplemental Admiralty Rule B, and to hold same as security for a judgment anticipated to be issued in favor of Maersk. Funds belonging to some of the named Defendants have been restrained pursuant to Rule B. Funds belonging to some non-parties with names similar to the names of one or more Defendants were temporarily restrained and then later released voluntarily, without the need for court intervention, following a brief investigation.

1. **Mohinder's Motion to Vacate the Attachment**

Defendant Mohinder Singh Sahni (sometimes spelled "Sahani") (hereinafter, "Mohinder") moved to vacate the restraint of approximately $460,000 of his property. The property restrained was in the form of an electronic funds transfer. Following certain pre-motion discovery, Mohinder's motion was submitted (due to the unavailability at the time of Judge Casey) to Judge Chin in his capacity as Part I Judge at the time. Judge Chin determined that he would divide Mohinder's motion into separate parts and directed Maersk to respond only to

---

[1] Defendants' time to respond to the allegations of the Amended Verified Complaint has not yet run, as there are pending motions to dismiss (more on this below).

certain issues. Following briefing and during oral argument on May 15, 2006, Judge Chin ordered the vacature of the attachment. Maersk moved for reargument/reconsideration and on May 30, 2006 Judge Chin reversed his prior ruling of May 15, 2006 and directed the parties to resubmit the motion to Judge Casey.

Additional briefing followed and oral argument was held before Judge Casey. In a ruling dated August 1, 2006 Judge Casey ruled against Mohinder, maintaining the attachment of his property. Mohinder moved for reconsideration and/or to certify the August 1, 2006 Order for interlocutory appeal on the basis of a recent decision, but in an Order dated October 6, 2006, Mohinder's application for reconsideration and/or certification was denied *in toto*.

2. **Judgment By Default Against Certain Defendants**

On May 26, 2006, Maersk obtained judgment by default against Defendants Neewra, Inc., Rednihom, Inc., and Aref Hassan Abul, Inc. (all of which were New York corporations), and Judge Casey referred Maersk to Magistrate Judge Eaton for an inquest on damages. Judge Eaton initially requested briefing from Maersk to confirm that service on the New York corporations was proper, and following such briefing ruled on July 17, 2006 that service was proper. Maersk submitted its evidence on the damages inquest on September 18, 2006, and Judge Eaton requested further documentation, which was filed March 1, 2007. Maersk's evidence is unopposed and the inquest remains *sub judice*.

3. **Amended Verified Complaint**

The Court's August 1, 2006 Order authorized Maersk to file an Amended Complaint, which was filed August 31, 2006.

4. **Substituted Service Upon Certain Defendants Authorized**

Maersk made application to the Court to be able to serve Defendants Arween and Kumar by publication, which application was granted on August 25, 2006 and required publication in English in New York and in Arabic in Kuwait. Service by publication has been accomplished and Maersk intends to move for default judgment as and if appropriate against these Defendants once their time to respond has expired.

5. **Appearance by Certain Defendants**

In October 2006 Attorney Harry H. Wise, III appeared on behalf of Defendants Joginder Singh Sahni (hereinafter, "Joginder"), Help Line Collection Co. W.L.L. (hereinafter, "Help Line"), Parker Dawood Tajuddin Tajudis Ismail Parker (hereinafter, "Parkar"), Sardar Traders Est., and Sardar International Trading Co. These Defendants have all consented to waive formal service.

Judge Casey's Chambers
May 30, 2007
Page 4

### 6. Motions to Dismiss

Defendant Mohinder filed a motion to dismiss and Defendants Joginder, Help Line, Parkar and the two Sardar companies have also filed a motion to dismiss.

Mohinder has moved to dismiss Maersk's Amended Verified Complaint for lack of jurisdiction; failure to state a fraud, conspiracy, RICO or contract claim pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure; *forum non conveniens*, the doctrines of *res judicata* and collateral estoppel; and considerations of substantive due process.

Joginder, Parkar, Help Line and the two Sardar companies have moved to dismiss the Amended Verified Complaint as against them, alleging that they are citizens of Kuwait and that the Amended Verified Complaint should be dismissed, pursuant to Rule 12(b)(2), for lack of personal jurisdiction, or, alternatively, for *forum non conveniens*.

The motions to dismiss were fully submitted on March 30, 2007 and remain *sub judice*.

### Discovery Status

Maersk has taken certain limited discovery in connection with the Rule B attachments, as authorized by Rules B and E, or as otherwise authorized by the Court following application, including but not limited to a deposition of Mohinder taken in Kuwait. In connection with the motion by Mohinder to vacate the Rule B attachment, certain discovery was provided by Maersk to Mohinder, including documents and deposition testimony. Prior to the pending motions to dismiss, Maersk requested authority to take certain limited jurisdiction-related discovery from the various moving Defendants, but this application was opposed by the moving Defendants and was ultimately denied by the Court. There have otherwise been a few other informal exchanges of documents amongst counsel.

### Pending Applications (Summary)

Currently pending in this matter is:

(i) the damages inquest before Magistrate Judge Eaton concerning damages owed to Maersk by defaulting Defendants Neewra, Inc., Rednihom, Inc., and Aref Hassan Abul, Inc. (submitted March 1, 2007);

(ii) the motion to dismiss by Defendant Mohinder (submitted March 30, 2007); and

(iii) the motion to dismiss by Defendants Joginder, Parkar, Help Line, and the two Sardar companies (submitted March 30, 2007).

NYDOCS1/283892.5

FREEHILL, HOGAN & MAHAR LLP

Judge Casey's Chambers
May 30, 2007
Page 5

We thank the Court for its attention to this matter.

Respectfully submitted,

FREEHILL HOGAN & MAHAR LLP

Eric E. Lenck
Lawrence J. Kahn

cc:  Donald J. Kennedy, Esq.                Harry H. Wise, III, Esq.
     Emily Milligan, Esq.                   Law Offices of Harry H. Wise, III
     Carter Ledyard & Milburn, LLP          500 Fifth Avenue, Suite 1650
     2 Wall Street                          New York, NY  10110
     New York, NY  10005

     The Hon. Colleen McMahon               The Hon. Douglas F. Eaton
     United States District Judge           United States Magistrate Judge
     Southern District of New York          Southern District of New York
     Daniel P. Moynihan U.S. Courthouse     Daniel P. Moynihan U.S. Courthouse
     500 Pearl Street, Room 640             500 Pearl Street, Room 1360
     New York, NY  10007                    New York, NY  10007