UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MAERSK, INC., and MOLLER-MAERSK A/S,

                Plaintiffs,

- against -

NEEWRA, INC., REDNIHOM, INC., AREF
HASSAN ABUL INC., ARWEEN SINGH
SAHNI a/k/a ARWEEN SAHNI SINGH a/k/a
ARWEEN SAHNI a/k/a ARWEEN SINGH
a/k/a ABUL SABAH a/k/a AREF HASSAN
ABUL, MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHNI SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH
a/k/a MOHINDER SINGH SAHANI a/k/a
MOHINDER SAHANI a/k/a MOHINDER
SAHANI SINGH a/k/a JOGINDER SINGH
SAHNI, JOGINDER SINGH SAHNI a/k/a
JOGINGER SINGH SAHNI a/k/a JOGINDER
SAHNI SINGH a/k/a JOGINGER SAHNI
SINGH a/k/a JOGINDER SINGH a/k/a
JOGINDER SAHNI a/k/a JOGINGER SINGH
a/k/a JOGINGER SAHNI, SABHARWAL
CHANDRA KUMAR a/k/a SABHARWAL K.
CHANDRA, MANDEEP SINGH SAHNI a/k/a
MOHINDER SINGH a/k/a MOHINDER SAHNI
a/k/a MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHANI a/k/a MOHINDER
SINGH SAHANI, HELP LINE COLLECTION
CO. W.L.L., PARKER DAWOOD TAJUDDIN
TAJUDIS ISMAIL PARKER, AL TAMASOK
AL ARABI EST., JOHN DOE 1-100 (fictitious)
and JOHN DOE INC. 1-100 (fictitious),

                Defendants.
------------------------------------------------------------x

05 Civ. 4356 (CM)

DECISION AND ORDER ADOPTING IN PART AND AMENDING IN PART
THE REPORT AND RECOMMENDATION

1

McMahon, J.:

I have received and reviewed the Report and Recommendation of Magistrate Judge Douglas Eaton, in which the Magistrate recommends that defaulting defendants Neewra, Inc., Rednihom, Inc., and Aref Hassan Abul, Inc., be found liable to Plaintiff Maersk in the amount of $14,413,687.99, with interest at 9% per annum from December 31, 2005.

I have also reviewed Maersk's objection to that portion of the Report that recommends that the court not award Maersk an additional $5,580,000, representing a $1,860,000 judgment Maersk alleges Defendants fraudulently obtained via a judgment of a Kuwaiti court, trebled because obtained in the course of a RICO conspiracy.

I agree with Plaintiff that these damages should have been awarded against the defaulting defendants. I therefore modify the learned Magistrate's Report by striking the section headed "Third Cause of Action," which begins on page 9 of the Report, and substituting therefor the opinion below. As modified, I adopt the learned Magistrate's opinion.

## International Comity

In the 'Third Cause of Action,' Plaintiffs seek damages arising from a shipping fraud perpetrated by the defaulting Defendants, including damages caused by Neewra Inc. being awarded a $1,860,000 bond posted by the Plaintiff. Magistrate Judge Eaton tentatively denied Maersk's request for an award of the $1,860,000 that it claims Neewra fraudulently obtained in the Kuwaiti proceedings. Without reaching a final conclusion on the question, he stated, "Our court may be obligated to honor the Kuwaiti court's ruling as a matter of international comity between sovereign courts." R&R, at 10. The Magistrate also cited my March 27, 2008 decision denying Defendant Mohinder's motion to dismiss, where I held that Mohinder had failed to carry

2

his burden of establishing the application of the doctrine *res judicata* to Maersk's claim for the $1,860,000. Id. There, I expressly refused to decide the ultimate issue, resting instead on Mohinder's failure to make a record that would enable me to decide. Judge Eaton suggested that Plaintiffs reargue the issue before me and obtain a final ruling. They have done so.

"The decision to grant comity is a matter within a court's discretion and the burden of proof to establish its appropriateness is on the moving party." In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 75 (S.D.N.Y. 2007) (citing Allstate Life Ins. Co. v. Linter Group Ltd., 994 F.2d 996, 999 (2d Cir. 1993)). "Comity will be granted to the decision or judgment of a foreign court if it is shown that [1] the foreign court is a court of competent jurisdiction, and that [2] the laws and public policy of the forum state and the rights of its residents will not be violated." Id. (quoting Cunard S.S. Co. Ltd. v. Salen Reefer Services AB, 773 F.2d 452, 457 (2d Cir. 1985)) (other citations omitted).

The burden of establishing international comity rests on the party asserting it. However, the decision whether to grant international comity lies within the discretion of the court. While application of the doctrine may be appropriate in some cases, it is not "obligatory." Thus, unlike certain issues—e.g., subject matter jurisdiction—a court generally does not need to raise the issue of international comity *sua sponte*.

