UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK A/S,

                Plaintiffs,      05 Civ. 4356(CM)(DFE)

    -against-                 MEMORANDUM AND ORDER

NEEWRA, INC., et al.,

                Defendants.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

    On September 22, 2008, Mr. Wise faxed me (a) his September 22 letter to me stating the positions of his clients and of Mr. Connell's client, and (b) plaintiffs' response, namely Mr. Kahn's September 22 letter to me with two exhibits. I mentioned these letters to Judge McMahon, whose September 5 order said: "Plaintiff's deposition shall be taken first, and shall be completed by October 10, 200[8]." I asked her for authority to extend that deadline, if necessary. She replied: "Yes, but not much [of an extension]."

    On September 11, Mr. Kahn proposed that the Rule 30(b)(6) witness for Maersk, Inc. be its Director of Claims Massoud Messkoub, who works in New Jersey and could appear in New York on September 22 or 23, and that the Rule 30(b)(6) witness for A.P. Maersk-Moller A/S be its General Manager of Claims Tom Becker, who works in Denmark and could appear in New York on October 7.

    Mr. Messkoub and Mr. Becker were active in the investigation of the alleged frauds, but it appears that they have no personal knowledge about the alleged involvement of Mr. Wise's clients (Joginder Singh Sahni, Dawood Parkar, and Help Line Collection Co.) or Mr. Connell's clients (Mohinder Singh Sahni and his son Mandeep, although I note that Mandeep has not yet been served with a summons, at least according to the docket sheet). I believe that Mr. Wise is speaking for all five of those defendants when he writes to me: "My clients have no interest in litigating the question whether or not plaintiffs were defrauded - - their case is that they were not members of any conspiracy and did nothing to injure plaintiffs. The only persons with any actual evidence as to these issues live and work in Kuwait."

    On or before September 18, Mr. Wise and Mr. Connell sent new

-1-

USDC SDNY
DATE SCANNED 9/23/08

notices of deposition, specifying that they wanted to depose
Elvis Pinto and Bimal Kanal. Mr. Pinto's March 2007 declaration
(Docket Item 130, ¶1) described himself as "a Manager of
Safmarine Kuwait, which is part of Maersk Kuwait WLL." On
September 18, 2008, Mr. Kahn wrote to Mr. Wise and Mr. Connell:

> Neither Mr. Pinto nor Mr. Kanal are - - nor can
> they be - - a 30(b)(6) witness for either Plaintiff.
> Mr. Pinto is an employee of Safmarine; Mr. Kanal is
> an employee of Maersk Kuwait. These are separate
> legal entities and they are not parties to this action.

Mr. Kahn has not cited any authority for this rigid
interpretation of Rule 30(b)(6). On the other hand, his
September 22 letter to me says:

> .... [T]he undersigned inquired as to the
> availability of these two men to appear at
> deposition. I am still awaiting a response.
> Plaintiffs are not refusing their production,
> and at this point do not know whether they will
> appear or whether they will refuse to appear.

> .... Without knowing their availability
> to be deposed, Plaintiffs cannot commit to make
> these men available on/before October 10 ....
> Since their depositions are not required before
> October 10, ... strict adherence to the October 10
> deadline set by Defendants should not be required.

I rule as follows. I direct the plaintiffs to use good-
faith efforts to persuade Mr. Pinto and Mr. Kanal to appear for
deposition in New York as soon as possible. I direct the
plaintiffs to give defense counsel a status report, at least as
often as every four business days, concerning these efforts.
Otherwise the plaintiffs may be precluded from using the
testimony of one or both of these men in connection with summary
judgment motions or trial. If necessary, I will grant a short
extension beyond October 10. As soon as it is clear that one or
both of these men is willing to appear for deposition, then the
depositions of Joginder Singh Sahni, Dawood Parkar, and Help Line
Collection Co. should be scheduled to follow closely upon the
depositions of Mr. Pinto and/or Mr. Kanal. But if, by September
29, neither Mr. Pinto nor Mr. Kanal has agreed to testify in the
near future, then the plaintiffs must identify and promptly
produce a witness (or, if necessary, witnesses) having personal
knowledge of facts showing that Joginder Singh Sahni, Dawood
Parkar, Help Line Collection Co., Mohinder Singh Sahni, and

Mandeep Singh Sahni knowingly joined a conspiracy to defraud the plaintiffs.

