USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

MAERSK, INC., and A.P. MOLLER-MAERSK A/S,

Plaintiffs,

-against-

NEEWRA, INC., et al.,

Defendants.

---------------------------------------x

05 Civ. 4356(CM)(DFE)

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

1. The Amended Verified Complaint, filed more than two years ago on August 31, 2006, has a caption that is long and confusing. It lists Mandeep Singh Sahni ("Mandeep") as the eighth defendant. However, the Clerk's Office neglected to note him as a defendant in the 8/31/06 docket entry or in the list of defendants at the start of the docket sheet (although he was listed as a garnishee at page 4 of the docket sheet). **I hereby direct the Clerk's Office to list him as follows on page 3 of the docket sheet, preferably after the seventh defendant (Sabharwal Chandra Kumar) and before the ninth defendant (Help Line Collection Co. W.L.L.):**

**Defendant**
**Mandeep Singh Sahni**
*also known as*
Mohinder Singh
*also known as*
Mohinder Sahni
*also known as*
Mohinder Singh Sahni
*also known as*
Mohinder Sahani
*also known as*
Mohinder Singh Sahani

2. On September 5, 2008, Judge McMahon held a conference, and Maersk apparently noted that it had not yet served a summons upon Mandeep. Judge McMahon's 9/5/08 Civil Case Management Plan stated, among other things: "No additional parties may be joined after October 31, 2008. .... All discovery, *including expert discovery*, must be completed on or before February 20, 2009."

USDC SDNY
DATE SCANNED 3/6/09 HL

3. On September 10, 2008, I held a telephone conference and directed three of the defendants (Joginder Singh Sahni, Dawood Parkar, and Help Line Collection Co.) to travel to New York City for their depositions. I said that I would require Maersk to pay 25% of each deponent's airfare in advance, plus a prompt additional 25% if the deponents answered all questions and did not engage in delay tactics. On September 11, their attorney Harry H. Wise, III sent me a letter which I treated as a motion for reconsideration. In a 9/17/08 Memorandum and Order (Doc #174), I reconsidered my September 10 rulings but adhered to them, and stated my reasons in writing. I also issued a 9/17/08 Order (Doc #175) giving detailed directives to those three defendants.

4. In a 9/23/08 Memorandum and Order (Doc #176), I wrote (with emphasis now added):

> .... I direct the plaintiffs to use good-faith efforts to persuade Mr. Pinto and Mr. Kanal to appear for deposition in New York as soon as possible. .... **As soon as it is clear that one or both of these men is willing to appear for deposition, then the depositions of Joginder Singh Sahni, Dawood Parkar, and Help Line Collection Co. should be scheduled to follow closely upon the depositions of Mr. Pinto and/or Mr. Kanal. ....**
>
> ... The parties must keep in mind that all discovery, including expert discovery, must be commenced in time to be completed on or before February 20, 2009.

5. **After September 23, 2008, I heard nothing from the parties for almost five months, until February 20, 2009.**

6. The plaintiffs arranged for Mr. Pinto and Mr. Kanal to travel to New York City from Kuwait and China respectively. Defense counsel deposed Mr. Pinto on October 29, 2008 and deposed Mr. Kanal on November 13, 2008. (They have also deposed other witnesses produced by plaintiffs.)

7. On October 30, 2008, plaintiffs served Mr. Wise with notices to depose his three clients, starting with Joginder Singh Sahni on November 24, to be quickly followed by Dawood Parkar and a representative of Help Line Collection Co. None of them made any timely effort to seek an adjournment or a protective order.

8. Also on October 30, 2008, plaintiffs served Mr. Connell

with a notice to take a second deposition of his client Mohinder Singh Sahni, who had given one deposition in Kuwait. Mr. Connell was more diligent than Mr. Wise. He sent plaintiffs letters on November 11, November 23 and December 8, 2008, in an effort to initiate a joint letter to me on the issue of whether his client was entitled to a protective order barring a second deposition. But plaintiffs delayed presenting the issue to me.

