503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Eric E. Lenck
Lawrence J. Kahn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAERSK, INC. and A.P. MOLLER-MAERSK A/S,

                        Plaintiffs,           05 CIV 4356 (CM)

-against-

NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI SINGH a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a ABUL SABAH a/k/a AREF HASSAN ABUL, MOHINDER SINGH SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SINGH SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER SAHANI SINGH a/k/a JOGINDER SINGH SAHNI, JOGINDER SINGH SAHNI a/k/a JOGINGER SINGH SAHNI a/k/a JOGINDER SAHNI SINGH a/k/a JOGINGER SAHNI SINGH a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI a/k/a JOGINGER SINGH a/k/a JOGINGER SAHNI, SABHARWAL CHANDRA KUMAR a/k/a SABHARWAL K. CHANDRA, MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH SAHNI a/k/a MOHINDER SAHANI a/k/a MOHINDER SINGH SAHANI, HELP LINE COLLECTION CO. W.L.L., PARKER DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR TRADERS EST., SARDAR INTERNATIONAL TRADING CO., AL TAMASOK AL ARABI EST., JOHN DOE 1-100 (fictitious) and JOHN DOE INC. 1-100 (fictitious),

**RULE 56.1 STATEMENT FOR MOTION AGAINST DEFENDANTS JOGINDER SINGH SAHNI, HELP LINE, AND PARKER**

                        Defendants.
------------------------------------------------------------------------x

      Plaintiffs MAERSK, INC. and A.P. MOLLER-MAERSK A/S (collectively, "MAERSK"), through undersigned counsel and pursuant to Fed.R.Civ.P. 56 and Local

Rule 56.1 submit the following statement of material facts to which MAERSK contends there exist no genuine issues of material fact to be tried:

1. This is an action by MAERSK to recover for losses due to three separate frauds committed upon MAERSK. MAERSK also seeks treble damages pursuant to the RICO statute. *See* Amended Verified Complaint, docket entry 95.

2. Judgment has already been entered against five of the named defendants, NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL, INC., ARWEEN SINGH SAHNI and SABHARWAL CHANDRA KUMAR. *See* Judgments, Docket entries 167 and 183.

3. One fraud, the "Tires Fraud", involved multiple shipments of used tires from the United States to India in which the shippers, who collected a fee for disposing of the tires, knew that there was no consignee in India. *See* Messkoub Declaration, docket entry 67; *see also* Court's Decision and Order of March 27, 2008, docket entry 155.

4. Another fraud, the "Neewra Fraud", involved a shipment from the United States to Kuwait, claimed to be computer hard drives, in which the actual cargo (whatever it was) was collected through the use of a fraudulent bill of lading and which later became the subject of several separate false claims for non-delivery. One claim, filed in Kuwait, resulted in the arrest at Kuwait of a MAERSK container ship on liner service, the M/V ALVA MAERSK. Ultimately, the Kuwaiti Court transferred the funds that served as security for the vessel to Defendant PARKER DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER ("Parker"). *See* Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77, Zakaria Declaration, docket entry 129, Documents produced by Parker during discovery, Ex. 1 to the Kahn Affirmation.

5.  Parker untruthfully denied having received these funds in his Answer. *See* docket entry 160.

6.  The third fraud, the "Rednihom Fraud", involved another shipment from the United States to Kuwait, claimed to be PC parts, in which Maersk thwarted the fraud and with the assistance of Customs authorities, discovered that the cargo actually shipped contained no goods of value. *See* Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77.

7.  All three frauds concerned shipments subject to Maersk's bill of lading, which provides in part as follows:

> The Shipper, consignee, holder hereof, and owner of the goods, ***and their principals***, shall be jointly and severally liable to Carrier for the payment of freight, demurrage, General Average and other charges due hereunder, without discount, together with any Court costs, expenses and reasonable attorney fees incurred in collecting any sums due Carrier....Merchant to remain liable for all charges hereunder notwithstanding any extension of credit...by Carrier.

