UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK, A/S

                Plaintiffs,

    -against-

                                          05 CIV 4356 (CM)

NEEWRA, INC, REDNIHOM, INC., AREF HASSAN ABUL
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI
SINGH, a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a
ABUL SABAH a/k/a AREF HASSAN ABUL, MOHINDER
SINGH SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH a/k/a
MOHINDER SINGH SAHANI a/k/a MOHINDER SAHANI
a/k/a MOHINDER SAHANI SINGH, a/k/a JOGINDER SINGH
SAHNI, JOGINDER SINGH SAHNI, a/k/a JOGINGER SINGH
SAHNI a/k/a JOGINDER SAHNI SINGH a/k/a JOGINGER
SAHNI SINGH a/k/a JOGINDER SINGH a/k/a JOGINDER
SAHNI a/k/a JOGINGER SINGH a/k/a JOGINGER SAHNI,
SABHARWAL CHANDRA KUMAR a/k/a SABHARWAL K.
CHANDRA, MANDEEP SINGH SAHNI a/k/a MOHINDER
SINGH a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH
SAHANI, HELP LINE COLLECTION CO. W.L.L., PARKER
DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER,
SARDAR TRADERS EST., SARDAR INTERNATIONAL
TRADING CO., AL TAMASOK AL ARABI EST., JOHN DOE
1-100 (fictitious) and JOHN DOE INC.1-100 (fictitious)

                Defendants.
---------------------------------------------------------------x

OPPOSING STATEMENT PURSUANT
TO LOCAL CIVIL RULE 56.1 OF DEFENDANTS
JOGINDER SINGH SAHNI, DAWOOD TAJUDDIN
PARKAR AND HELP LINE COLLECTION CO.

      Defendants Joginder Singh Sahni (hereinafter, "JSS"), Dawood Tajuddin Parkar ("Mr. Parkar") and Help Line Collection Co. ("HLC"), as their Opposing Statement Pursuant to Local Civil Rule 56.1, in opposition to plaintiffs' motion for summary judgment, allege and show:

1

General Statement

The Rule 56.1 Statement submitted by plaintiffs fails to comply with Local Civil Rule 56.1(d) in that it includes statements unsupported by evidence that would be admissible at trial and asserts as undisputed other facts that plaintiffs well know to be contested. It repeatedly references allegedly undisputed facts to entire declarations, with no reference to a specific paragraph—a tacit admission that the reference is meritless. In fact, it contains only two references to specific exhibits and not one reference to a particular paragraph in a declaration.

Specific Denials

Specifically, defendants assert that plaintiffs have no evidence supporting the following numbered paragraphs in plaintiffs' Rule 56.1 Statement:

5. Defendants have no evidence that Dawood Tajuddin Parkar was untruthful when he denied "receiving" the funds Maersk had posted with the court, and specifically denied having "profited in any manner" from Neewra's lawsuit. (Parkar Ans., ¶ NINTH). The bank document produced by Mr. Parkar (Kahn Dec., Ex. 1) shows Mr. Parkar did not keep the money but transferred it, as he has asserted, to others.

8. Defendant Joginder Singh Sahni specifically denies that he has ever used an alias, denies that he is an owner or operator of defendant Help Line Collection Co., W.L.L., and denies that he ever was an owner, officer, director, employee, or agent of defendant Al Tamasok Al Arabi Est. (JSS Ans. ¶ THIRD). This does not create a triable issue, because plaintiffs have no competent evidence supporting any of these assertions. Plaintiffs' only reference, to the entire declaration of lawyer Paolo Ghirardani, is an

admission of this deficiency, as it is wherever it appears in plaintiffs' Rule 56.1 Statement.

12. Defendant Joginder Singh Sahni specifically denies that he is an officer, director, principal, agent or employee of defendant Help Line Collection Co. (*see* JSS Ans. ¶¶ THIRD, TWELFTH), and denies that he gave Mr. Ghirardani the business card Mr. Ghirardani claims to have received from him because it is the same business card (with the same telephone number written on the back) that plaintiffs' other witness, Elvis Pinto, asserts he received from an Egyptian lawyer four years earlier. (Compare Ghirardani Dec., Ex. 64 (docket entry 77), with Pinto Dec., Ex. 44 (mis-numbered as 45)(Docket entry 160, Part 3)), and has the Egyptian lawyer's name on it (not Mr. Sahni's). This does not create a triable issue, because plaintiffs have no competent evidence suggesting that Mr. Sahni is an officer, director, principal, agent, or employee of Help Line.

13. Defendants deny that Help Line ever employed defendant Parkar. (Parkar Ans. ¶ SECOND; Help Line Ans. ¶ SECOND). This does not create a triable issue, because plaintiffs have no competent evidence that Mr. Parkar was ever employed by Help Line.

