503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Eric E. Lenck
Lawrence J. Kahn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MAERSK, INC. and A.P. MOLLER-MAERSK A/S,

          Plaintiffs,      05 CIV 4356 (CM)

 -against-

                      **RULE 56.1**
NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL  **COUNTER-**
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI SINGH **STATEMENT**
a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a ABUL
SABAH a/k/a AREF HASSAN ABUL, MOHINDER SINGH
SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER
SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SINGH
SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER
SAHANI SINGH a/k/a JOGINDER SINGH SAHNI, JOGINDER
SINGH SAHNI a/k/a JOGINGER SINGH SAHNI a/k/a
JOGINDER SAHNI SINGH a/k/a JOGINGER SAHNI SINGH
a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI a/k/a
JOGINGER SINGH a/k/a JOGINGER SAHNI, SABHARWAL
CHANDRA KUMAR a/k/a SABHARWAL K. CHANDRA,
MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHANI a/k/a MOHINDER SINGH SAHANI,
HELP LINE COLLECTION CO. W.L.L., PARKER DAWOOD
TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR TRADERS
EST., SARDAR INTERNATIONAL TRADING CO., AL
TAMASOK AL ARABI EST., JOHN DOE 1-100 (fictitious) and
JOHN DOE INC. 1-100 (fictitious),

          Defendants.
-------------------------------------------------------------------------x

Plaintiffs MAERSK, INC. and A.P. MOLLER-MAERSK A/S (collectively, "MAERSK"), through undersigned counsel and pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1 submit the following counter-statement of material facts:

1. The Rule 56.1 Statement submitted by the Remaining Defendants fails to comply with Local Civil Rule 56.1 in that it includes statements unsupported by evidence that would be admissible at trial and asserts as undisputed facts matters that the Remaining Defendants well know to be contested.

2. In particular, the Remaining Defendants well know that there is evidence against them that implicates their direct involvement in the frauds that are the subject of this action. That evidence includes their own Answers to the Verified Complaint, in which Defendant JSS admits that he represented Neewra Inc. in Kuwait in an effort to settle the Neewra lawsuit in Kuwait against Maersk, JSS's admission that he presented to Maersk's witness Paolo Ghirardani at that April 2004 Meeting a business card from HLC and that Mr. Ghirardani wrote JSS's mobile number on the reverse side of that card, JSS's admitted relationship with Blue Bird Water Treatment Co., which is Parker's admitted corporate sponsor in Kuwait, Parker's admitted advancement of Neewra's claim in the Kuwaiti Court, and HLC's admitted involvement – despite the fact that it is not involved in shipping or in freight forwarding – of an attempt to re-direct the fraudulent Rednihom shipment. All three of the Remaining Defendants admit their interactions with the New York defendants against whom judgment has already been rendered in connection with actions that are the very subject of the instant lawsuit.

3. Telling also is the evidence of falsehoods presented by the Remaining Defendants. JSS's Answer and HLC's Answer claim that JSS is not involved with HLC,

yet the separate declarations submitted under seal in May 2006 by his brother Mohinder and his nephew Mandeep testify that JSS is the owner of HLC. Parker's Answer claims that he never received the funds from the Neewra Kuwaiti Court action, yet he then produced during discovery a document purporting to show that he opened a bank account at Al Ahli Bank to handle these very funds and which seems to show that he did in fact receive the funds, carve them up, and distribute them. While Parker protested that he didn't profit from the transaction, he also refused to produce any documents that would show where the bulk of the funds were distributed. Additionally, despite JSS's claims that he is uninvolved with witness intimidation, his brother and nephew both alleged that certain pleadings they made in this case needed to be filed under seal in order to protect them from physical harm that would be imposed by JSS if he found out that they had submitted testimony against him in this action.

4. Maersk otherwise refers to its Rule 56.1 Statement, filed in connection with its own motion for summary judgment, and incorporates the same herein.

5. The foregoing demonstrates that there is evidence of the Remaining Defendants' involvement in the frauds, and of their participation in the conspiracy against Maersk.

Dated: New York, New York
April 15, 2009

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S

By: _____
Eric E. Lenck
Lawrence J. Kahn
80 Pine Street
New York, NY  10005
(212) 425-1900 / (212) 425-1901 (fax)