503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Eric E. Lenck
Lawrence J. Kahn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAERSK, INC. and A.P. MOLLER-MAERSK A/S,

                              Plaintiffs,                           05 CIV 4356 (CM)
        -against-

NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL    **MAERSK'S**
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI SINGH  **SUPPLEMENTAL**
a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a ABUL    **RULE 56.1 STATEMENT**
SABAH a/k/a AREF HASSAN ABUL, MOHINDER SINGH      **IN SUPPORT OF**
SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER   **MOTION AGAINST**
SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SINGH   **DEFENDANTS**
SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER       **JOGINDER AND**
SAHANI SINGH a/k/a JOGINDER SINGH SAHNI, JOGINDER **PARKAR FOR**
SINGH SAHNI a/k/a JOGINGER SINGH SAHNI a/k/a        **CONSPIRACY TO**
JOGINDER SAHNI SINGH a/k/a JOGINGER SAHNI SINGH   **DEFRAUD MAERSK**
a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI a/k/a      **ON NEEWRA**
JOGINGER SINGH a/k/a JOGINGER SAHNI, SABHARWAL   **SHIPMENT**
CHANDRA KUMAR a/k/a SABHARWAL K. CHANDRA,
MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHANI a/k/a MOHINDER SINGH SAHANI,
HELP LINE COLLECTION CO. W.L.L., PARKER DAWOOD
TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR TRADERS
EST., SARDAR INTERNATIONAL TRADING CO., AL
TAMASOK AL ARABI EST.,

                              Defendants.
------------------------------------------------------------------------x

       Plaintiffs Maersk, Inc. and A.P. Moller-Maersk A/S (collectively, "Maersk"),

through undersigned counsel and pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1 submit

NYDOCS1/346042.1                         1

the following statement of material facts to which Maersk contends there exist no genuine issues of material fact to be tried:

1.   In the late summer of 1999, New York attorney Ralph Gant pursued a claim on behalf of Neewra, Inc. against Maersk arising out of a shipment of alleged computer hard drives by a company called Neewra, Inc. from New York to Kuwait on board the vessel DRAGOER MAERSK, claiming a loss of $1,860,000. After this claim was declined by Maersk and their attorneys on the basis of fraud, Mr. Gant did not pursue the claim further against Maersk. (Lenck Aff. ¶3).

2.   At some time in 1999, New Jersey attorneys O'Brien & Taylor pursued a claim against Maersk arising out of a shipment of alleged computer hard drives by a company called Neewra, Inc. from New York to Kuwait on board the vessel DRAGOER MAERSK, claiming damages in the amount of $1,860,000. After Maersk and their attorneys declined the claim on the basis of fraud, attorneys O'Brien & Taylor did not pursue the matter further against Maersk. (Lenck Aff. ¶4).

3.   At no time did Maersk nor any of their attorneys or agents grant an extension of time to commence suit to Neewra, Inc. with respect to the aforesaid shipment. Neither Maersk nor their attorneys or agents indicated at any time that the one year time bar would be waived. (Lenck Aff. ¶6).

4.   Neewra, Inc. made a claim against its cargo insurer Continental Insurance Co. for the alleged loss of 2,000 hard disk drives involved in the aforesaid shipment. (Lenck Aff. ¶7).

5.   Continental Insurance Co. declined the claim of Neewra, Inc. based upon fraud. (Lenck Aff. ¶7).

6. Counsel for Continental Insurance Co. took the deposition of Arween Singh Sahni in relation to the aforesaid claim on June 7, 2000. (Lenck Aff. ¶6).

7. Arween Singh Sahni was the president of Neewra, Inc. at the time this claim was pursued. (Lenck Aff. ¶6).

8. On August 22, 2000, Continental Insurance Co. filed a suit in the United States District Court, Eastern District of New York against Neewra, Inc. for declaratory judgment stating that they should not be liable to Neewra, Inc. for the claim under the insurance policy for the alleged loss of 2,000 hard disk drives. (Lenck Aff. ¶7, Exhibit B).

