UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK, A/S          :

              Plaintiffs,
                                                  :

   -against-
                                                  :  05 CIV 4356 (CM)

NEEWRA, INC, REDNIHOM, INC., AREF HASSAN ABUL
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI       :
SINGH, a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a
ABUL SABAH a/k/a AREF HASSAN ABUL, MOHINDER      :
SINGH SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH a/k/a         :
MOHINDER SINGH SAHANI a/k/a MOHINDER SAHANI
a/k/a MOHINDER SAHANI SINGH, a/k/a JOGINDER SINGH :
SAHNI, JOGINDER SINGH SAHNI, a/k/a JOGINGER SINGH
SAHNI a/k/a JOGINDER SAHNI SINGH a/k/a JOGINGER   :
SAHNI SINGH a/k/a JOGINDER SINGH a/k/a JOGINDER
SAHNI a/k/a JOGINGER SINGH a/k/a JOGINGER SAHNI,  :
SABHARWAL CHANDRA KUMAR a/k/a SABHARWAL K.
CHANDRA, MANDEEP SINGH SAHNI a/k/a MOHINDER       :
SINGH a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH
SAHANI, HELP LINE COLLECTION CO. W.L.L., PARKER   :
DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER,
SARDAR TRADERS EST., SARDAR INTERNATIONAL         :
TRADING CO., AL TAMASOK AL ARABI EST., JOHN DOE
1-100 (fictitious) and JOHN DOE INC.1-100 (fictitious)     :

              Defendants.                                          :
-------------------------------------------------------------------------x

             OPPOSING STATEMENT PURSUANT
      TO LOCAL CIVIL RULE 56.1 OF DEFENDANTS
                 JOGINDER SINGH SAHNI,
         AND DAWOOD TAJUDDIN PARKAR

Defendants Joginder Singh Sahni and Dawood Tajuddin Parkar as their Opposing

Statement Pursuant to Local Civil Rule 56.1, in opposition to plaintiffs' motion for

summary judgment, allege and show:

1

No issue is taken with taken with paragraphs 1 through 26 of plaintiffs' Rule 56.1 Statement.

A triable issue exists with respects to the following facts:

27. Whether there was a "full trial" in the Kuwait action. (Al-Humaidan Dec., ¶ 15(c)),

28. What evidence in addition to documents 1-11 was considered by the Court of First Instance. (*Id.*)

29. Not contested.

30. Contested. (*Id.*)

31. Not contested.

32. Not contested.

33. Contested. (*Id.*)

34. Not contested.

35. Contested. (*Id.*)

36. Contested. (al-Humaidan Dec. ¶ 15(d)).

37-41. Not contested.

42. Contested. (al-Humaidan Dec. ¶ 15(c)).

43. Not contested.

44-47. Contested. (al-Humaidan Dec. ¶ 15(g))

48.     Not contested, but misleading, as no country is <u>required</u> to recognize foreign judicial determinations; Kuwait, like the United States, recognizes foreign adjudications under the doctrine of comity. (al-Humaidan Dec., ¶¶ 13-14). Unlike the United States, Kuwait has acceded to a treaty governing such matters, the Hague Convention on Foreign Judgments in Civil and Commercial Matters. (*See* Hassan Dec. ¶ 11); *see also* Convention of 1 February, 1971 on the Recognition and Enforcement of Foreign Judgments in Civil and Commercial Matters, acceded to by Kuwait as of Dec. 1, 2002, http://www.hcch.net).

49.     Contested. Exhibit B to the Zakaria Declaration shows that the John Adler and Co. report was considered by the Kuwaiti courts. (al-Humaidan Dec. 15(h)).

Dated: New York, N.Y.
       March 15, 2010

*[signature]*
Harry H. Wise, III (HW6841)
*Attorney for defendants Joginder Singh Sahni, Dawood Tajuddin Parkar, and Help Line Collection Co., as well as dismissed defendants Sardar Traders, Est. and Sardar International Trading Co.*
250 West 57th Street, Suite 1316
New York, N.Y. 10107
(212) 810-2430, ex. 302
(212) 810-2427 (fax)