UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
MAERSK, INC., and A.P. MOLLER-MAERSK, A/S

                           :

          Plaintiffs,

                           :

       -against-

                           :   05 CIV 4356 (CM)
NEEWRA, INC, REDNIHOM, INC., AREF HASSAN ABUL
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI   :
SINGH, a/k/a ARWEEN SAHNI SINGH a/k/a ARWEEN SINGH a/k/a
ABUL SABAH a/k/a AREF HASSAN ABUL, MOHINDER   :
SINGH SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH a/k/a   :
MOHINDER SINGH SAHANI a/k/a MOHINDER SAHANI
a/k/a MOHINDER SAHANI SINGH, a/k/a JOGINDER SINGH :   DECLARATION
SAHNI, JOGINDER SINGH SAHNI, a/k/a JOGINGER SINGH          OF
SAHNI a/k/a JOGINDER SAHNI SINGH a/k/a JOGINGER   :   ABDUL REHMAN
SAHNI SINGH a/k/a JOGINDER SINGH a/k/a JOGINDER         AL HUMAIDAN
SAHNI a/k/a JOGINGER SINGH a/k/a JOGINGER SAHNI,   :
SABHARWAL CHANDRA KUMAR a/k/a SABHARWAL K.
CHANDRA, MANDEEP SINGH SAHNI a/k/a MOHINDER   :
SINGH a/k/a MOHINDER SAHNI a/k/a MOHINDER SINGH
SAHANI, HELP LINE COLLECTION CO. W.L.L., PARKER  :
DAWOOD TAJUDDIN TAJUDIS ISMAIL PARKER,
SARDAR TRADERS EST., SARDAR INTERNATIONAL   :
TRADING CO., AL TAMASOK AL ARABI EST., JOHN DOE
1-100 (fictitious) and JOHN DOE INC.1-100 (fictitious)   :

              Defendants.
---------------------------------------------------------------------------x

Abdul Rehman Al Humaidan declares the following pursuant to 28 U.S.C. § 1746:

    1.    I was the president of the Kuwait Bar Association and have been a

member of the bar since April 8, 1985. I am a partner of the law firm Al-Mashora Legal

Consultants and Advocates which is associated with the US law firm of Bryan Cave LLP.

I specialize in commercial and criminal law. A copy of my Kuwait Bar identification card

is annexed as Exhibit A. I am qualified to advise foreigners concerning the law of Kuwait

and have done so many times. I am fluent in Arabic and English. Except as otherwise noted the facts set forth herein are true to my own knowledge.

2.      I submit this declaration in support of a motion by defendant Dawood Tajuddin Parkar to renew the motion for summary judgment on the grounds of *res judicata,* on the grounds that Maersk has already sued Mr. Parkar for alleged litigation fraud and lost, both at the initial level and on appeal.

3.      I represented Neewra, Inc. and Mr. Dawood Tajuddin Parkar in the litigation with Maersk's Kuwaiti partner, Mohamed Saleh Behbehani and Co., W.L.L., and I am familiar with the facts concerning that lawsuit.

4.      In the first court, the Commercial Court of First Instance, the defendant, Behbehani, brought a "secondary action" against Mr. Parkar. This action was against him personally, and not as a representative of Neewra. That is to say, if he had lost, the judgment would have been against him, not the company he represented.

5.      The secondary action accused Mr. Parkar of bringing a fraudulent lawsuit that mis-described the goods as computers when they were only much cheaper goods. The court found in favor of Mr. Parkar based on the expert's report as to the nature of the goods and also because of representations made by Maersk in bringing a criminal case against Al Tamasok and others. The decision of this court is annexed to the declaration of Ahmed Zakaria as Exhibit A.

6.      Maersk/Behbehani won the initial decision, based on a one-year limitations period. Neewra, by its agent, Mr. Parkar, then appealed to the Court of Appeal, Commercial Fourth Circuit. That court ruled in favor of Neewra, on March 14, 2004. A copy of the decision is annexed to the declaration of Mr. Zakaria as Exhibit B.

The court found that Maersk/Behbehani had waived the one-year period by actions taken after it expired, such as the legal action it brought against Al Tamasok in 1999, and therefore ruled in favor of Neewra on the merits of the claim, accepting the expert's report as to the value of the goods. Annexed hereto as Exhibit B is a true copy of Maersk vs. Al Tamasok decision dated Jan. 26, 2002 and a translation of it into English that I have reviewed and believe to be complete and accurate.

7.      Maersk/Behbehani then appealed the Appellate decision to the highest court, the Court of Cassation.   In that court, Maersk/Behbehani raised procedural objections to the decision in the Court of Appeal, concerning the timing of notices, substantive objections, arguing that Neewra had not had a proper corporate existence to appeal the original decision, and challenging the Court of Appeal's decision on waiver of the one-year period and on its acceptance of the expert's report as to the value of the goods. All of these procedural and substantive grounds were rejected by the Court of Cassation in a decision rendered on April 9, 2005, a copy of which is annexed to the Zakaria declaration as Exhibit C.

8.      Meanwhile, on January 26, 2005, Maersk/Behbehani filed an appeal of the decision as to its secondary action against Mr. Parkar. On that appeal, it argued that Mr. Parkar should be found liable for litigation fraud, first for allegedly concealing Neewra's lack of capacity, and secondly for submitting false evidence. These arguments were rejected by the Court of Appeal, Commercial Fourth Circuit, in a decision issued on May 21, 2006. Annexed hereto as Exhibit C is a true copy of that decision and a translation of it into English that I have reviewed and believe to be complete and accurate.

9.     On the false evidence issue, Behbehani/Maersk submitted evidence

supporting its argument that the Neewra claim was fraudulent including evidence

concerning prior litigation brought by Neewra in the United States that had been rejected

for fraud and that the alleged invoice from Microspy Company for the goods was forged

and evidence that someone had obtained blank bills of lading prior to the transaction

giving rise to the allegedly fraudulent claim.

10.     With respect to the involvement of Mr. Parkar in the Neewra lawsuit, I do

not believe there was any.  He served solely as a formal agent to allow Neewra, a foreign

corporation, to sue in Kuwait's courts.  Mr. Parkar did not conduct the litigation, nor did

he make any decisions concerning strategy, nor did he submit any evidence.  As the

decisions annexed to the declaration of Mr. Zakaria show, the case was decided on

documentary evidence, none of which had any connection to Mr. Parkar.  At all times

during the Neewra lawsuit I dealt with Arween Sahni of Neewra, not with Mr. Parkar.

11.     All of Maersk/Behbehani's arguments were rejected by the appellate

court.  It found that Mr. Parkar had done nothing to conceal Neewra's status, which was

public information, and that he had done nothing to conceal evidence concerning the

other arguments Maerk/Behbehani asserted showed fraud, but, on the contrary, that issue

had been litigated in the original lawsuit.  Thus the appellate court rejected the claims of

Maersk/Behbehani, found in favor of Mr. Parkar, and ordered that Maersk/Behbehani pay

his attorneys' fees.

12.     The Kuwaiti courts found Maersk Kuwait guilty of negligence in

discharging its duties by releasing the Neewra shipment to the consignee against a

banker's cheque and not a forged Bill of Lading as claimed by Maersk.  Refer to the

following Exhibits:

(a)  Exhibit B to the declaration – Maersk Kuwait vs. Adel Baron and Vincent Fernandes (principals of Al Tamasok) decision dated Jan. 26, 2002

(b)  Exhibit C to the declaration – Maersk Kuwait vs. Mr. Parkar Appeals Court decision dated May 21, 2006

(c)  Exhibit B to Zakaria Declaration – Neewra vs. Maersk Kuwait Appeals Court decision dated March 14, 2004

(d)  Exhibit C to Zakaria Declaration – Neewra vs. Maersk Kuwait Court of Cassation decision dated April 9, 2005

13.    I have read the declaration of Ahmed Zakaria submitted by Maersk. Mr. Zakaria is not a member of the Kuwait Bar Association and is not permitted to litigate in Kuwait. Upon reviewing the declaration, I believe it to be incorrect or misleading in the following ways. Most importantly, Mr. Zakaria states that Kuwaiti courts "are not required to recognize foreign judicial  determinations…" This statement is misleading. No nations courts are "required" to recognize the decisions of courts in other nations. Like courts in the United States, courts in Kuwait recognize the decisions of other nations through principle of comity. That is to say, respect for the decisions of other nations and the principle that a litigant who has had a fair opportunity to obtain a judicial determination should not be able to force the opposing party to re-litigate the same matter in a different court in another country.

