503-99/EEL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Maersk, Inc. and A.P. Moller-Maersk A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Eric E. Lenck
Lawrence J. Kahn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MAERSK, INC. and A.P. MOLLER-MAERSK A/S,

          Plaintiffs,      05 CIV 4356 (CM)

   -against-

NEEWRA, INC., REDNIHOM, INC., AREF HASSAN ABUL  **MAERSK'S OPPOSING**
INC., ARWEEN SINGH SAHNI a/k/a ARWEEN SAHNI SINGH **RULE 56.1 STATEMENT**
a/k/a ARWEEN SAHNI a/k/a ARWEEN SINGH a/k/a ABUL
SABAH a/k/a AREF HASSAN ABUL, MOHINDER SINGH
SAHNI a/k/a MOHINDER SAHNI SINGH a/k/a MOHINDER
SAHNI a/k/a MOHINDER SINGH a/k/a MOHINDER SINGH
SAHANI a/k/a MOHINDER SAHANI a/k/a MOHINDER
SAHANI SINGH a/k/a JOGINDER SINGH SAHNI, JOGINDER
SINGH SAHNI a/k/a JOGINGER SINGH SAHNI a/k/a
JOGINDER SAHNI SINGH a/k/a JOGINGER SAHNI SINGH
a/k/a JOGINDER SINGH a/k/a JOGINDER SAHNI a/k/a
JOGINGER SINGH a/k/a JOGINGER SAHNI, SABHARWAL
CHANDRA KUMAR a/k/a SABHARWAL K. CHANDRA,
MANDEEP SINGH SAHNI a/k/a MOHINDER SINGH a/k/a
MOHINDER SAHNI a/k/a MOHINDER SINGH SAHNI a/k/a
MOHINDER SAHANI a/k/a MOHINDER SINGH SAHANI,
HELP LINE COLLECTION CO. W.L.L., PARKER DAWOOD
TAJUDDIN TAJUDIS ISMAIL PARKER, SARDAR TRADERS
EST., SARDAR INTERNATIONAL TRADING CO., AL
TAMASOK AL ARABI EST.,

          Defendants.
------------------------------------------------------------------------x

   Plaintiffs Maersk, Inc. and A.P. Moller-Maersk A/S (hereinafter "Maersk"), allege as

follows in their opposition to the Local Civil Rule 56.1 Statement of Defendants Joginder Singh

Sahni and Dawood Tajuddin Parkar dated March 15, 2010:

1. Not contested.

2. Not contested.

3. Not contested except Maersk has no way of knowing whether at all times during the litigation Neewra's lawyers dealt with its principal, Arween Sahni and not with Mr. Parkar.

4. Not contested except that Maersk has no way of knowing whether Mr. Parkar had any input as to the amount of damages claimed by Neewra.

5. Not contested that Behbehani filed a "secondary action" against Neewra, Inc., but Maersk contests that the "secondary action" was filed against Mr. Parkar personally (Supplemental Declaration of A. Zakaria, ¶12). Remainder of paragraph not contested.

6. Not contested except that "secondary action" decision related to Plaintiff Neewra, Inc. and not Defendant Parkar, who was at all times acting as Neewara, Inc.'s agent (Supplemental Declaration of A. Zakaria, ¶12).

7. Not contested that Neewra appealed the adverse decision on its claim, arguing in the Appellate Court, the Court of Appeal, Commercial, Fourth Circuit, that the one year statue had been waived by Maersk Kuwait. The specific holding of the Court is reflected in Declaration of A. Zakaria, Ex.B.

8. Not contested.

9. The proceedings and holdings of the Court of Cassation are reflected in the Declaration of Ahmed Zakaria, Ex.C. The characterizations are contested to the extent they are inconsistent with the decision.

10. The contents of the three decisions are reflected in the Declaration of A. Zakaria, Exs. A, B and C. The Southern District of New York forum selection clause in the governing contract of carriage was not raised as an issue in the Kuwait proceedings because Kuwait courts

Document Number: 349508

do not recognize such foreign forum selection clauses where the named defendant is a Kuwaiti company. (Supplemental Declaration A. Zakaria, ¶10).

11. Not contested.

12. Not contested except for the fact that the "secondary action" was against Neewra, Inc. and Mr. Parkar in his capacity as representative of Neewra and not against him in his personal capacity. (Supplemental Declaration of A. Zakaria, ¶12).

13. The wording of the decision on appeal speaks for itself (Al-Humaidan Dec. Ex.C). Maersk contests any characterizations inconsistent with the decision.

14. Not contested.

15. The decision speaks for itself as to the holdings. Maersk contests any characterization inconsistent with the decision.

16. Not contested except Maersk has no way of determining if, and to what extent, the complaint was investigated, nor is there any evidence that the investigation has been terminated.

17. Maersk has no way of determining conclusively whether the proceeding filed by Maersk is the only criminal proceeding that has ever been brought against Joginder Singh Sahni.

18. Kuwaiti courts are not required to recognize a foreign court judgment issued in the United States. The concept of collateral estoppel based upon decisions of courts in foreign jurisdictions such as the United States is not well established. (Declaration of A. Zakaria, ¶16; Supplemental Declaration of A. Zakaria, ¶13).

19. Not contested.

20. Not contested.

21. Not contested.

22. Not contested.

Document Number: 349508

Dated: New York, New York
April 14, 2010

                      FREEHILL HOGAN & MAHAR, LLP
                      Attorneys for Plaintiffs
                      Maersk, Inc. and A.P. Moller-Maersk A/S

By:    _____
                      Eric E. Lenck
                      Lawrence J. Kahn
                      80 Pine Street
                      New York, NY 10005
                      (212) 425-1900 / (212) 425-1901 (fax)

TO:    Harry H. Wise, III, Esq.
        Law Offices of Harry H. Wise, III
        *Attorneys for Defendants Joginder Singh Sahni, Parker Dawood and Help Line Collection Co. W.L.L.*
        250 West 57th Street, Suite 1316
        New York, NY 10107

Document Number: 349508