Here, I find that international comity, a discretionary doctrine, should not have been raised *sua sponte* by the Magistrate Judge. Maersk alleged that it was a victim of fraud in Kuwait, and that the fraud caused it to lose $1,860,000 to Neewra, Inc. International comity only becomes relevant if someone argues that Maersk should be precluded from recovering this money because it was the subject of a foreign judgment. The burden rests on the party seeking preclusion to show that this is an appropriate case for applying the discretionary doctrine of

3

international comity to grant the Kuwaiti judgment preclusive effect on Maersk's claim for these damages. Put more succinctly, it was Defendants' burden to raise the comity issue and to convince the court that comity was warranted. Not only did the defaulting Defendants not meet their burden; they did not even attempt to meet it.

One crucial element of granting a foreign judgment preclusive effect on the basis of comity is that the foreign court had jurisdiction to grant the judgment it did. Plaintiffs argue that the forum selection clause in the bill of lading contract between Maersk and Neewra vests this Court alone with jurisdiction to hear all disputes arising from the shipment. The defaulting defendants therefore have the burden of rebutting Plaintiff's argument. In the absence of an affirmative showing that the Kuwaiti court had jurisdiction, there is an insufficient basis to preclude an award of damages for Neewra's obtaining the Kuwaiti judgment by fraud.

Nothing in this court's March 27 opinion is to the contrary. In refusing to dismiss the "fraudulent judgment" claim against Mohinder, I ruled that the spare record before the court did not conclusively illustrate whether the grounds existed to apply the doctrine of *res judicata*. I specifically held that Mohinder had failed to show that this court did not have exclusive jurisdiction over the dispute by virtue of the forum selection clause.

If Mohinder failed to meet his burden of demonstrating that the Kuwaiti court had jurisdiction over the controversy, then the defaulting defendants, who make no showing at all, have not carried their burden, either. All I have before me is a contract that, on its face, appears to confer exclusive jurisdiction on this court—and so to preclude the Kuwaiti court from hearing the case that led to Maersk's payment of $1,860,000 to Neewra. It is incumbent on any party seeking to sustain the validity of the Kuwaiti judgment to explain to me why the forum selection clause did not divest the Kuwaiti court of jurisdiction.

4

Additionally, I note that comity is rarely appropriate where the foreign court issuing the judgment has failed and refused to recognize judgments emanating from United States Courts. Here, as described by Judge Eaton, the very claims that were the subject of the Kuwaiti action were twice brought and then withdrawn from U.S. courts before they were brought in Kuwait. Under U.S. law, the second time Defendants withdrew their claim it was deemed dismissed with prejudice, creating a *res judicata* bar. Poloron Prod. Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012 (2d Cir. 1976). The Kuwaiti court refused to hear argument or accept evidence on this point.

The consequence to the defaulting Defendants is that I will not recognize the Kuwaiti judgment on the basis of comity as to them, and they are liable for the full amount claimed by Maersk.

I want to be perfectly clear that this determination is without prejudice to any of the defendants who have appeared in this action. They remain free to attempt to convince me that the forum selection clause did not bind Neewra.

Therefore, Maersk is entitled to damages based on the $1,860,000 judgment it claims was fraudulently obtained. These damages are trebled because they were the result of a RICO conspiracy, so that as part of its Sixth Cause of Action (RICO), Maersk is entitled to an additional $5,580,000 in damages.

## Conclusion

As to the First Cause of Action, Maersk is entitled to $3,959,170.34 in damages, for the reasons set forth on pages 8-9 of the Magistrate's Report.

5

As to the Second Cause of Action, Maersk is entitled to no damages, for the reasons set forth on page 9 of the Report.

As to the Third Cause of Action, Maersk is entitled to $457,031.78 in damages for the reasons set forth on pages 9-10 of the Report, as well as $1,860,000 for the reasons set forth in this Opinion.

As to the Fourth Cause of Action, Maersk is entitled to $2,500 in damages for the reasons set forth on page 10 of the Report.

As to the Fifth Cause of Action, Maersk is entitled to $34,500 in damages, for the reasons set forth in on page 11 of the Report.

As to the Sixth Cause of Action, Maersk is entitled to $14,413,687.99 in damages, for the reasons set forth on pages 12-13 of the Report, as well as $5,580,000 for the reasons set forth in this Opinion.

Finally, I agree with the Magistrate that Maersk should only be awarded damages on its Sixth Cause of Action, to avoid double counting. As a result, the Clerk of the Court will enter judgment in favor of Maersk in the amount of $19, 993, 687.99, plus interest at 9% per annum starting December 31, 2005, as set forth on page 13 of the Report.

Plaintiff is instructed to submit a form of judgment to the Clerk.

Dated: May 6, 2008

U.S.D.J.