At present there is no call for the plaintiffs to produce either Mr. Messkoub or Mr. Becker. If any defendant wishes to notice either Mr. Messkoub or Mr. Becker for deposition in the future, such defendant must give at least 20 days' notice. The parties must keep in mind that all discovery, including expert discovery, must be commenced in time to be completed on or before February 20, 2009.

                                                         */s/ Douglas F. Eaton*
                                     DOUGLAS F. EATON
                                     United States Magistrate Judge
                                     500 Pearl Street, Room 1360
                                     New York, New York 10007
                                     Telephone: (212) 805-6175
                                     Fax: (212) 805-6181

Dated:    New York, New York
            September 23, 2008

Copies of this Memorandum and Order (and of its annexed copies of Mr. Wise's September 22 letter to me and of Mr. Kahn's response, namely his September 22 letter to me with two exhibits) are being sent by electronic filing to:

Eric E. Lenck, Esq.
Lawrence J. Kahn, Esq.

Harry H. Wise, III, Esq.

Raymond A. Connell, Esq.

Hon. Colleen McMahon

HARRY H. WISE, III<br>
ATTORNEY AND COUNSELOR AT LAW<br>
250 WEST 57TH STREET, SUITE 1316<br>
NEW YORK, NEW YORK 10107<br>
TEL: (212) 810-2430<br>
FAX: (212) 810-2427<br>
E-MAIL: HWISELAW@AOL.COM

September 22, 2008

VIA FACSIMILE: (212) 806-6181

Hon. Douglas F. Eaton
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

    Re: Maersk v. Neewra, 05-cv-4356 (CM)

Dear Magistrate Eaton:

    Pursuant to your Honor's directive of Friday the parties herewith present a joint letter setting forth their positions on an issue that has arisen with respect to plaintiffs' depositions.

Position of Defendants Joginder Sahni, Dawood Parkar, and Help Line Collection Co.:

    In her scheduling order, Judge McMahon mandates: "Plaintiff's (sic) deposition shall be taken first, and shall be completed by October 10, 2008." The question that has arisen is whether the two plaintiffs can comply with that requirement by producing two witnesses who (1) have no personal knowledge that is relevant to any issues raised by the claims against the remaining defendants, and (2), in one case, who has already been deposed.

    I am sure your Honor recalls the nature of this case, and the prior dispute you resolved by requiring the Kuwaiti defendants I represent to come here to be deposed (with Maersk picking up half the airfare). I suspect that your Honor also recalls that during the telephone conference on that issue, counsel for plaintiffs stated their intention to bring their Kuwaiti witnesses here to be deposed (making the demands on my clients seem more reasonable).

    What happened with respect to plaintiffs' depositions is that I served a notice of deposition, pursuant to Rule 30(b)(6), setting forth the areas that I wanted to inquire into, which were three—any evidence that each of my three clients is involved in the alleged

Hon. Douglas F. Eaton, September 22, 2008, Page Two

conspiracy to defraud Maersk. My clients have no interest in litigating the question whether or not plaintiffs were defrauded—their case is that they were not members of any conspiracy and did nothing to injure plaintiffs. The only persons with any actual evidence as to these issues live and work in Kuwait.

What I received back from Maersk's lawyers was a notice that they were planning to produce for examination Massoud Messkoub on behalf of one plaintiff and Tom Becker on behalf of the other. Massound Messkoub is, according to his declaration submitted in this case Maersk, Inc.'s "Director of Claims." He works at Maersk's offices in Giralda Farms, New Jersey. He has submitted a lengthy and detailed declaration concerning his investigation of the alleged frauds, and he has already been deposed by the original counsel for defendant Mohinder Singh Sahni. The other proposed plaintiff's witness, Tom Becker, is unknown to me, but without a doubt has not the slightest personal knowledge of anything that could be useful to defendants in this case.