9. Despite the February 20, 2009 deadline to complete all discovery, plaintiffs waited until February 20 to present any disputes to me. On February 20, at 6:32 p.m., plaintiffs faxed me a 22-page joint letter. (For the next five business days, I was on criminal duty.) On page one, plaintiffs write:

> The delay in writing to the Court regarding these issues stems from an attempt to amicably resolve this matter - - when it became clear that defendants simply would not produce their witnesses in New York for deposition, Maersk proposed mediation before Your Honor as a means of potentially resolving the dispute on the merits. Opposing counsel advised that they would seriously consider such mediation after their discovery demands (document requests and interrogatories) were answered. In good faith, Maersk responded to those demands, only to find the defendants unwilling to mediate. As a last resort, a meeting was held ... February 17 in an effort to resolve the outstanding discovery demands and to attempt to hold a mediation. Those efforts failed and we now move the Court for discovery sanctions against the defendants for their failures to respond to discovery.

10. Settlement discussions are fine, but they do not change the fact that Judge McMahon set a deadline of February 20, 2009 for the completion of all discovery, and a deadline of March 31, 2009 for serving any motion for summary judgment and for submitting the joint pre-trial order. I shall now discuss the seven issues raised in the February 20 joint letter.

(Pages 2-7) **Issue 1: Deposition of Mohinder**

11. Plaintiffs write: "The initial deposition of Mohinder was only for the limited purpose of determining the identity of the person who claimed to be uninvolved with the frauds against Maersk." They go on to explain why they need a second deposition of Mohinder. But Mohinder's position was stated in Mr. Connell's letters dated November 11, November 23, and December 8, 2008.

Plaintiffs should have promptly presented the issue to me in a joint letter, but they waited until February 20, the deadline for the completion of all discovery. Accordingly, **I decline to issue any sanction against Mohinder for failing to give a second deposition.**

        (Pages 7-11) **Issue 2: Depositions of Joginder, Parkar, and Help Line**

12. These three defendants received clear orders from me on September 17 and 23, 2008. The October 30 deposition notices clearly complied with my September 23 order. These three defendants were clearly required to appear in New York City for their depositions starting on November 24. On February 20, 2009, they presented some medical reports for the first time. The reports are unpersuasive, and the telling fact is that Mr. Wise and his three clients never made any travel arrangements for these depositions.

13. I find that these three defendants violated my orders with no good excuse. At page 11, the plaintiffs write that "sanction should be imposed pursuant to Rule 37, including negative inferences and/or striking of their answers." I hereby impose the following sanctions. **Pursuant to Rule 37(2)(A)(ii), I prohibit the defendants from introducing any affidavit or testimony of Joginder Singh Sahni, Dawood Parkar, or any employee of Help Line Collection Co. in connection with any motion for summary judgment or any trial in this lawsuit.**

        (Pages 11-13) **Issue 3: Mohinder's Responses to Document Discovery**

14. Mohinder Singh Sahni has produced very few documents. He has taken unjustifiable positions concerning his Rule 34 obligations. For example, at page 12, Mr. Connell writes: "[Mohinder] refuses to produce his own banking records as irrelevant until such time as Maersk can produce what he deems to be 'facts' that tie him to the frauds." On the other hand, at page 13, he correctly points out: "... Mohinder's Response to Maersk's Document Demand was served on October 29, 2008. The Maersk request for an order directing production [was] made on February 20, 2009, the discovery cutoff date, is clearly untimely."

15. Since Maersk failed to make a timely request for an order to compel, I have decided to grant only limited relief on this issue. **I prohibit Mohinder Singh Sahni from introducing any**

**document into evidence in connection with any motion for summary judgment or any trial in this lawsuit if plaintiffs requested that document and (a) on or before February 20, 2009, he asserted that the document was irrelevant, or (b) on or before February 20, 2009, he asserted that the document was not in his possession or control (unless he proves to Judge McMahon that he did not have possession or control of the document until after February 20, 2009, and that he promptly provided a copy to plaintiffs).**

(Pages 13-16) **Issue 4: Joginder's Document Production**

16. Since Maersk failed to make a timely request for an order to compel, I have decided to grant only limited relief on this issue. **I prohibit Joginder Singh Sahni from introducing any document into evidence in connection with any motion for summary judgment or any trial in this lawsuit if plaintiffs requested that document and (a) on or before February 20, 2009, he asserted that the document was irrelevant, or (b) on or before February 20, 2009, he asserted that the document was not in his possession or control (unless he proves to Judge McMahon that he did not have possession or control of the document until after February 20, 2009, and that he promptly provided a copy to plaintiffs).**