(Emphasis supplied.) *See* the Court's Memorandum and Order of August 1, 2006, docket entry 84, the Court's Decision and Order of March 27, 2008, docket entry 155, the Declaration of Massoud Messkoub, docket entry 67, and the Declaration of Elvis Pinto, docket entry 130.

8.  Defendant JOGINDER SINGH SAHNI ("JSS") uses a number of aliases, and is the owner or operator of Defendant HELP LINE COLLECTION CO. W.L.L. ("HLC"), and was an owner, officer, director, employee, and/or agent of Defendant AL TAMASOK AL ARABI EST. ("Al Tamasok"). *See* Ghirardani Declaration, docket entries 72-77.

9. JSS is the father of Defendant ARWEEN SINGH SAHNI ("Arween") is the brother of Defendant MSS, and is the uncle of Defendant MANDEEP SINGH SAHNI ("Mandeep"). *See* JSS Answer, docket entry 158.

10. HLC is a corporation or other business entity organized and existing in Kuwait. HLC Answer, docket entry 159.

11. HLC is in the business of debt collection. Ghirardani Declaration, docket entries 72-77.

12. JSS is an officer, director, principal, agent or employee of HLC and claims to have provided Mr. Ghirardani with an HLC business card. JSS Answer, docket entry 158, JSS Declaration, docket entry 68.

13. HLC employed Defendant Parker. Ghirardani Declaration, docket entries 72-77, Pinto Declaration, docket entry 130.

14. Parker's corporate sponsor in Kuwait is Blue Bird Water Treatment Co. ("Blue Bird"). *See* Parker Answer, docket entry 160; *see also* Parker business card, Ex. 2 to the Kahn Affirmation.

15. Blue Bird is owned, operated, or controlled by JSS. JSS Answer, docket entry 158.

16. JSS unsuccessfully attempted to bribe Elvis Pinto to provide JSS with a blank form Maersk bill of lading with the equivalent of $60,000 and directed Elvis that if he took the bribe he must leave Kuwait. This attempted bribe occurred at the offices of Blue Bird. Pinto Declaration, docket entry 130.

17. Parker filed the fraudulent Neewra claim in the Kuwaiti court. Zakaria Declaration, docket entry 129, Pinto Declaration, docket entry 130, Parker Answer, docket entry 160, Ghirardani Declaration, docket entries 72-77.

18. HLC pursued Neewra's fraudulent claims in Kuwait against Maersk. Ghirardani Declaration, docket entries 72-77, Pinto Declaration, docket entry 130, JSS Answer, docket entry 158.

19. HLC attempted to divert the fraudulent Rednihom shipment to Dubai. Pinto Declaration, docket entry 130, HLC Answer, docket entry 159.

20. Al Tamasok was the named consignee of the Neewra shipment. Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77.

21. Al Tamasok, at the direction of JSS, presented a fraudulent bill of lading in order to procure the Neewra shipment. Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77.

22. JSS procured the fraudulent bill of lading by bribing a Maersk employee, Celine Mascarenhas, to provide a blank form bill of lading, by obtaining from Neewra the information required to complete the bill of lading, and by hiring a website designer to create the false document. Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77.

23. MAERSK directed English solicitor Paolo Ghirardani of the law firm of Stephenson Harwood to go to Kuwait to investigate the Neewra fraud. As part of that investigation, Mr. Ghirardani requested a meeting with the "decision maker" for NEEWRA. Ghirardani Declaration, docket entries 72-77.

24. The person identified as the decision maker for Neewra in Kuwait was called Joginder Singh Sahni (or "Mr. Joginder") and a meeting was arranged at a coffee shop at the JW Marriott Hotel in Kuwait in April 2004. In attendance at that meeting were four people - Mr. Ghirardani, Mr. Kanal, Mr. Kapoor (an employee of Maersk's local partner in Kuwait, but not an employee of Maersk), and a person identified as "Joginder Singh Sahni" and as "Mr. Joginder". Ghirardani Declaration, docket entries 72-77, Kanal Declaration, docket entry 63, JSS Answer, docket entry 158.