16. Defendant JSS denies that he ever attempted to bribe Elvis Pinto, and, as set forth in his motion for summary judgment, the deposition of Mr. Pinto has demonstrated that the assertion in his declaration that it was Mr. Sahni who attempted to bribe him is based entirely on hearsay. Plaintiffs have no competent evidence supporting this alleged fact.

3

21. Plaintiffs have no competent evidence that defendant JSS ever directed Al Tamasok to do anything. The references to the entire declarations of Mr. Ghirardani and Mr. Pinto show that plaintiffs know there is no such evidence.

22. Plaintiffs have no competent evidence to support the claim that defendant JSS had anything to do with obtaining a blank bill of lading or creating a false document. The references to the entire declarations of Messrs. Ghirardani and Pinto show that plaintiffs know there is no such evidence.

23. Plaintiffs have no evidence that Mr. Ghirardani requested a meeting with the "decision maker" for Neewra. Rather, as set forth in defendants' motion for summary judgment, the evidence is that Mr. Ghirardani requested a meeting with the "decision maker" of the Singh Sahni family, quite a different thing. The reference to the entire declaration of Mr. Ghirardani shows that plaintiffs know they have no evidence on the specific point.

24. Plaintiffs have no competent evidence that anyone has ever identified JSS as "the decision maker for Neewra in Kuwait." The references to the entire declarations of Mr. Ghirardani and Mr. Kanal show that plaintiffs are well aware of this deficiency.

28. The statement that the person who appeared at the Marriott meeting "appeared to have full authority to conclude a settlement upon certain terms" is an opinion, not a fact, and there is no competent evidence to support it. The references, to the entire declarations of Mr. Ghirardani and Mr. Kanal, show that plaintiffs are aware they have no competent evidence on the point.

29. Plaintiffs have no competent evidence that HLC or Parkar were involved in any Rednihom fraud. As set forth in defendants' motion for summary judgment, Mr.

4

Pinto admitted at his deposition that Mr. Parkar was not the man who came to plaintiffs' office on behalf of HLC or Rednihom, and plaintiffs have no evidence suggesting that defendant HLC's attempt to assist Rednihom to redirect its container was anything other than a standard business arrangement.

30.  Plaintiffs have no competent evidence that JSS, HLC, or Mr Parkar conspired to defraud anyone. The refrences to the entire declarations of Mr. Ghirardani, Mr. Messkoub, Mr. Pinto, and Mr. Hansen show that plaintiffs know they have nothing to support this specific allegation.

31.  Plaintiffs have no evidence suggesting that defendant JSS engaged in a course of conduct "whose aim has been to intimidate witnesses." This scurrilous falsehood was used by plaintiffs to prejudice this Court and Magistrate Eaton against plaintiffs and deprive them of the right to be deposed where they live and work, and its repetition at this state of the litigation is so frivolous that sanctions against the attorneys asserting it ought to be considered. Plaintiffs assert that "Mr. Pinto has testified that JSS was behind an attack on Mr. Pinto's wife." In support of that assertion, plaintiffs reference the entire declaration of Mr. Pinto, the entire declaration of Mr Kanal, and the entire declaration of Mr. Ghirardani. A review of Mr. Pinto's declaration shows that he said only: "I believe that this attack was connected to my involvement in investigating these frauds." (Pinto Dec. of March 21, 2007, docket entry 130, ¶ 6). This is not competent evidence of anything.

33.  Plaintiffs have no competent evidence that defendants engaged in a pattern of racketeering activity.

5

35. With the exception of Mandeep Sahni speaking for his father Mohinder, who has little facility with English, there is no evidence that any members of the Singh Sahni family, most particularly JSS, "liberally" or otherwise allow each other to use each others' identities. Any preliminary determination by this Court suggesting that this is a fact is not binding at this state of the litigation.

36. Plaintiffs have no evidence that JSS used any companies to commit fraud, or that JSS, Parker, and HLC conspired to commit a fraud. The reference to the entire declaration of Mr. Ghirardani show the lack of competent evidence.

43, 44. These paragraphs evidence a lack of understanding of the legal effect of a response in an answer asserting a lack of knowledge or information sufficient to form a belief as to the truth of an allegation in a complaint. This response is not, as plaintiffs apparently believe, a failure to deny an allegation (allowing plaintiffs to assert that defendants "do not deny" that a fraud occurred or that a case for civil RICO exists), it is a response that has the legal effect of a denial. Rule 8(b)(5), FRCP.

Dated: New York, N.Y.
April 14, 2009

*[signature]*

Harry H. Wise, III (HW6841)
  *Attorney for defendants Joginder*
*Singh Sahni, Dawood Tajuddin Parkar,*
*and Help Line Collection Co., as well*
*as dismissed defendants Sardar Traders,*
*Est. and Sardar International Trading Co.*
250 West 57th Street, Suite 1316
New York, N.Y. 10107
(212) 810-2430, ex. 302
(212) 810-2427 (fax)