9. Even though Continental effected valid service on Neewra Incorporated, Neewra, Inc. failed to appear. (Lenck Aff. ¶7, Exhibit B).

10. The Court in the declaratory judgment action granted a default on December 28, 2000 and entered an Order stating that Plaintiff Continental Insurance Co. was not liable in any manner to Neewra, Inc. with respect to Neewra's claim that it is entitled to $1,860,000 for the alleged loss of 2,000 hard disk drives. (Lenck Aff. ¶7, Exhibit B).

11. The invoice from Micro-Spy to Neewra, Inc. dated February 25, 1999 for the purchase of 2,000 Seagate hard drives by Neewra for $1,600,000 attached as Exhibit C to the Lenck Affirmation is a false document. (Lenck Aff. ¶8, Exhibit C).

12. Neewra, Inc. was incorporated in the State of New York by filing a Certificate of Incorporation on November 18, 1998. (Lenck Aff. ¶9, Exhibit D).

13. Neewra, Inc. was dissolved by Proclamation of the Secretary of State of New York on June 26, 2002. (Lenck Aff. ¶9, Exhibit D).

14. Such dissolution was still in effect as of the 3rd day of May 2005. (Lenck Aff ¶9, Exhibit D).

15. Arween Sahni, the president of Neewra, Inc. had concerns about the fairness of the Kuwaiti legal system. (Lenck Aff. ¶10, Exhibit E).

16. Arween Sahni, president of Neewra, Inc., had a lack of confidence in the judicial system of Kuwait. (Lenck Aff. ¶10, Exhibit E).

17. Exhibit A to the Declaration of Ahmed Zakaria is a true and accurate copy of the Decision of the Commercial Circuit Court of the First Instance of the State of Kuwait dated 20 April 2003 involving the claim of Neewra, Inc. (Zakaria Declaration ¶5).

18. The attached translation to English is complete and accurate. (Zakaria Declaration ¶5).

19. Exhibit B to the Zakaria Declaration is a true and accurate copy of the Decision of the Court of Appeal, Commercial Fourth Circuit of Kuwait dated 14 March 2004 relating to the claim of Neewra, Inc. (Zakaria Declaration ¶6).

20. The translation of this document to English which is part of Exhibit B is complete and accurate. (Zakaria Declaration ¶6).

21. Exhibit C of the Zakaria Declaration is a true and accurate copy of the Decision of the Court of Cassation, Third Commercial Division of Kuwait dated 9 April 2005 relating to the claim of Neewra, Inc. (Zakaria Declaration ¶7).

22. The translation to English which forms part of Exhibit C is complete and accurate. (Zakaria Declaration ¶7).

23. The parties to these legal proceedings in Kuwait were Neewra, Inc. as the Plaintiff against Maersk Kuwait Co. (Muhammad Salih Bahbahani & Partners LLC) as the Defendant. (Zakara Declaration ¶8).

24. Parkar Dawood Tajuddin Ismail (Parkar) acted only as an agent to Neewra, Inc. in the proceedings. (Zakaria Declaration ¶8).

25. Joginder Singh Sahni was not a party to these Kuwait proceedings. (Zakaria Declaration ¶8).

26. Maersk Kuwait Co., in partnership with Muhammad Salih Bahbahani & Partners LLC was the local Maersk Line company in Kuwait affiliated with A.P. Moller-Maersk A/S, the carrier under the bill of lading relating to the cargo claim involved in the Kuwait legal proceedings. (Zakaria Declaration ¶8).

27. The proceedings in the Court of First Instance in Kuwait did not involve a full trial of the cargo claim of Neewra, Inc. (Zakaria Declaration ¶11).

28. The evidence provided by the Plaintiff in support of its cargo claim consisted only of the documents numbered 1-11 at p.3 of the Decision of the Court of First Instance. (Zakaria Declaration ¶11).