14.    Indeed Maersk would not be pursuing a judgment in the United States against these defendants if it did not believe it could enforce the judgment through the courts of Kuwait.

15.    Other ways in which the Zakaria declaration is misleading are:

(a)     Paragraph 8 incorrectly states no claims were made against Mr.
        Parkar. However, Page 1 of Exhibit A to the Zakaria declaration
        clearly states the secondary action was made against Mr. Parkar
        personally. Also Exhibit C to this declaration is the Appeals Court
        decision dated May 21, 2006 filed on April 19, 2005 by Maersk
        against Mr. Parkar personally.

(b)     Paragraph 10 incorrectly states the Court of First Instance initially
        dealt with the detention of the Maersk vessel M/V ALVA
        MAERSK in Kuwait. The Neewra case was lodged in the Court of
        First Instance on Feb. 19, 2002 (Refer to Exhibit A to the Zakaria
        declaration) whereas the Maersk vessel was arrested in March or
        April 2004 (Refer to paragraph 103 of the AVC) by the
        Enforcement Dept. of the Ministry of Justice in Kuwait.

(c)     Paragraph 11 is incorrect in its entirety. The legal system in
        Kuwait provides for pre-trial discovery, cross examination of
        witnesses, depositions and the option of jury demand is available.
        The Neewra case was extensively investigated by the Experts dept.
        for about 2 years with full discovery and examination of evidence.
        The case was extensively litigated from 2002 to 2005 on the merits
        of the claim.

(d)     Paragraph 12 is incorrect in its entirety. The legal expert consulted
        with all the parties involved including Mr. Zakaria who lodged the
        initial Maersk complaint against the principals of Al Tamasok.

Annexed hereto as Exhibit D is a copy of the report from the

Ministry of Justice, General Prosecution Dept. dated Sep. 27, 1999.

(e)     Paragraph 13 – The action in Kuwait was commenced by the

initiatory pleadings on Sep. 27, 1999 and not February 19, 2002.

Maersk Kuwait filed a criminal case with the Public Prosecution

on Sep. 27, 1999 in the Court of First Instance against Al

Tamasok's principals (Refer to Exhibit B)

(f)     Paragraph 14 – The time bar defense was waived by the Court of

Appeals because the initiatory pleadings commenced on Sep. 27,

1999 which was more than 4 months after the date of the release of

the Neewra shipment (May 10, 1999).

(g)     Paragraph 15  is incorrect in its entirety. As in the United States,

Kuwait has civil law and criminal law system and applies Islamic

law on personal matters only. Exhibit B to the Zakaria declaration

(Refer to Page 5, paragraph 2 and Page 6, paragraph 2) details the

implementation of Article No. 201 of the Maritime Trade Law and

Article No. 175 of the Law of Commerce. The historic origins of

Kuwaiti law are French codes. The Kuwaiti system permit

interrogations, depositions of both opposing parties and third party

witnesses, issues summons and subpoena, allows full discovery,

and cross examination of witnesses under oath.

(h)     Paragraph 16  states Maersk was at a disadvantage because the

Kuwaiti courts did not accept any submissions. However Exhibit B

to the Zakaria declaration (Refer to Page 5, paragraph 3) mentions

the submission of the John Adler and Co. (Maersk's surveyor)

report which was accepted by the Kuwait Courts.


I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and corrected. Executed on March 11, 2010.

Abdul Rehman Al Humaidan

**EXHIBHT A**



# مركـز الـفـائـق للـتـرجـمـة
# FAEQUE TRANSLATION CENTER

### Kuwait Lawyers Society
### Lawyer
## LAWYER/ABDULRAHMAN H. ALHUMAIDAN

**Grade of Enrollment : Constitutional and Supreme court**

**Date of Enroll in the**
**Permanent Schedule : 8/4/1985**

**Civil No.**          **: 260011100374**

**Membership No.**     **: 254**

**Valid till**         **: 30/11/2010**

**Signed by : Head of the Society**
**Omer Hamad Al Essa**



المرقاب - شارع مجمع الوزارات - بناية صالح محمد البراك - الدور الأرضي - مكتب رقم ٣ - تلفاكس : ٢٢٤٥٣١٠٧ - نقال : ٦٧٦٨٧٥١٠
Al-Murqab · Ministries Complex Road · Saleh Mohammed Al-Barrak Bldg. · Ground Floor · Office #3 · Telefax : 22453107 · Mob. : 67687510
E-mail : akbarkuwait@hotmail.com



جمعيـــة المحامـــين الكويتيـــة
## KUWAITI LAWYERS SOCIETY



المحامي: عبدالرحمن حميدان الحميدان
LAWYER/ABDULRHMAN H. ALHUMAIDAN

| | |
|---|---|
| درجة القيد | دستورية وتمييز |
| تاريخ القيد بالجدول الدائم | 1985/04/08 |
| الرقم المدني | 260011100374 |
| رقم العضوية | 254 |
| ساريه حتي | 2010/11/30 |



رئيس الجمعية
عمر حمد العيسى

**EXHIBHT B**



بسم الله الرحمن الرحيم



شـــركة النمــاء الدوليـــة

قســـــم الترجمـــــة
AL NAMA' INTL. TRANSLATION SERVICES

(ام المرادم سابقا EX-MARADEM)

## STATE OF KUWAIT

### In the Name of His Highness the Amir of the State of Kuwait
### Sheikh Jaber Al Ahmad Al Sabah

### COURT OF FIRST INSTANCE
### CIRCUIT: CRIMINAL MISDEMEANORS

In the session publicly held at the Court of First Instance on 26.01.2002,

Presided over by Mr. Emad Al-Huail      Chief Justice
And membership of Reyadh Al-Abdullah    Prosecution Representative
In the presence of Mr. Shamsul-Din Aamir   Session Secretary

### The Following Judgment was Rendered:

In the Case No.: 1997/2000/Normal Misdemeanors (341/1999-Salhiya)
Filed by     : Public Prosecution
Versus      : 1. Adel Mahmoud Abbas Mohammad Baron
                2. Vincent Fernandez

### The Reasons:

### Having Perused the Papers:

Whereas the two accused persons failed to appear before the court without excuse although they have legally been notified and the court decides to rule in their absence pursuant to the provision of Article (122) of the Penal Procedures Code; and

Whereas the Public Prosecution has charged the two accused persons of that in a date preceding 14.09.1999 at Slahiya Police Station, they did the following:

TRUE & CORRECT TRANSLATION
ترجمة حقيقية طبق الأصل

**First:** The First Accused has committed an act of forgery in a customary instrument by a customary intention in order to use the same in such an illusionary way in which it appears to be a true and correct copy, when he fabricated a goods freight document issued by Maersk International Company, having its head office in the United States of America, and he fraudulently attributed it to that company; and the said instrument – after being changed – was valid for being utilized in this way, as per the manner shown in the investigations.

**2nd:** The Second Accused has knowingly utilized such an instrument forged by another person (the abovementioned freight document) and submitted the same to Maersk Company in Kuwait and by virtue of this document he received the goods whose descriptions and value are explained in the minutes and pursuant to the manner shown in the investigations.

**3rd:** The Second Accused has cheated M/s Maersk Marine Shipping Co. (Kuwait) in order to make them commit a mistake and make them handover money which was in their possession (the goods described in the minutes) by such an illusionary way that makes them acknowledge the existence of a non-specific event by presenting the forged freight document on ground that it is issued by M/s Maersk International Company of the United States of America, which entitles him to receive the goods in their possession. By utilizing this means, he was able to receive and hold the said goods on the basis of the abovementioned illusionary act, as per the manner explained in the investigations.

**4th:** The First Accused has participated along with the Second Accused in the above explained swindling crime before it takes place, when he instigated the second accused and agreed with him to commit the same; and he also assisted and provided him with the above forged instrument; and accordingly the crime took place pursuant to that agreement and assistance, as per the manner stated in the investigations.