Faced with the prospect of depositions that would be completely useless to defendants (by plaintiffs' design), I served an amended notice of deposition calling for the deposition of plaintiffs by their managing agent Elvis Pinto. Mr. Pinto is described by one of plaintiffs' witnesses as "sales manager" in Kuwait. (Declaration of Soren Hansen, ¶ 8), and he describes himself as "a Manager of Safmarine Kuwait, which is part of Maersk Kuwait WLL." (Pinto Statement, ¶ 1). As you may recall, it is Mr. Pinto whose evidence connects my client Joginder Singh Sahni to this case. Mr. Pinto alleges he had a face-to-face conversation with Mr. Sahni in which Mr. Sahni attempted to bribe him. His evidence is also important because hearsay reports of an "attack" on his wife have been used to prejudice the court against defendants and were relied upon by your Honor in requiring defendants to come here to be deposed.

I would be willing to depose Mr. Pinto, here or, paying my own expenses, in Kuwait or in any other place in the world he might prefer. Plaintiffs are refusing to produce him, insisting on producing their selected know-nothings. And, in the latest example of their gamesmanship, as I write this, at 4:45 p.m. on Friday, I have received a fax from plaintiff's counsel, Lawrence J. Kahn, Esq., in which he writes, even though he knows we are submitting our deposition dispute to you for resolution on Monday: **"If you do not indicate to the undersigned by 6:00 p.m. today that you wish to take [Mr. Messkoub's] deposition on Tuesday, we will consider his deposition cancelled by you."** (underlining and bold-faced type supplied by Mr. Kahn). That is to say, unless we agree to depose their selected, useless witness on the day they have selected for his deposition, they will argue that defendants have forfeited their court-ordered right to depose plaintiffs. Does this seem to the Court like good-faith practice?

Finally, I would note what appears to be plaintiffs's counsel's regular *modus operandi*. They take a position that seems reasonable in order to achieve a result they want, and then quickly repudiate the reasonable position in order to disadvantage defendants. In my letter to your Honor of Sept. 11, I noted that plaintiff's counsel who

Hon. Douglas F. Eaton, September 22, 2008, Page Three

were demanding to depose defendants in New York had asserted, in seeking to defeat my motion for a *forum non conveniens* dismissal, that they were willing to depose defendants in a location more convenient for defendants than New York (an offer explicitly relied upon by Judge McMahon in denying the motion), and then, once the motion had been defeated, had immediately changed their tune.

Now, having represented to your Honor during the conference call last week that they were prepared to fly their witnesses from Kuwait to New York to be deposed, they offer as their plaintiffs' witnesses two men who will come to the deposition via the PATH train.

Plaintiffs' efforts to waste everyone's time and money in this case should be rejected, and they should be required to produce useful witnesses to comply with Judge McMahon's order.

Position of Defendant Mohinder Singh Sahani ("Mohinder"):

Pursuant to Rule 30(b)(6) defendant Mohinder seeks to take the deposition of Maersk personnel who have the knowledge of facts upon which the Maersk plaintiffs' Verified Complaint and Amended Verified Complaint make claim against Mohinder, a permanent resident of Kuwait.

It is the Rule 30(b)(6) obligation of Maersk to identify and to produce such witnesses. If one or more of these witnesses is not an officer, director, or managing agent of Maersk, provided the witness consents to appear, he must be produced. To the extent witnesses do not consent to appear, they should nonetheless be identified, and a reason given for the failure to appear.

Position of Plaintiffs:

Because of the nature of Maersk's submission, a letter with exhibits, I am faxing the two letters together rather than one joint letter.

Yours truly,

Harry H. Wise, III

cc:     Lawrence J. Kahn, Esq. (faxed)
        Raymond A. Connell, Esq. (faxed)

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▵
THOMAS M. RUSSO
THOMAS M. CANEVARI'
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▵
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*▵
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*†
DANIEL J. FITZGERALD*▵
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
▵ ALSO ADMITTED IN WASHINGTON, D.C.
● ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3613

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

September 22, 2008

OUR REF: 503-99/EEL

By Facsimile: (212) 805-6181
The Hon. Douglas F. Eaton, U.S.M.J.
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 1360
New York, NY 10007-1312

    Re:    Maersk, Inc. v. Neewra, Inc.
             05 CV 4356 (CM)(DFE)

Dear Judge Eaton:

    We represent the Plaintiffs in this action and write to provide Plaintiffs' response to Mr. Wise's letter regarding depositions in this matter.