(Pages 16-17) **Issue 5: Parkar's Document Production**

17. As to Parkar, Maersk belatedly seeks an order to compel as to three Rule 34 requests that appear to be overbroad, except that Maersk culls out an important part of its Request No. 11 and writes: "Particularly important here is the fact that Maersk's $1.86 million was released by the Kuwaiti Court to Park[a]r. Maersk should be entitled to explore what Park[a]r did with those funds by tracing to further transfers (if any) of the funds. While Park[a]r has supplied some bank documents, he has not supplied records relating to the transfer out of his account of the $1.86 million which would show where those funds were routed." Mr. Wise's entire response concerning Request No. 11 is: "Park[a]r objects to the production on the basis of overbreadth and relevancy and has indicated that it would be time consuming to try to obtain the other documentation from the bank."

18. Since Maersk failed to make a timely request for an order to compel, I have decided to grant only limited relief on this issue. **I prohibit Dawood Parkar from introducing any document into evidence to explain what he did with the $1.86 million, except for any document that he supplied to plaintiffs on or before February 20, 2009. I also prohibit Dawood Parkar**

**from introducing any document into evidence in connection with any motion for summary judgment or any trial in this lawsuit if plaintiffs requested that document and (a) on or before February 20, 2009, he asserted that the document was irrelevant, or (b) on or before February 20, 2009, he asserted that the document was not in his possession or control (unless he proves to Judge McMahon that he did not have possession or control of the document until after February 20, 2009, and that he promptly provided a copy to plaintiffs).**

(Pages 17-19) **Issue 6: Help Line's Document Production**

19. Since Maersk failed to make a timely request for an order to compel, I have decided to grant only limited relief on this issue. **I prohibit Help Line Collection Co. from introducing any document into evidence in connection with any motion for summary judgment or any trial in this lawsuit if plaintiffs requested that document and (a) on or before February 20, 2009, Help Line asserted that the document was irrelevant, or (b) on or before February 20, 2009, Help Line asserted that the document was not in its possession or control (unless it proves to Judge McMahon that it did not have possession or control of the document until after February 20, 2009, and that it promptly provided a copy to plaintiffs).**

(Pages 19-22) **Issue 7: Service of Process on Mandeep**

20. As I noted at the start of today's Memorandum and Order, the Amended Verified Complaint was filed on August 31, 2006, and it lists Mandeep as the eighth defendant. Judge McMahon's 9/5/08 Civil Case Management Plan stated, among other things: "No additional parties may be joined after October 31, 2008."

21. At page 19 of the 2/20/09 joint letter to me, Maersk writes:

> Service of the summons and complaint on Mandeep Singh Sahni proved to be time consuming and difficult, but was ultimately achieved on November 10, 2008. Maersk was required under Kuwaiti law to use court-appointed process servers who made attempts to serve Mandeep personally pursuant to their own schedule. Efforts to serve Mandeep through this method took many months to accomplish, but it was the only legal option in Kuwait. ....

> .... Mandeep, through Mr. Connell, indicates that he has not been served. ....
>
> At the meeting [of February 17, 2009] Maersk agreed to produce the proof of service on Mandeep and Maersk's Kuwaiti counsel had advised today [February 20] that the proof will be provided on Monday Feb. 23.

22. On February 24, 2009, Maersk a declaration of Kuwaiti attorney Ahmed Zakaria (Doc #177). He attaches a 3-page document in Arabic, with no translation, and he states in his declaration at ¶7:

> Attached hereto as Exhibit A is proof that Defendant Mandeep Singh Sahni was served with the Summons and Amended Verified Complaint in this matter pursuant to Kuwaiti law on 10 November 2008. In the case of Mandeep Singh Sahni, the process server attempted to personally deliver the papers to him, but Mandeep Singh Sahni's assistants refused to sign for the papers. The papers were delivered to the appropriate local police precinct, which issued a registered letter to Mandeep Singh Sahni to take a copy of the papers from the police.