25. JSS claims to be the person who attended that meeting. JSS Declaration, docket entry 68.

26. At the meeting, the details of the Neewra claim in Kuwait were discussed and Mr. Ghirardani asked the person identified as JSS to drop the suit on the basis of strong evidence that the claim was fraudulent. Ghirardani Declaration, docket entries 72-77, Kanal Declaration, docket entry 63, JSS Answer, docket entry 158.

27. JSS refused to drop the suit and instead offered to settle the matter if Maersk paid the principal amount of $1.86 million, and offered to waive interest "as a commercial gesture". Ghirardani Declaration, docket entries 72-77, Kanal Declaration, docket entry 63, JSS Answer, docket entry 158.

28. The April 2004 meeting lasted approximately 20-30 minutes and the parties did not settle the dispute. The person identified as JSS had knowledge of the dispute, knew the parties involved, and appeared to have full authority to conclude a settlement upon certain terms (the terms were unacceptable to MAERSK). At the close of the meeting, Mr. Ghirardani asked the person identified as "Mr. Joginder" for a business card and one was produced. The produced business card was for HLC but was

almost entirely in Arabic. Mr. Ghirardani then asked for and noted the individual's mobile phone number on the reverse side of the business card. Ghirardani Declaration, docket entries 72-77, Kanal Declaration, docket entry 63, JSS Answer, docket entry 158.

29. HLC and PARKER were also involved in the Rednihom fraud in that they attempted to find an alternative way to present another false claim like the Neewra fraud, and when efforts to procure the Rednihom shipment without the presentation of an original bill of lading were unsuccessful, HLC attempted to have the shipment diverted to another consignee in another country for the purpose of defrauding MAERSK. Pinto Declaration, docket entry 130, Ghirardani Declaration, docket entries 72-77, HLC Answer, docket entry 159.

30. JSS, HLC and PARKER conspired to defraud MAERSK and actually participated in multiple separate events of mail fraud and/or wire fraud in so doing, all as set forth in the Amended Verified Complaint (docket entry 95) and the RICO Statement (docket entry 145); *see also* Ghirardani Declaration, docket entries 72-77, Messkoub Declaration, docket entry 67, Pinto Declaration, docket entry 130, Hansen Declaration, docket entry 65.

31. JSS actively engaged in a course of conduct whose aim has been to intimidate witnesses for MAERSK with respect to this litigation. For example, Mr. Pinto has testified that JSS was behind an attack on Mr. Pinto's wife. Pinto Declaration, docket entry 130, Hansen Declaration, docket entry 65, Kanal Declaration, docket entry 63, Ghirardani Declaration, docket entries 72-77.

32. MAERSK alleged that JSS, HLC and PARKER, by words or actions, manifested an agreement to commit at least two predicate acts in furtherance of the

common purpose of their criminal enterprise. Amended Verified Complaint, docket entry 95, RICO Statement, docket entry 145, Ghirardani Declaration, docket entries 72-77, Pinto Declaration, docket entry 130, Hansen Declaration, docket entry 65, Kanal Declaration, docket entry 63.

33.    JSS, HLC and PARKER, by their actions, together with their actions in other matters not directly affecting MAERSK, through the commission of two or more predicate acts, constitute a pattern of racketeering activity that constitutes an enterprise in which each of these Defendants directly invested in or maintained an interest in or participated in, the activities of which affected both interstate and foreign commerce. Amended Verified Complaint, docket entry 95, RICO Statement, docket entry 145, Ghirardani Declaration, docket entries 72-77, Pinto Declaration, docket entry 130, Hansen Declaration, docket entry 65, Kanal Declaration, docket entry 63.

34.    MAERSK has alleged that JSS and the Singh Sahni family work cooperatively for self-enrichment. Amended Verified Complaint, docket entry 95, RICO Statement, docket entry 145, Ghirardani Declaration, docket entries 72-77, Pinto Declaration.