29. There was no pretrial discovery in the Kuwaiti proceedings. (Zakaria Declaration ¶11).

30. The Kuwaiti legal system does not provide for pretrial discovery as it exists in a common law court system such as the United States. (Zakaria Declaration ¶11).

31. There was no testimony under oath in the Court of First Instance by any witness on behalf of the Plaintiff or Defendant. (Zakaria Declaration ¶11).

32. There was no opportunity at any stage of the proceedings in Kuwait to cross-examine witnesses for the Plaintiff under oath. (Zakaria Declaration ¶11).

33. Such cross-examination of witnesses under oath as part of a trial are not part of the Kuwaiti legal system. (Zakaria Declaration ¶11).

34. The Court of First Instance proceeding was not a jury trial. (Zakaria Declaration ¶11).

35. At the hearings which did take place, the courts in Kuwait at each level heard only the attorneys' oral arguments and had only before them for consideration the documentation submitted by the parties, as interpreted by the appointed legal expert. (Zakaria Declaration ¶11).

36. The legal expert from the Ministry of Justice in Kuwait did not consult at any time with Maersk or counsel acting for Maersk in relation to the Neewra, Inc. shipment. (Zakaria Declaration ¶12).

37. The sealed container involved in the Neewra shipment was released and delivered in Kuwait on 10 May 1999. (Zakaria Declaration ¶13).

38. The action in Kuwait was commenced on 19 February 2002, more than one year after the date of delivery of the goods. (Zakaria Declaration ¶13).

39. The governing contract of carriage for the Neewra shipment specifically provides in clause 9, "In any event, the Carrier shall be discharged from all liability whatsoever in respect of the goods unless suit is brought within one year after their delivery or the date when they should have been delivered." (Zakaria Declaration ¶13).

40. Kuwaiti law provides for a one year time bar (prescription) for filing suit on ocean cargo claims, with time commencing to run from the date of delivery of the goods. (Zakaria Declaration ¶13).

41. At no time did Maersk or anyone acting on their behalf indicate that the one year time bar (prescription) defense would be waived or dropped. (Zakaria Declaration ¶14).

42. After the decision of the Court of Appeal of the Commercial Fourth Circuit rejecting Maersk's time bar defense, the procedural restrictions of the Kuwaiti court system prevented Maersk from obtaining a full and fair hearing on the underlying merits of the cargo claim and the fraudulent aspects of the documentary evidence presented by Neewra, Inc. (Zakaria Declaration ¶14).

43. The legal system in Kuwait is basically a civil law system with Islamic law applying to significant personal matters. (Zakaria Declaration ¶15).

44. The Kuwaiti civil law system does not permit a civil party to conduct depositions of opposing parties prior to trial. (Zakaria Declaration ¶15).

45. The Kuwaiti civil law system does not permit a civil party to conduct subpoena depositions of third party witnesses. (Zakaria Declaration ¶15).

46. The Kuwaiti civil law system does not permit documentary discovery. (Zakaria Declaration ¶15).

47. The Kuwaiti civil law system does not permit cross-examination of witnesses under oath at trial. (Zakaria Declaration ¶15).

48. Under the Kuwaiti civil law system, Kuwaiti courts are not required to recognize foreign judicial determinations that would have an impact on the Kuwaiti proceedings under the doctrine of collateral estoppel. (Zakaria Declaration ¶16).

49. The courts involved in the Neewra, Inc. Kuwaiti proceedings declined to consider Maersk's submissions concerning the lawsuit in the United States by the Continental Insurance Co. for declaratory judgment against Neewra, Inc. (Zakaria Declaration ¶16).

Dated: New York, New York
February 12, 2010

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S

By: _____
Eric E. Lenck
Lawrence J. Kahn
80 Pine Street
New York, NY  10005
(212) 425-1900 / (212) 425-1901 (fax)

TO: Harry H. Wise, III, Esq.
Law Offices of Harry H. Wise, III
*Attorneys for Defendants Joginder Singh Sahni, Parker Dawood and Help Line Collection Co. W.L.L.*
250 West 57th Street, Suite 1316
New York, NY  10107