Therefore, he demanded them to be punished by the following :

1. Forgery of a customary instrument, under Articles 257, 258 of the Penal Code, for the First Accused.

AL NAMA TRANSLATION
Tel. : 2493349 / 2466414 / 2466413 / 2429522
Fax : 2493349 / 2420781
E-mail : alnamatranslation@yahoo.com
P.O. Box : 25474, Safat 13115 Kuwait

النماء للترجمة
هاتف رقم : ٢٤٩٣٣٤٩ / ٢٤٦٦٤١٤ / ٢٤٦٦٤١٣ / ٢٤٢٩٥٢٢
فاكس رقم : ٢٤٩٣٣٤٩ / ٢٤٢٠٧٨١
بريد إلكتروني : alnamatranslation@yahoo.com
ص.ب : ٢٥٤٧٤ الصفاة ١٣١١٥ الكويت



2.   Utilization of a fabricated instrument, pursuant to Article 260 of the Penal Code, for the Second Accused.

3.   Swindling, under Articles 231 – 232 of the Penal Code, for the Second Accused.

4.   Participating in a swindling crime before it takes place, under Articles 48/1, 2, 3, 52, 231, 232 of the Penal Code, for the First Accused.

Whereas the court has looked into the case as per the explained manner in the minutes of the sessions; and since the accused persons did not appear before the court despite the fact that they have legally been notified; and whereas the attorney for the victim has appeared and filed a civil case against both accused persons; and in the session dated 13.10.2001 the court has ruled, before deciding on the case, by delegating the Criminal Investigations Directorate who submitted the Report No. (244-1/2001) on the said freight document; and

Whereas the court has decided to stay the case for rendering its judgment in the session of today; and

Whereas it is evident upon examining the case papers that the court has doubts in the charges attributed to the accused persons as follows:

First: The statements of the victim's attorney are not supported by evidences.

2nd:  The investigations and memoranda of the Public Prosecution proved that the person who notified about the occurrence of the event and who gave his statements before the Public Prosecution and the Police is Mr. Ahmad Zakariya Abdulmajeed who is the attorney for the victimized party and he is working as a lawyer at Abdulhameed Al-Sarraf Lawyer Office, but the notifying party did not witness the merits of the charges attributed to the accused persons, and this does not constitute as a proof evidencing the forgery of the original freight document, as stated in the report prepared by the Forgery & Fraud Control Department at the General Directorate of Criminal Investigations under No. (244/1/2001); and

AL NAMA TRANSLATION

Tel. : 2493349 / 2466414 / 2466413 / 2429522
Fax : 2493349 / 2420781
E-mail : alnamatranslation@yahoo.com
P.O. Box : 25474, Safat 13115 Kuwait

النماء للترجمة
هاتف رقم : ٢٤٩٣٣٤٩ / ٢٤٦٦٤١٤ / ٢٤٦٦٤١٣ / ٢٤٢٩٥٢٢
فاكس رقم : ٢٤٩٣٣٤٩ / ٢٤٢٠٧٨١
بريد إلكتروني : alnamatranslation@yahoo.com
ص.ب : ٢٥٤٧٤ الصفاة ١٣١١٥ الكويت





This does not mean that the two accused persons are criminally responsible for the forgery since the case papers did not prove the material and moral components of the charges attributed to each of the accused persons; and the court cannot take the disappearance of the accused person as an evidence of conviction against them, according to the above mentioned events; and

Whereas taking the foregoing facts into consideration and since all the case papers are free of any evidence that supports the charges attributed to each of the two accused persons; therefore, the court hereby rules by the innocence of both accused of the charges attributed to them pursuant to Article (172) of the Penal Procedures Code and thereby rejects the civil case filed against both accused.

## Therefore,

### The court hereby renders the following judgment in absence:

The innocence of each of "Adel Mahmoud Abbas Mohammad Baron and Vincent Fernandez" of the charges attributed to them and also rejects the civil case.

**Signed: Session Secretary**          **Signed: Chief Justice**

*Duly Signed & Stamped*

---

AL NAMA TRANSLATION
Tel. : 2493349 / 2466414 / 2466413 / 2429522
Fax : 2493349 / 2420781
E-mail : alnamatranslation@yahoo.com
P.O. Box : 25474, Safat 13115 Kuwait

النماء للترجمة
هاتف رقم : ٢٤٩٣٣٤٩ / ٢٤٦٦٤١٤ / ٢٤٦٦٤١٣ / ٢٤٢٩٥٢٢
فاكس رقم : ٢٤٩٣٣٤٩ / ٢٤٢٠٧٨١
بريد إلكتروني : alnamatranslation@yahoo.com
ص.ب : ٢٥٤٧٤ الصفاة ١٣١١٥ الكويت

نموذج ٣/١٦٩

بسم الله الرحمن الرحيم

باسم صاحب السمو أمير دولة الكويت

الشيخ جابر الأحمد الصباح

المحكمة الكلية

دائرة / الجنح الجزائية



بالجلسة المنعقدة علنا بالمحكمة الكلية في يوم السبت ٢٠٠٢/١/٢٦م

| | |
|---|---|
| برئاسة السيد الأستــــــــــــــــاذ / عمـــــاد الحويل | وكيل المحكمـة |
| وعضـــــوية الأستـــــــــــاذ / رياض العبد الله | ممثـل الإدعاء |
| وحضـــــــور الســـــــيد / شمس الدين عامر | سكرتير الجلسة |

## صدر الحكم الآتي

في القضيـــــــة رقـــــم      :   ١٩٩٧/٢٠٠٠م جنح عادية ( ١٩٩٩/٣٤١ - الصالحية ) .

المـرفــــوعة مـــــــن      :   الإدعـاء العــــام

ضــــــــــــد              :   ١- عادل محمود عباس محمد بارون

٢- فانسنت فرنادس

## الأسبـــــــاب

بعد الإطلاع على الأوراق :-

حيث أن المتهمين قد تخلفا عن المثول أمام المحكمة بدون عذر على الرغــم مــن إعلانــه قانونهماً وترى المحكمة الحكم فى غيبتهما عملا بالمادة ١٢٢ من قــانون الإجــراءات والمحاكمــات الجزائية .

وحيث أن الادعاء العام قد أسند إلى المتهمين أنهما في تاريخ سابق ١٩٩٩/٩/١٤ في دائـــرة مخفر شرطة الصالحية .

اولا: المتهم الأول – ارتكب تزويرا في محررا عرفي بقصد عرفى بقصد استعماله على نحو يومهــم بأن مطابق للحقيقة بأن اصطنع سند شحن بضاعة صادر من شركة ميرســك انترناشــيونال ومقرها الولايات المتحدة ونسبة زوراً إليها وكان المحرر بعد تغييره صالحا لأن يستعمل علـى هذا النحو وذلك على النحو المبين بالتحقيقات .

ثانياً : المتهم الثانى – استعمل محرراً زوره غيره ( سند اشحن سالف الذكر ) وهو عالم بتزويره بأن قدمه إلى شركة ميرسك لكويت واستلم بموجبة البضاعة المبينة الوصف والقيمــة بــالمحضر وذلك على النحو المبين بالتحقيقات .

- ٣ -

تابع الحكم الصادر في القضية رقم ١٩٩٧/٢٠٠٠م جنح عادية ( ١٩٩٩/٣٤١ - الصالحية ) :-

محاميا فى مكتب عبد الحميد الصراف ولكن المبلغ لم يشهد وقائع التهم المسندة إلى المتــهمين ولا يعنى ثبوت تزوير سند الشحن الأصلى حسبما جاء فى تقرير إدارة مكافحــة الــتزييف و التزوير فى الإدارة العامة للأدلة الجنائية رقم " ٢٤٤/ت/٢٠٠١ " . أن المتــهمين مســئولان جنائيا عن تزوير ما دام لم تثبت من أوراق الدعوى الأركان المادية والمعنوية للتهم المســندة إلى كل من المتهمين ولا تستطيع المحكمة أن تتخـذ مــن واقعة تـوارى المتــهمين دليــل إدانة ضدهما بناء على الشواهد السالفة الذكر .

ولما كان ما سلف وكانت جملة أوراق الدعوى خالية من الدليل على ثبوت التهم المسندة إلـــى كل من المتهمين فان المحكمة تقضى براءة المتهمين مما نسب إليهما عملا بالمادة ١٧٢ مــن قـــانون الإجراءات والمحاكمات الجزائية وترفض الدعوى المدنية ضد المتهمين .