    Regrettably, in another effort to unjustifiably malign Plaintiffs and undersigned counsel, Mr. Wise has yet again entirely misconstrued the facts. On September 5, 2008 at a conference before Judge McMahon, the Court entered a scheduling order which provided that Plaintiffs' depositions were to be taken first, and were to be completed on or before October 10, 2008. When counsel asked Judge McMahon whether this meant <u>all</u> of Plaintiffs' witnesses, the response was a clear a decided "no" – Plaintiffs were only required to produce their 30(b)(6) witnesses by such date. Undersigned counsel confirmed to the Court at that conference on September 5 that Plaintiffs had two such witnesses, one from each Plaintiff company. Plaintiffs contacted those witnesses shortly thereafter to obtain their availability to travel to New York for such depositions within the timeframe set by the Court.

### Rule 30(b)(6) Depositions

    On September 11, 2008, the undersigned sent a letter to Defendants' attorneys (copy attached as Ex. 1), advising that Mr. Messkoub would be the 30(b)(6) witness for Plaintiff Maersk, Inc. and that he would be available on Sept. 22 or 23, and that Mr. Becker would be the

NYDOCS1/313002.1

The Hon. Douglas F. Eaton, U.S.M.J.
September 22, 2008
Page 2

30(b)(6) witness for Plaintiff A.P. Moller-Maersk A/S and that he would be available on Oct. 7. Defendants' attorneys did not respond to this letter.

On Thursday September 18, 2008, after receipt of an Amended Deposition Notice from Mr. Wise on behalf of Joginder Singh Sahni, Parker Dawood and Help Line, and of a Deposition Notice from Mr. Connell on behalf of Mohinder Singh Sahni, the undersigned sent a follow-up letter to Defendants' attorneys, advising them that neither Mr. Pinto nor Mr. Kanal (who were both requested by name in those more recent deposition notices) were officers, managers, or even employees of either Plaintiff organization, and accordingly were not 30(b)(6) witnesses whose appearance was compelled on/prior to Oct. 10 (copy attached as Ex. 2). So as to be able to provide Mr. Messkoub some notice of his upcoming deposition, I asked Defendants' counsel to confirm at whose office the deposition would be taken and advised that although we could no longer conduct the deposition on Monday September 22, Tuesday September 23 remained available.

Although Defendants' counsel responded with regard to their desire to depose Mr. Pinto and Mr. Kanal, they provided no response whatever with regard to whether they wished to take Mr. Messkoub's deposition, and if so, where. On Friday September 19, I wrote again (copy attached as Ex. 3) asking whether Defendants were interested in deposing Mr. Messkoub. I explained that Mr. Messkoub's mother had passed away and that he needed to travel abroad for the funeral. I also explained that Mr. Messkoub had retired from Maersk, Inc. This witness needs to be given some notice of where and whether to appear for a deposition, and so I advised that if we received no response by 6:00 p.m. that day that the deposition was going forward on September 23, we would consider it cancelled. Despite repeated requests, Defendants never indicated that they wished for this deposition to proceed, and so it is now cancelled.

A.P. Moller-Maersk A/S's Rule 30(b)(6) witness, Tom Becker, is currently scheduled for October 7. Defendants similarly have not advised whether they wish to take Mr. Becker's deposition, and if so, at which office. Both Defendants' counsel seem from their letters to the undersigned to be unable to determine who Mr. Becker is. Respectfully, they should review the record. He has already provided two Declarations in this matter. These Declarations identify him, his position, and outline certain topics within his knowledge. Plaintiffs also identified Mr. Becker in their Rule 26 disclosures. Defendants should advise whether they wish to take Mr. Becker's deposition or not, and if so, where, so that Plaintiffs may make appropriate arrangements for his travel from Denmark to New York, which will require substantially more than Mr. Wise's suggestion of a PATH ticket.