23. On February 25, 2009, Mr. Connell faxed a letter to me. It states, in part:

> A copy of the Zakaria Declaration was provided [to] Mandeep for review who advises:
>
> 1. to date he never received a Summons;
>
> 2. Maersk knows where Mandeep lives and works, yet no papers were delivered to him; his employees confirm no papers were delivered at his workplace; no process server ever appeared there; and he has not received a registered letter from the police; and,
>
> 3. on the last page of the Arabic attachment the address listed on the stamp is not his. ....
>
> ... [I]t appears a process server, whoever he was, was directed to the wrong address, .... Apparently, a police mailing likewise went to the

wrong address.

24. On February 26, 2009, Maersk responded with a letter that begins by asserting: "Mandeep was named as a defendant in the Amended Verified Complaint [filed in 2006]. He was thus joined at that time." I disagree. Judge McMahon ordered that "No additional parties may be joined after October 31, 2008." This was the deadline to make service of process on Mandeep. If service was in fact made on November 10, 2008, there was time for Mandeep and the other parties to complete discovery in the next three months, and hence no serious prejudice. But Maersk has been aware since November that Mandeep is claiming that he never received any service of process, and yet Maersk did not bring the dispute to my attention until February 20, 2009. Even then by that late date, Maersk did not have an English translation of the process server's certification. And Maersk's February 26 letter says:

> We have initiated a further inquiry with our local Kuwaiti counsel Mr. Zakaria. We have just learned, however, that February 23-27 are national holidays in Kuwait .... Mr. Zakaria's offices are closed for the holiday and so we do not anticipate a response to the above questions until sometime next week at the earliest.

27. As of noon on Friday March 6, 2009, Maersk has provided no translation, and no answers to the eight questions acknowledged in its February 26 letter, which include "(c) the address at which service was attempted and refused," and "(e) whether there was one attempt or more than one attempt to serve Mandeep," and "(f) the date when the papers were delivered to the police."

28. At pages 21-22 of the 2/20/09 joint letter, Maersk wrote:

> Maersk submits that there are two viable solutions to this problem:
>
> (a) the discovery should be extended with relation to Mandeep only ...; or
>
> (b) Mandeep must live with the consequences of failing to participate in this action despite being represented and on actual notice of the claims against him.

29. I decline to recommend either of those two proposed solutions. **Maersk must live with the consequences of failing to file any proof of service concerning Mandeep until after the 2/20/09 close of discovery, although Maersk knew that Mandeep was denying that he received any summons.**

**The 3/3/09 Joint Letter**

30. On February 23, 2009, Mr. Connell provided Maersk with his portion for a joint letter to be sent to me concerning Mohinder Singh Sahni's complaints about the adequacy of Maerk's discovery responses provided on February 9. Maersk then prepared its portion and the joint letter was faxed to me on March 3, 2009.

31. Mr. Connell failed to make a timely request for an order to compel, and did not even serve his portion for a joint letter until after the 2/20/09 close of discovery. I have decided to grant only limited relief on the issues raised in the belated joint letter faxed to me on March 3. At pages 3-4 Maersk writes that it "has no access to any reports, communications, or other documents drafted or otherwise prepared by Vijay Kapoor [or by] Celine Mascarenhas." **I prohibit plaintiffs from introducing any document prepared by Vijay Kapoor or by Celine Mascarenhas into evidence in connection with any motion for summary judgment or any trial in this lawsuit unless (a) plaintiffs provided a copy of the document to defendants on or before February 20, 2009, or (b) plaintiffs prove to Judge McMahon that they did not have possession or control of the document until after February 20, 2009, and that they promptly provided a copy to defendants.**

32. I remind the parties that the joint pre-trial order must be filed by March 31, 2009, and that any summary judgment motion must also be filed by March 31, 2009.

Douglas F. Eaton
DOUGLAS F. EATON
United States Magistrate Judge

Dated: New York, New York
March 6, 2009

Copies of this Memorandum and Order are being sent by electronic filing to:

Eric E. Lenck, Esq.
Lawrence J. Kahn, Esq.
Harry H. Wise, III, Esq.
Raymond A. Connell, Esq.
Hon. Colleen McMahon