35.    The Court has already found, following a hearing, that the members of the Singh Sahni family, including JSS, liberally allow each other to use each others' identities, names and aliases, and that the purpose of taking on multiple names and aliases and also in posing as one another is to create confusion to creditors and to enable them to commit frauds and throw their victims off track. Memorandum and Order of August 1, 2006, docket entry 84.

36. JSS used certain companies, most of which (but not all) were owned or operated by him, including HLC, and employed intermediaries to commit frauds in which Maersk was a victim. JSS, Parker and HLC conspired together to commit the frauds and each had a role to play in executing the frauds committed upon Maersk. Ghirardani Declaration, docket entries 72-77.

37. On September 23, 2008, Magistrate Eaton ordered that "As soon as it is clear that one or both of [Maersk's witnesses, Mr. Pinto and Mr. Kanal] is willing to appear for deposition, then the depositions of [JSS], [Parker], and [HLC] should be scheduled to follow closely upon the depositions of Mr. Pinto and/or Mr. Kanal." Memorandum and Order, docket entry 176.

38. Maersk arranged, at considerable expense, for Mr. Pinto and Mr. Kanal to travel to New York from Kuwait and China respectively and Defense counsel deposed these gentlemen on October 29, 2008 and November 13, 2008 respectively. Memorandum and Order of March 6, 2009, docket entry 178.

39. On October 30, 2008, counsel for JSS, Parker and HLC was served with notices to depose JSS, Parker and HLC in quick succession, commencing on November 24, 2008. Memorandum and Order of March 6, 2009, docket entry 178.

40. Defendants JSS, Parker and HLC refused to appear for their depositions, and sought no protective order or other authorization from the Court to avoid appearing for depositions (and were therefore in contempt of the September 23, 2008 Memorandum and Order). Memorandum and Order of March 6, 2009, docket entry 178.

41. In an Order dated March 6, 2009, Magistrate Eaton imposed the following penalty pursuant to Fed.R.Civ.P. 37(2)(A)(ii): "I prohibit the defendants from

introducing any affidavit or testimony of [JSS], [Parker], or any employee of [HLC] in connection with any motion for summary judgment or any trial in this lawsuit." Memorandum and Order of March 6, 2009, docket entry 178.

42.   The Answers to the Amended Verified Complaint filed by JSS, Parker and HLC contain no assertion of any affirmative defenses whatever. JSS Answer, docket entry 158, HLC Answer, docket entry 159, Parker Answer, docket entry 160.

43.   JSS, Parker and HLC do not deny that the frauds that Maersk complains of occurred. JSS Answer, docket entry 158, HLC Answer, docket entry 159, Parker Answer, docket entry 160.

44.   JSS, Parker and HLC do not deny that a case for civil RICO exists – that there was a criminal enterprise engaged in racketeering that had committed at least two predicate acts. JSS Answer, docket entry 158, HLC Answer, docket entry 159, Parker Answer, docket entry 160.

45.   The Pretrial Order filed by Maersk, JSS, Parker and HLC provides that JSS, Parker, and HLC will not call witnesses nor will they present documentary evidence in their case in chief, except for certain excerpts from depositions given by Maersk witnesses. Pretrial Order, docket entry 188.

Dated: New York, New York
       March 31, 2009

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Møller-Maersk A/S

By: _____
Eric E. Lenck
Lawrence J. Kahn
80 Pine Street
New York, NY  10005
(212) 425-1900 / (212) 425-1901 (fax)

TO: Harry H. Wise, III, Esq.
Law Offices of Harry H. Wise, III
*Attorneys for Defendants Joginder Singh Sahni, Parker Dawood and Help Line Collection Co. W.L.L.*
250 West 57th Street, Suite 1316
New York, NY 10107

Raymond Connell, Esq.
Law Offices of Raymond Connell
*Attorneys for Defendant Mohinder Singh Sahni*
132 Nassau Street, Suite 900
New York, NY 10038