## فلهذه الأسبــاب

حكمت المحكمة غيابيا :-

براءة كل من " عادل محمود عباس محمد بارون وفانسنت فرنـــاندس ممــا نســب إليـهما ورفضت الدعوى المدنية

سكرتير الجلسة

وكيل المحكمة



محمود احمد

**EXHIBHT C**



# SAFAT TRANSLATION COMPANY

In the name of Allah, The Most Gracious, The Most Merciful

State of Kuwait -Ministry of Justice
In the Name of His Highness the Amir of Kuwait
Sheikh Sabah Al-Ahamd Al-Sabah
Court of Appeal
Commercial Circuit / 4

In the session held openly in the court on 23 Rabea-II/1427 H.E. corresponding to 21?5/2006.

Chaired by       : Justice /Mohammad Izzat Damanhoori   and
Membership of  : Justice / Ibrahim Al-Baderani and
                       Justice / Mohammed Al-Hanafi
In the presence of       : Mr.Misha'al Aayesh Al-Azmi– The Session
Secretary

The following judgment is passed:
In the Appeal filed by : Legal Representative of Maersk Kuwait
                       (Mohammed Saleh Behbehani & Co.

VERSUS:
"PARKER DAWOOD TAJUDDIN ISMAIL PARKER"
And entered in the causelist under No.419/2005 commercial /4.

THE COURT

After hearing the pleading, perusal of the case papers and deliberation Whereas the appealed judgment has detailed the dispute events and whatever of the documents submitted therein and whatever of aspects of defense and rebuttals and the court refers to them and makes it an evidence for its adjudication and the incident in short –for interconnection of the litigaiton is summarized in that the plaintiff – in his capacity filed the case No.465/2002 –commercial first instance agains the defendant company demanding the judgment for delegation of an expert for description of the damages which were caused to the Company being represented by him and the value of goods and moral and material compensation – reparatory to those damages as a precurser for obliging the defendant with whatever may result from the expert report, and explaining it he stated that under the Bill of Lading (B/L) dated 5/3/1999 the Company represebted by him freighted the goods "Computers hardware and supplementary

Safat Translation Co.

المراقب، الكويت - عمارة إبراهيم الجراح وإخوانه، مكتب ٤، الدور الأرضي، قرب مجمع الوزارات. تلفون : ٢٢٤٢١٠٢٤ فاكس : ٢٢٤٣٣٢٦١
Murgab, Kuwait - Ibrahim Al - Jarrah Bldg., Office 4, Ground Floor, Near Ministries Comp. Tel. : 22421024, Fax: 22433261

AUTHORIZED TRANSLATION

2

equipment" on the board of the vessel "Drago Maersk 9903" from New York Port to Kuwait Port – consigned for the account of Al-Tamasuk Al-Arabi GTC Establishment and was compelled to freight the cargo on 10/3/1999 and the vlaue of shipment amounted to US$ 1,860,000/= and on arrival of the shipment to Kuwait Port on 10/4/1999 the Consignee Establishment requested from the plaintiff in its capacity to receive it plus provision of a bank guarantee until submission of the evidential documents for payment of its value, and on 27/4/1999 the plaintiff in its capacity - informed the carrier lines in writing – its approval for delivery of the goods against the bank guarantee – in lieu of the B/L , and thereafter plaintiff – in his capacity - came to know that the goods were taken out from the port on 10/5/1999 with the custom release order issued from the defendant to another party – other than the Consignee Company – without its receving the origianl documents of the shipping which are available with the Bank dealing with him and which were returned to the plaintiff in his capacity and thenceafter became clear to the latter that the goods were taken out of the custom compuound to an unknown destination as per the release order issued from the defendant whereby its responsibility for the whole value of the goods is materialized and therefore claim from it the indemnity for the damages which were caused to him due to it and so filed the case and the court delegated an expert and after that he submitted his report the plaintiff amended his demands by obligating the defendant with the amount resulted from the expert report and legal interests and the defendant company submitted a memo containing its objections against the expert report and it filed a subsidiary case in its capacity for obligating the plaintiff in his capacity to pay it a provisional compensation for amount of KD 5001/= on the ground of statement that on release of the goods it is found that they are auto-spare parts (Electronic Brakes) – on contrary

to the details / data provided by the plaintiff in his capapcity about them and also rebutted for lapse of the case on basis of annual presction, and on 30/4/2003 the court of first instance adjudicated – first in the original case: for its lapse due to the annual prescription, and second in the subsidiary case : for its rejection and the plaintiff appealed it in his capacity – this judgmenrt through the appeal No.1260/2003.

On 14/3/2004 the court passed the judgment for repeal of the appealed judgment and for obligating the appellee company (Appellant Company in this appeal ) to pay the to the appellant company a sum of US$ 1,860,000/= which is equal to KD 572,033/007 and the legal interest at the rate of 7% per anum effective from the date of judgment and until full and final settlement, and the appellant – (appellee) challenged this judgment through the current appeal vide a petition memo desposited with the clerks department of this court on 26/1/2005 and legally served – concluded with the demand for the judgment: first for stay of the execution of the judgment No.1260/2003 commercial / 4 –grounding on the merits mentioned in appeal memo summarized in: (1) occurrence of cheating which affected on the judgment by that the registration of the appellee company was cancelled on 26/6/2002 and no more had the legal existence and resulting into expiration and invalidation of the power of attorney issued to Mr. Parker Daood Tajuddin (appellee) and disappearance of the capacity from him and since the latter has concealed event of expiration of the moral personality of his principal and has used the power of attorney expired by expiration of the Company – issuer of that power of attrney in the appeal petition and it resulted in passing of the judgment for obligating the appellant to pay the sums to the principal of the appellee in his capacity and

thenceforth the latter has committed a cheating that affected on the judgment in the case (2) The appellant has got determinative docuemts vis-à-vis the appellee not submitted and this provides the methodology and way of freighting and conditions of reaching of the goods to Kuwait Port. (A) – The Customs Dept. at Shuwaikh port checked the shipment which arrived to Kuwait and made confirmed that they contain auto spare parts for value of KD 9,980/= and not computer hardware/equipment whereby it is confirmed that this transaction is nothing but a cheating operation –intended for obtaining the appellant's money wtihout a just cause, it is further to that the owner of Microspy Company affirmed that the invoice attributed to it is forged and it did not sell any compouter equipment to the appellee company. (B) – The appellee has concealed the fact that he has already filed a case before the USA courts about the same subject and with the same demands but he USA court has rejected his case due to his having committed the cheating (C)- and the principal of the appellee did not try to get the value of goods from the consignee and did not prosecute it which evidences on that he is trying through this operation to get the money of a person about whsoe solvency. (D)- The appellant's investiagations have revealed that there is a person whoch is connected to the appellee – received a blank forms of Bill of Lading which are issued by the appellant and heir details were filled and the appellee used these forged documents for getting the customs release order in the appellant's name.

Whereas on presentation of the appeal to this court – the two parties were represented through their attorneys and the appellant's attroney submitted a docket containing: 1)a formam tralsation – in Arabic language – of an announcement dated 26/6/2002 – the company subrogates the local sahred companies on basis of the provisions of

article 203/1 of the Tax Law and its amendments. 2)Copies of papers written in English 3)Copy of custom Bayan issued from the Customs General Department dated 8/5/1999 4)Copy of Civil ID card of /Mr. Seerwal Chandra Kumar. 5)Copy of the judgment passed in the penal case No.1169/2002 – Sharq against Seerwal Chandra Kumar 6)Extract copy from Ministry of Commerce and Industry dated 2/5/2004 and 7)Copy of ID card written in a foreign language. Also he submitted another docket containing copy of translation holding that the appellee company has subrogated through an announcemnet of the Foreign Ministry published on 26/6/2002 and this decision of subrogation was not cancelled, while the appellee representative submit a docket containing: 1)Copy of a judgment passed from superme court in the petition No.420/2004 commercial / 3 and which adjudicated in the session 9/4/2005 for rejection of the petititon in the subject 2)Copy of the extract issued from USA Ministry of Justice – Immigration & Naturalization Service – a notice for taking the action – to Neura Co. with receipt dated 12/3/2003 and its validity from (7/5/2003 to 1/5/2006) and copies of exctract copy of The Indian Co. dated 20/3/2003 and copies of statements of the same company in which are listed the financial data – copies of invoices. 4)Copy of extract issued from Quest Co. dated 2/2/2005 and also he submitted a memo in his defense –concluded with demand for the judgment for non-acceptance of the appeal, and since in the session 17/9/2005 the appellee attonrey submitted a docket containing 1)A trnaslation containing that the appellee company may resume its orginal status on payment of the taxes and submittal of all of the tax return declaration 2)Translation of the provision of article 203/A 3)copy of a certificate issued from a chartered accountant dated 20/5/2005 containing that the appellee Company settled the full privelege tax and otherwise to New York State. 4)Copies of letters from Department of