Defendants have yet to indicate that they wish to take the Plaintiffs' depositions. Certainly nothing requires them to do so – the only requirement was that Plaintiffs needed to make their 30(b)(6) witnesses available for deposition on/before October 10, and Plaintiffs have met this requirement. Defendants' actions thus far in not responding with regard to whether they wish to take Defendants' depositions has resulted, we submit, in the Defendants' forfeiture of

NYDOCS1/313002.1

FREEHILL, HOGAN & MAHAR LLP

The Hon. Douglas F. Eaton, U.S.M.J.
September 22, 2008
Page 3

their opportunity to depose Mr. Messkoub on/prior to October 10. Defendants have never asked whether they could depose him at a later time and Plaintiffs have accordingly taken no position on the matter. Mr. Wise deduces that Plaintiffs "will argue that defendants have forfeited their court-ordered right to depose plaintiffs", but he has never discussed this subject with us.

### Pinto and Kanal Depositions

Mr. Pinto and Mr. Kanal are employees of a company that is not a party to this suit. Following receipt on Sept. 18 of the requests by Defendants to specifically depose these individuals, the undersigned inquired as to the availability of these two men to appear at deposition. I am still awaiting a response. Plaintiffs are not refusing their production, and at this point do not know whether they will appear or whether they will refuse to appear.

Defendants' demands that Plaintiffs provide an answer as to whether Messrs. Pinto and Kanal will or will not appear (and if not why not) within 24 hours of their request to depose these gentlemen is inherently unreasonable, particularly given the time difference between New York and Kuwait. Without knowing their availability to be deposed, Plaintiffs cannot commit to make these men available on/before October 10 (the date selected by Defendants for such depositions). Since their depositions are not required by October 10, the date selected by Defendants is inherently arbitrary and strict adherence to the October 10 deadline set by Defendants should not be required.

We thank the Court for its consideration of and attention to this matter.

Respectfully submitted,

FREEHILL HOGAN & MAHAR LLP

Lawrence J. Kahn

cc:  Via Facsimile: (212) 810-2427
     Harry Wise, Esq.

     Via Facsimile: (212) 619-2340
     Raymond Connell, Esq.

NYDOCS1/313002.1

FREEHILL, HOGAN & MAHAR LLP

EXHIBIT 1

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▵
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▵
MICHAEL E. UNGER*¹
WILLIAM J. PALLAS*
GINA M. VENEZIA*▵
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*¹
DANIEL J. FITZGERALD*▵
MICHAEL C. ELLIOTT*
JAN P. GISHOLT¹

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
▵ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

September 11, 2008

OUR REF: 503-99/EEL

**By Facsimile: 212-810-2427**
Harry H. Wise, III, Esq.
Law Offices of Harry H. Wise, III
250 West 57th Street, Suite 1316
New York, NY 10107

**By Facsimile: 212-619-2340**
Raymond A. Connell, Esq.
Law Offices of Raymond A. Connell
132 Nassau Street, Suite 900
New York, NY 10038

Re: Maersk, Inc. v. Neewra, Inc.
05 CIV 4356 (CM)

Dear Counsel:

Enclosed with reference to this matter, and further to Judge McMahon's Rules and Order of September 5, plaintiffs hereby give notice of the availability of their Rule 30(b)(6) witnesses.

Plaintiff Maersk Inc.'s witness, Massoud Messkoub, is available to be deposed on either September 22 or 23. Plaintiff A.P. Moller-Maersk A/S's witness, Tom Becker, is available to be deposed on October 7. We note that the depositions have been called for at Harry's office.

Thanks your attention to this.

Very truly yours,

FREEHILL HOGAN & MAHAR LLP

Lawrence J. Kahn

NYDOCS1/312380.1

EXHIBIT 2

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▵
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▵
MICHAEL E. UNGER*¹
WILLIAM J. PALLAS*
GINA M. VENEZIA*▵
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*¹
DANIEL J. FITZGERALD*¹▵
MICHAEL C. ELLIOTT*
JAN P. GISHOLT¹

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
▵ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8077

September 18, 2008

OUR REF: 503-99/EEL

**By Facsimile: 212-810-2427**
Harry H. Wise, III, Esq.
Law Offices of Harry H. Wise, III
250 West 57th Street, Suite 1316
New York, NY 10107