6

Tax and Finance dated 9 & 10/5/2005    5)Copy of letter dated 26/5/2005 issued  from Department of Tax and Finance holding that the appellee company status  was reinstated fue to repayemnt of the taxes for the period (10/a999 to 6/2005) and copies of international cash request to the order of the Comapnys tax unit 6)Copy of letter of the authorized accountant general dated 27/5/2005 containing that the appellee company's staus  has been reinstaed to its previous status as well as he submitted a memo in his defense concluded with a demand for judgment for non-acceptance of the appeal and in the session 23/10/2005 the appellee's atorney submitted a docket holding : 1)a copy of certificate issued from Clerk Department of the first instnce  court stating that the appellant filed the case No.370/2005 commerial court of first instance  /10 and which was non-suited on 26/9/26/9/2005. 2)Copy of decision issued in the complaint No.363/2005 – Capital Dept.    And in the session 29/10/2005 the appellant's attorney submitted a memo in its defense and he insisited on the demands and  in the final pleading session 29/4/2005 the court postponed the judgment's rendition to todyay's session.

Whereas regarding the  subject so it is proved from the perusal of the appeal memo that  the appellant has built his appeal on two paras (A and C) of  Article (148) of the procedulra law and it is prescribed that the  cheating on which the appeal is made as per para (1) of the article (148) of  the procedural law  which happens – it is possible to pass a judgment in  his  favor in the case accordingly and he did not give the opportunity to  the court  to examine it while it accepting it due to its non-rebutal by the  judgment debtor  and clarifying its fact for being ignorant thereof and  concealment of  its matter to it so that it is not possible to   detect it if it were superimposed on the acts of his

opponent and did not discuss it while it was in his capacity to explain and show it and he kept silent and did not disclose the matter or he was in a position allowing him to observe the actions of his opponent and he did not clarify the aspects of his defense in the matters of which he complains, therefore he has no an apsect of appeal and therefore the appeal for cheating / fraud - is conditional : 1)It should be issued from the judgment creditor and his representative and the cheating is attributed to the opponent even it is issued from third party –shoud the opponent have participated in it or accelerated it while he knew of it. 2)It should have been hidden from the appellant during hearing of the case and he shouold not have been an opportnity to submit his defense in it and clarifying the reality to the court 3)and the cheating/ fraud should have affected on the court's opinion so that it is clear that should this cheating have not been committed the judgment should have never been passed in the manner it was passed.

Furtehr the assessment of fulfillment of the cheating's eleements – is subject to discretion of the subject court when the court built its judgment on justified mertis, and since it was so and it was proved from the appellant that he built his appeal on that the appellee in his capacity has committed a cheating that affectred on the judgment passed in the case – on basis of the document dated 3/5/2005 passed from Ney York State – Ministry of Foreign Affairs – containing that the appellee has subrogated through announcement of the Foreing Minister published on 26/6/2002 according to the principles Taxes Law – deposited in the appellant's docket submited before this court in the session 15/5/2005 – is rebutted by that this document was not hidden from the appellant during hearing of the case until passing of the judgment and it was available to him for its perusal as its being an

announced matter and published in an official book declared to all moreover  the documents submitted by the appellee Company – whose activity has been frozen  as per the tax law and it paid the taxes due from it and  according to the law the freze was removed and its staus was reinstated and was not subrogated and the Company had the same rights and obligations and egnaged in  its business as it was previously and the court concludes from the premise – non-occurrence of cheating by the appellee in his capacity.

And as regards  the second merits of the appeal i.e. occurrence of the appellant's obtaining definite/determinative  docuemnts – which was prevented by the appellee against their submission.    This merit is conditioned with fulfillment of  four conditions : First of them is that retained papers should be determinative in the  case so that if it is submitted to  the court the aspect of judgment may change in favor of the appellant.    Second  –  the opponet is the one who prevented from submission of the papers by retaining them mateially under his possession and  prevented the holder from  their submission. Third – The appellant should be ignorant - during the litigation, about existence of these  papers under possession of their occupant, and so should have known them and  did not try to benefit from them then the appeal is not allowed. Fourth: The appellant get the papers after passing of  the judgment so that they should be under his possession at the  time of appeal. And since it was so and it clear from from the papers that  they have been short of any evidence that the appellee in his capacity  has prevented submission of these docuemnts, rather these  documents were subject of give and take between the two parties before the subject  court and therefrom it becomes clear that this merit is non-acceptable and consequenlty on  the premise the court adjudicates for non-acceptance of  the appeal – in addition of

issuance  of the supreme court's judgment No.(420/2005) for rejection of  the  petition  in  the  subject  –for  confirmation  of  the  appealed judgment.

As  regards the expenses – inclusive of the attorney fees carhges so the court  obliges  the  appellant with it in satisfaction of articles (119 and 147) of the procedural law.

### SO FOR THESE MERITS

**The court passed the judgment:**

**For  non-acceptance  of the appeal  and obliged the appellant with the expenses and KD 20/= (KD Twenty only) as attrney fees.**

**Sd./- Session Secretary**          **Sd/-Circuit Chief**

### Note:

The jury that rendered the judgment is the jury described first above.

But  the   jury that heard the pleading and kept the appeal pending for judgment  and  deliberated  and  signed  on  its   draft is constituted of Justice  /  Mohammad  Al-Wanyan  and  membership  of Justice / Al-Adali Al-Sayed Adali and Ahmad Habeeb.

**Sd/- Session Secretary**          **Sd/-Circuit Chief**



بسم الله الرحمن الرحيم

باسم صاحب السمو أمير الكويت

الشيخ صباح الأحمد الجابر الصباح

محكمة الاستئناف

الدائرة : التجارية الرابعة

بالجلسة المنعقدة علنا بالمحكمة بتاريخ٢٣ربيع الأخر ١٤٢٧هـ الموافق ٢٠٠٦/٥/٢١م .

برئاسة الأستاذ المستشار / محمد عزت الدمنهوري

وعضوية الأستاذين

المستشار / ابراهيم البدراني    و    المستشار / محمد حنفي

وحضور السيد / مشعل عايش العازمي        أمين سر الجلسة

<u>صدر الحكم الآتي</u>

في الاستئناف المرفوع من :