**By Facsimile: 212-619-2340**
Raymond A. Connell, Esq.
Law Offices of Raymond A. Connell
132 Nassau Street, Suite 900
New York, NY 10038

    Re: Maersk, Inc. v. Neewra, Inc.
       05 CIV 4356 (CM)

Dear Counsel:

  We are in receipt today of Harry's Amended Notice of Deposition and Ray's Notice of Deposition. Harry's calls specifically for the deposition of Elvis Pinto on/before October 10 and Ray's calls specifically for the depositions of Elvis Pinto and Bimal Kanal on/before October 10. Harry's notice calls for depositions to take place at his office; Ray's calls for depositions at his office. We respond as follows.

  1. Judge McMahon's Sept. 5 Order was that Plaintiffs were to produce their 30(b)(6) witnesses on or before October 10. We advised you both a week ago that Maersk Inc.'s 30(b)(6) witness is Massoud Messkoub and that he was available Sept. 22 or 23 and that A.P. Moller-Maersk A/S's 30(b)(6) witness is Tom Becker and that he was available on Oct. 7. We have not heard from either of you since with regard to same.

  2. Neither Mr. Pinto nor Mr. Kanal are -- nor can they be -- a 30(b)(6) witness for either Plaintiff. Mr. Pinto is an employee of Safmarine; Mr. Kanal is an employee of Maersk Kuwait. These are separate legal entities and they are not parties to this action.

NYDOCS1/312915.1

Harry H. Wise, III, Esq., et. al.
September 18, 2008
Page 2

    3. We also believe that there should be an agreed place to hold the depositions. We'll produce Maersk's witnesses at Harry's office or at Ray's office (or here at our office, if that makes more sense or is otherwise more convenient). Please let us know at which office you would like Mr. Messkoub to be deposed on Sept. 23 (due to the closeness in time of his deposition date and your respective failures to choose between Sept. 22 and 23, we are now withdrawing Sept. 22 as an option for Mr. Messkoub, in order that he may have adequate notice.) If you are not going to proceed with Mr. Messkoub's deposition on Sept. 23, please let us know no later than noon tomorrow Sept. 19. Please also let us know at which office you would like Mr. Becker to be deposed on Oct. 7.

    Thanks your attention to this.

                              Very truly yours,

                              FREEHILL HOGAN & MAHAR LLP


                              Lawrence J. Kahn

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.▵
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▵
MICHAEL E. UNGER*¹
WILLIAM J. PALLAS*
GINA M. VENEZIA*▵
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*¹
DANIEL J. FITZGERALD*¹▵
MICHAEL C. ELLIOTT*
JAN P. GISHOLT¹

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
▵ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

September 19, 2008

OUR REF: 503-99/EEL

**By Facsimile: 212-810-2427**
Harry H. Wise, III, Esq.
Law Offices of Harry H. Wise, III
250 West 57th Street, Suite 1316
New York, NY  10107

**By Facsimile: 212-619-2340**
Raymond A. Connell, Esq.
Law Offices of Raymond A. Connell
132 Nassau Street, Suite 900
New York, NY  10038

   Re: Maersk, Inc. v. Neewra, Inc.
      05 CIV 4356 (CM)

Dear Counsel:

  Despite repeated requests, neither of you have responded as to whether you wish to take the deposition of Maersk Inc.'s 30(b)(6) witness, Massoud Messkoub, on Tuesday Sept. 23.

  Mr. Messkoub has retired from Maersk Inc. and his mother has recently passed away and he is attempting to make plans to attend funeral services abroad. It is extraordinarily unfair and unreasonable for you to continue to ignore requests to give this man some reasonable notice of whether you intend to depose him or not. **If you do not indicate to the undersigned by 6:00 p.m. today that you wish to take his deposition on Tuesday, we will consider his deposition cancelled by you.** If you do wish to take his deposition on Tuesday Sept. 23, you will need to advise at whose office the deposition will take place. Our office remains an option if you wish.

         Very truly yours,

         FREEHILL HOGAN & MAHAR LLP

         Lawrence J. Kahn

NYDOCS1/312967.1