\* م . ق لشركة ميرسك كويت ( محمد صالح بهبهاني وشركاه ) \*

<u>ض          د</u>

\* باركر داوود تاج الدين اسماعيل باكر \*

والمقيد بالجدول برقم : ٢٠٠٥/٤١٩ تجاري /٤

تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤

**المحكمـــــــة**

**بعد سماع المرافعة ومطالعة الأوراق والمداولة .**

حيـث أن الحكـم الملـتمس فيـه قـد أحـاط تفـصيلا بوقـائع النـزاع وما قدم فيه مـن مـستندات ومـا أبـدى مـن أوجـه دفـاع ودفـوع وتحيـل إليه المحكمـة وتجعلـه بنيـة لقـضائها ووجيـز الواقعة – ربطـا لأوصـال التقاضـــي – تخلـــص فـــي أن المـــدعي بـــصفته أقـــام الـــدعوى رقـــم ٢٠٠٢/٤٦٥ تجـاري كلـي علـى الـشركة المـدعي عليهـا بطلـب الحكـم بندب خبيـر لبيـان الأضـرار البيـت لحقـت بالـشركة التـي يمثلهـا وقيمـة البـضاعة والتعـويض المـادي والأدبـي الجـابر لتلـك الأضـرار تمهيـدا لإلزام المدعي عليهـا بمـا يـسفر عنـه تقريـر الخبيـر وقـال بيانـا لـذلك أنـه بموجـب سـند شـحن مـؤرخ ١٩٩٩/٣/٥ قامـت الـشركة التـي يمثلهـا بـشحن " مـواد أجهـزة حاسـب آلـى ومعـدات متممـة " علـى الـسفينة دراجـو ميرسـك ٩٩٠٣ مـن مينـاء نيويـورك إلـى مينـاء الكويـت مرسـلة لحـساب مؤسـسة التماسـك العربـي للتجـارة العامـة والمقـاولات وأضـــطرتها بتمـام الـشحن فـي ١٩٩٩/٣/١٠ وبلغـت قيمـة الـشحنة ١,٨٦٠,٠٠٠ دولار أمريكـي وعنـد وصـول الـشحنة إلـى مينـاء الكويـت بتـاريخ ١٩٩٩/٤/١٠ طلبـت المؤسـسة المرسـلة إليها من المدعي بـصفته اسـتلامها مـع تقـديم ضـمان بنكـي لحـين تقـديم المـستندات الدالـة علـى سـداد قيمتهـا وفـي تـاريخ ١٩٩٩/٤/٢٧ أبلـغ المـدعي بـصفته الخطـوط الناقلـة كتابـة موافقتـه فـي تـسليم البـضاعة مقابـل ضـمان بنكـي بـدلا بوليـصة الـشحن وبعـد ذلـك تبـين للمـدعي بـصفته أن البـضاعة أخرجـت مـن المينـاء بتـاريخ ١٩٩٩/٥/١٠ بـأمر

٢

<u>تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري/٤</u>

افـراج جمركــي مــن المــدعي عليهــا إلــى جهــة أخــرى غيــر الــشركة المرســل إليهــا دون تــسلمها المــستندات الأصــلية للــشحن هــي موجــود ، لدى البنك المتعامل معــه والــذي اعادهــا إلــى المــدعي بــصفته ومــن ثــم تبين للأخيــر أن البــضاعة تــم أخراجهــا مــن الحــرم الجمركــي ايجهــة لا يعلمهــا بموجــب أمــر الافــراج الــصادر عــن المــدعي عليهــا ممــا أنعقــدت معــه مــسئوليتها عــن كامــل قيمــة البــضاعة ومطالبتهــا بــالتعويض عــن الأضــرار التــي لحقــت بــه مــن جــراء ذلــك فأقامــت الــدعوى نــدبت المحكمــة خبيــرا وبعــد أن قــدم تقريــره عــدل المــدعي بــصفته طلباتــه إلــى إلــزام المــدعي عليهــا بــالمبلغ الــذي أســفر عنــه تقريــر الخبيــر والفوائــد القانونيــة وقــدمت المــدعي عليهــا مــذكرة ضــمنتها اعتراضــاتها علــى تقريــر الخبيــر وأقامــت دعــوى فرعيــة بــالزام المــدعي بــصفته بــأن يــؤدي لهــا تعويــضا مؤقتــا مقــداره ٥٠٠١ د.ك على سند مــن أنــه تبــين عنــد الأفــراج عــن البــضاعة أنهــا عبــارة عــن قطــع غيــار ســيارات ( بريــك الكترونــي ) وذلــك خلافــا للبيانــات التي قدما المــدعي بــصفته عنهــا كمــا دفعــت بانقــضاء الــدعوى بالتقــادم الحــولي وبتــاريخ ٢٠٠٣/٤/٣٠ حكمــت محكمــة أول درجــة أولا فــي الــدعوى الأصــلية بانقــضائها بالتقــادم الحــولي ثانيــا فــي الــدعوى الفرعيــة برفــضها اســتأنفت المــدعي بــصفته هــذا الحكــم بالاســتئناف رقم ٢٠٠٣/١٢٦٠ تجاري .

وبتــاريخ ٢٠٠٤/٣/١٤ قــضت المحكمــة بإلغــاء الحكــم المــستأنف وبــإلزام الــشركة المــستأنف ضــدها – الملتمــسة – بــأن يــؤدي للــشركة المــستأنفة مبلــغ ١,٨٦٠٠٠٠ دولار أمريكــي بمــا

٣

<u>تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤</u>

يعـــادل مبلــــغ ٥٧٢٠٣٣,٠٠٧ د.ك وفوائـــد القـــانوني بواقـــع ٧ %
ســنويا مـــن تـــاريخ الحكــم وحتـــى تمـــام الـــسداد طعنـــت الملتمـــسة –
المـــستأنف ضـــدها – فـــي هـــذا الحكـــم بالالتمـــاس الماثـــل بـــصحيفة
أودعـــت إدارة كتـــاب هـــذه المحكمـــة بتـــاريخ ٢٠٠٥/١/٢٦ وأعلنـــت
قانونـــا طلبـــتٍ فـــي ختامهـــا الحكـــم أولا ايقـــاف تنفيـــذ الحكـــم رقـــم
٢٠٠٣/١٢٦٠ تجـــاري الـــصادر فـــي تـــاريخ ٢٠٠٤/٣/١٤ ثانيـــا
بانعـــدام الحكـــم الـــصادر فـــي تـــاريخ ٢٠٠٤/٣/١٤ فـــي الاســـتئناف رقـــم
٢٠٠٣/١٢٦٠ تجـــاري /٤ تأسيـــسا علـــى الأســـباب الـــواردة بـــصحيفة
الالتماس وحاصلها (١) وقـــوع غـــش كـــان مـــن شـــأنه التـــأثير فـــي الحكـــم
ذلـــك أن تـــسجيل الـــشركة الملتمس ضـــدها قـــد ألغـــي فـــي ٢٠٠٢/٦/٢٦
ولم يعد لها وجـــود قـــانوني ويترتـــب علـــى ذلـــك انتهـــاء وبطـــلان الوكالـــة
الـــصادرة للـــسيد / بـــاركر داوود تـــاج الـــدين ( المتلـــتمس ضـــده )
وزوال الـــصفة عنـــه ولمـــا كـــان الأخيـــر قـــد أخفـــى واقعـــة انقـــضاء
الشخـــصية المعنويـــة لموكلـــه وأســـتعمل الوكالـــة التـــي أنقـــضت بانقـــضاء
الـــشركة مـــصدرة تلـــك الوكالـــة فـــي الطعـــن بالاســـتئناف وترتـــب علـــى
ذلـــك صـــدور حكـــم بـــإلزام الملتمس بـــأداء مبـــالغ لموكـــل الملتمس ضـــده
بصفته ومن ثـــم يكـــون الأخيـــر قـــد ارتكـــب غـــشا أثـــر فـــي الحكـــم فـــي
الـــدعوى (٢) حـــصول الملتمس علـــى مـــستندات قاطعـــة حـــال الملتمس
ضـــده دون تقـــديمها وبـــين فـــي هـــذا الـــسبب كيفيـــة وأســـلوب الـــشحن
وظـــروف وصـــول البـــضاعة إلـــى مينـــاء الكويـــت – أ – أن قيـــام إدارة
الجمارك بميناء الـــشويخ بتفقـــد الـــشحنة التـــي وصـــلت إلـــى الكويـــت تأكـــد
أنهـــا تحتـــوي علـــى قطـــع غيـــار ســـيارات قيمتهـــا ٩,٩٨٠ دولار ولـــيس

تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤

معدات كمبيوتر مما يؤكد أن هذه الصفقة ما هي إلا عملية غش قصد منها الحصول دون وجه حق على أموال الملتمس فضلا عن أن صاحب شركة مايكروسباي أكد أن الفاتورة المنسوبة إليه مزورة وأنه لم يقم ببيع أي معدات كمبيوتر إلى الشركة الملتمس ضدها – ب – أن الملتمس ضده قد أخفى حقيقة أنه سبق له أن أقام دعوى أمام المحاكم الأمريكية عند ذات الموضوع وبذات الطلبات إلا أن المحكمة الأمريكية قد رفضت دعواه نظرا لقيامها على الغش – جـ – وأن موكل الملتمس ضده لم يسع إلى تحصيل قيمة البضاعة من المرسل إليه ولم يختصمها مما يدل على أنه يسعي من وراء هذه العملية إلى الحصول على أموال شخص يعلم بملاءته – د – دلت التحريات الملتمس على أن شخص تربطه علاقة بالملتمس ضده استلم نماذج فارغة من سندات الشحن التي تصدر عن الملتمس وملأت بياناتها وقد استعمل الملتمس ضده هذه المستندات المزورة للحصول على أمر الافراج الجمركية الملتمس .

وحيث أنه بطرح الالتماس على هذه المحكمة مثل الطرفان كل بوكيل عنه قد الحاضر عن الملتمس حافظة مستندات طويت على ١) صورة ترجمة عرفية إلى اللغة العربية إعلان في ٢٠٠٢/٦/٢٦ يحل شركات الأسهم المحلية بناء على أحكام المادة ٢٠٣/١ بـه مـن قـانون الـضرائب وتعديلاتـه ٢) صـور أوراق محررة باللغة الأجنبية ٣) صورة من البيان الجمركي الصادر من الإدارة العامة للجمارك مؤرخ ١٩٩٩/٥/٨ ٤) صورة البطاقة

٥

<div dir="rtl">

**تابع الحكم الصادر في الاستئناف رقم: ٤١٩/٢٠٠٥ تجاري /٤**

المدنية للسيد / صيروال شاندارا كومار ٥) صورة الحكم الصادر في الجناية رقم ٢٠٠٢/١١٦٩ الشرق ضد صبيروال شاندارا كومار ٦) صورة مستخرج من وزارة التجارة والصناعة مؤرخ ٢٠٠٤/٥/٢ ٧) صورة إثبات شخصية محررة باللغة الأجنبية . كما قدم حافظة أخرى طويت على صورة ترجمة تتضمن أن الشركة الملتمس ضدها قد حلت عن طريق إعلان وزير الخارجية المنشور في ٢٠٠٢/٦/٢٦ وأن قرار الحل هذا لم يتم إلغائه فيما قدم الحاضر عن الملتمس ضده حافظة مستندات طويت على ١) صورة من حكم محكمة التمييز من الطعن رقم ٢٠٠٤/٤٢٠ تجاري /٣ والذي قضي بجلسة ٢٠٠٥/٤/٩ برفض الطعن موضوعا ٢) صورة مستخرج صادر عن وزارة العدل الأمريكية خدمة الهجرة والتجنيس اشعار باتخاذ إجراء إلى شركة نيورا بايصال مؤرخ ٢٠٠٣/٣/١٢ وصلاحيته من ٢٠٠٣/٥/٧ حتى ٢٠٠٦/٥/١ ٣) صورتي مستخرج عن شركة دي اندين مؤرخ ٢٠٠٣/٣/٢٠ وصور كشوف عن ذات الشركة ثبات بها بيانات مالية – صور فواتير ٤) صورة مستخرج عن شركة كويست مؤرخ ٢٠٠٥/٢/٢ كما قدم مذكرة بدفاعه انتهي فيها إلى طلب الحكم بعدم قبول الالتماس ولما كانت جلسة ٢٠٠٥/٩/١٧ قدم الحاضر عن الملتمس ضده حافظة مستندات طويت ١) ترجمة تتضمن أن الشركة الملتمس ضدها يمكن أن تعود لوضعها الأصلي عند دفع الضرائب وتقديم كافة الإقرارات الضريبية ٢) ترجمة نص المادة ٢٠٣/ أ ٣) صورة من شهادة صادرة عن

٦

</div>

<u>تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤</u>

محاسب قـانون مؤرخـة ٢٠٠٥/٥/٢٠ تتـضمن أن الـشركة الملتمس ضـدها قامـت بـسداد كامـل ضـريبة الامتيـاز وغيرهـا إلـى ولايـة نيويـورك ٤) صـورتي مـن كتـاب إدارة الـضريبة والتمويـل مـؤرخ ٩ ، ٢٠٠٥/٥/١٠ ٥) صورة كتـاب مـؤرخ ٢٠٠٥/٥/٢٦ صـادر مـن إدارة الـضريبة والتمويـل يتـضمن أنـه قـد تـم إعـادة وضـع الـشركة الملتمس ضدها لـسداد الـضرائب مـن ٩٩/١٠ حتـى ٢٠٠٥/٦ صـور طلب نقـد دولـي لأمـر وحـدة ضـريبة الـشركة ٦) صـورة مـن كتـاب محاسـب عـام معتمـد مـؤرخ ٢٠٠٥/٥/٢٧ يتـضمن بـأن الـشركة الملتمس ضدها قـد أعيـد وضـعها إلـى مـا كـان عليـه سـابقا كمـا قـدم مذكرة بدفاعه انتهـى فيهـا إلـى طلب الحكـم بعـدم قبـول الالتمـاس وإذ كانـت جلـسة ٢٠٠٥/١٠/٢٣ قـدم الحاضـر عـن الملتمس ضـده حافظـة مـستندات طويـت علـى صـورة شـهادة صـادرة عـن إدارة كتـاب المحكمـة الكليـة تفيـد أن الملتمـسة أقامـت الـدعوى رقـم ٢٠٠٥/٣٧٠ ت . ك ١٠/ وقـد تـم شـطبها بتـاريخ ٢٠٠٥/٩/٢٦ ٢ ) صـورة مـن القـرار الـصادر فـي الـشكوى رقم ٢٠٠٥/٣٦٣ حـصر العاصـمة وبجلـسة ٢٠٠٥/١٠/٢٩ قـدم الحاضـر عـن الملتمـسة مـذكرة بدفاعـه صـمم فيهـا علـى الطلبـات وبجلـسة المرافعـة الختاميـة جلـسة ٢٠٠٣/٤/٢٩ ارجـأت المحكمـة إصـدار الحكـم إلـى جلـسة اليوم .

حيـث أنـه عـن الموضـوع فـان الثابـت مـن مطالعـة صـحيفة الالتمـاس أن الملـتمس قـد بنـى التماسـه علـى الفقـرتين أ ، ج مـن المادة ١٤٨ مـن قـانون المرافعـات ومـن المقـرر أن الغـش الـذي يبنـي

<u>تابع الحكم الصادر في الاستئناف رقم: ٤١٩/٢٠٠٥ تجاري /٤</u>

عليـه الالتمـاس طبقـا للفقـرة الأولـى مـن المـادة ١٤٨ مرافعـات هـو الـذي يقـع ممكـن حكـم لـصالحه فـي الـدعوى بنـاء عليـه ولـم يـتح للمحكمـة أن تتحـرر عنـد أخـذها بـه بـسبب عـدم قيـام المحكـوم عليـه بدحضه وتنويرها في حقيقـة شـأنه لجهلـه بـه وخفـاء أمـره عليـه بحيـث يـستحيل كـشفه فـإذا كـان مطلقـا علـى أعمـال خـصمه ولـم يناقـشها ، وكان في وسـعه تبيـين عـشه وسـكت عنـه ولـم يفـصح أمـره أو كـان في مركز يسمح لـه بمراقبـة تـصرفات خـصمه ولـم يبـين أوجـه دفاعـه فـي المـسائل التـي يـتظلم فيهـا فانـه لا وجـه للالتمـاس . وعلـى ذلـك يشترط في الغـش ١) أن يكـون صـادرا مـن المحكـوم لـه أو مـن ممثلـه وينسب الغش إلـى الخـصم ولـو صـدر مـن الغيـر إذا كـان الخـصم قـد سـاهم فيـه أو اسـتعجله عالمـا بـه ٢) أن يكـون خافيـا علـى الملتمس طوال نظر الدعوى بحيث لـم تـتح لـه فرصـة تقـديم دفاعـه فيـه وتنـوير حقيقته للمحكمة ٣) أن يكـون الغـش قـد اثـر فـي رأي المحكمـة بحيـث يتضح أنه لولا هذا الغش مـا صـدر الحكـم علـى النحـو الـذي صـدر بـه . ويخـضع تقـدير تـوافر عناصـر الغـش لتقـدير محكمـة الموضـوع متى أقامت قـضاءها علـى أسـباب سـائغة لمـا كـان ذلـك وكـان الثابـت من الملتمس أقـام التماسـه علـى أن الملـتمس ضـده بـصفته قـد ارتكـب غـشا أثـر فـي الحكـم الـصادر فـي الـدعوى علـى المـستند المـؤرخ ٢٠٠٥/٥/٣ الـصادر مـن ولايـة نيويـسورك وزراء الخارجيـة والمتـضمن أن الـشركة الملـتمس ضـدها قـد حلـت عـن طريـق إعـلان وزيـرا الخارجيـة المنـشور فـي ٢٠٠٢/٦/٢٦ وفـق قواعـد قـانون الـضرائب والمقـدم بحافظـة مـستندات الملـتمس المقدمـة أمـام هـذه

٨

**تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤**

المحكمـــة بجلـــسة ٢٠٠٥/٥/١٥ فمـــزدود بـــأن ذلـــك المـــستند لـــم يكـــن خافيا علـــى الملـــتمس طيلـــة نظـــر الـــدعوى حتـــى صـــدور الحكـــم وكـــان متاحا الاطلاع عليـــه لكونـــه أمـــرا معلنـــا ومنـــشورا بكتـــاب رســـمي معلـــن للكافـــة فـــضلا عـــن أن المـــستندات المقدمـــة مـــن الملـــتمس ضـــده بـــصفته المـــار بيانهـــا مؤداهـــا أن الـــشركة الملـــتمس ضـــدها قـــد جمـــد نـــشاطها طبقـــا لقـــانون الـــضرائب وقامـــت بـــسداد الـــضرائب المـــستحقة عليهـــا . وطبقا لـــذات القـــانون أزيـــل التجميـــد وعـــادت إلـــى وضـــعها وكأنهـــا لـــم تحـــل وأن للـــشركة ذات الحقـــوق والواجبـــات وتـــزاول عملهـــا كمـــا كانـــت عليـــه ســـابقا وتـــستخلص المحكمـــة ممـــا تقـــدم عـــدم وقـــوع غـــش مـــن الملتمس ضدّه بصفته .

وحيـــث أنـــه بالنـــسبة للـــسبب الثـــاني للألتمـــاس وهـــو حـــصول الملـــتمس علـــى مـــستندات قاطعـــة حـــال الملـــتمس ضـــده دون تقـــديمها ويـــشترط فـــي هـــذا الـــسبب تـــوافر أربعـــة شـــروط أولهـــا أن تكـــون الأوراق المحجـــوزة قاطعـــة فـــي الـــدعوى بحيـــث لـــو قـــدمت إلـــى المحكمة لتغيـــر وجـــه الحكـــم لـــصالح الملـــتمس وثانيهـــا أن يكـــون الخـــصم هـــو الـــذي حـــال دون تقـــديم الأوراق بحجزهـــا ماديـــا تحـــت يـــده أو منـــع مـــن يحوزهـــا مـــن تقـــديمها وثالثـــا أن يكـــون الملـــتمس جـــاهلا أثنـــاء الخـــصومة بوجـــود هـــذه الأوراق تحـــت يـــد حائزهـــا فـــان كـــان عالمـــا بـــذلك ولـــم يحـــاول الاســـتفادة منهـــا لـــم يجـــز الالتمـــاس ورابعهـــا أن يحصل الملـــتمس علـــى الأوراق بعـــد صـــدور الحكـــم بحيـــث تكـــون تحـــت يده عنـــد رفعـــه لمـــا كـــان ذلـــك وكـــان البـــين مـــن الأوراق أنهـــا جـــاءت خلـــوا مـــن ثمـــة دليـــل علـــى أن الملـــتمس ضـــده بـــصفته قـــد حـــال دون

٩

<u>تابع الحكم الصادر في الاستئناف رقم: ٢٠٠٥/٤١٩ تجاري /٤</u>

تقديم هذه المستندات بل أن هذه المستندات كانت محل اخذ ورد بين طرفيها أمام محكمة الموضوع ومن ثم يضحي هذا السبب غير مقبول وترتيبا على ما تقدم فان المحكمة تنتهي بعدم قبول الالتماس فضلا عن صدور حكم التمييز رقم ٢٠٠٤/٤٢٠ تجاري القاضي بجلسة ٢٠٠٥/٤/٩ برفض الطعن موضوعا – تأييد الحكم الملتمس فيه .

وحيث أنه عن المصاريف شاملة مقابل أتعاب المحاماة فان المحكمة تلزم بها الملتمس عملا بالمادتين ١١٩ ، ١٤٧ من قانون المرافعات .

<u>فلهذه الأسباب</u>

**حكمت المحكمة** : بعدم قبول الالتماس وألزمت الملتمسة بالمصاريف وعشرين ديناراً مقابل أتعاب المحاماة .

أمين سر الجلسة        رئيس الدائرة

(٤)

١٠

**EXHIBHT D**



# مركز الـفـائـق للـتـرجـمـة
# FAEQUE TRANSLATION CENTER

### Motion on the Complaint No. 341/1999 Submitted before the Capital General Prosecution

As reported by **Maersk Kuwait** Company W.L.L, represented by its agent, Mr. Ahmad Zakarya Abdul Majeed, the event indicates that **Maersk Kuwait** Company W.L.L (the "Complainant") is a private company carrying out shipping business, and that the American **Neewra Company, USA, has agreed with Arabic Tamasok Trading Company, a private corporation, to supply certain goods to the latter through Maersk International** Company, USA, which **endorsed the shipping documents and submitted them to the supplying company, Neewra Company, for the** purpose that the supplying company **would settle its financial obligations and receive the shipping documents. When the goods arrive, the documents should be delivered to Maersk Kuwait** Company (the "Complainant"), which must **give the importing company a receipt and send the documents to the carrier, USA.**

The owner of the importing company, **Mr. Adel Mohammad Abbas Baron, defrauded the** Complainant and convinced it that the goods had been imported to the benefit of his company from **Neewra Company for KD 10,000.000, and that Maersk International** Company **endorsed the shipping documents and submitted them to the supplying company, which sent them to him, but they were lost. And for Maersk Kuwait** Company insurance, **he gave it a check for the goods value together with declaration of non-submission of such check unless the lost shipping documents would be found.**

He attended to the company and declared that **he has found the shipping documents, and sent them by Mr .**Vicente Fernandez, an employee of the company, who **submitted it to the** Complainant, **which submitted him the check and the goods receipt, and sent** the shipping documents to Maersk International Company, USA, which informed that the documents were false, and so a lawsuit in the USA was filed to demand the settlement of the goods value, i.e. KD 1860000.

It added that forgery was so accurate that the documents have been edited **on the letterhead of Maersk International** Company, USA, and signed by blue pen, while the instructions dictate that documents should be signed by black pen. Moreover, the statements were printed by a typewriter that was different from the one used in the corporate office, USA, and the counterfeited documents have been presented with a true documents for comparison.

1



# FAEQUE TRANSLATION CENTER

Whereas the event, as hereinbefore stated, was from legal aspect a misdemeanor for counterfeiting foreign customary papers under the articles (257, 258, and 260) of the Penal Law, and a misdemeanor for deceit and cheating under the article (231 and 232) of the same law.

Whereas the legislator assigned the MOI investigator to investigate, act, and prosecute the misdemeanor pursuant to the articles (9/2) of the Penal Procedures Law.

Whereas the papers are free of any authorization from the Minister of Interior to the General Prosecution to investigate ,act, and prosecute this even7t.

Therefore, the General Prosecution responsibility shall be limited to the investigation of such event and forwarding the papers to competent General Administration of Investigations.

Now therefore,

1. Papers shall be sent to the General Administration of Investigations for competency, and

2. The decision shall be notified to the concerned parties.

Hani Abbas

General Attorney

1999/9/27



المراقب – شارع مجمع الوزارات – بناية صالح محمد البراك – الدور الأرضي – مكتب رقم ٣ – تلفاكس : ٢٢٤٥٣١٠٧ – نقال : ٦٧٦٨٧٥١٠

Al-Murqab · Ministries Complex Road · Saleh Mohammed Al-Barrak Bldg. · Ground Floor · Office #3 · Telefax : 22453107 · Mob. : 67687510

E - m a i l : a k b a r k u w a i t @ h o t m a i l . c o m



النموذج رقم ٣٦٦

صفحة رقم

**وزارة العـدل**

النيابة العامة

محضر تحقيق

مذكرة

في الكويت في ١٤٢٠/٣/٨ هـ الموافق ١٩٩٩ هـ مصر نيابة العاصمة

ترجمة معتمدة
Certified Translation
Exactus Translation Center

وزارة العـدل

النيابة العامة

محضر تحقيق

صفحة رقم :

[النص مكتوب بخط اليد باللغة العربية - يتعذر قراءته بشكل كامل ودقيق]

أمر

١- إرسال الأوراق للإدارة العامة للتحقيقات للاختصاص

٢- إعلام المقرر بما تم إتخاذه

٩٩/٩/٢٧

وكيل النيابة

[توقيع]