RECEIVED
SEP 8 - 2010
CHAMBERS OF
COLLEEN McMAHON

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/10

HARRY H. WISE, III
ATTORNEY AND COUNSELOR AT LAW
250 WEST 57TH STREET, SUITE 1316
NEW YORK, NEW YORK 10107
TEL: (212) 810-2430
FAX: (212) 810-2427
E-MAIL: HWISELAW@AOL.COM

**MEMO ENDORSED** 9/8/2010

September 7, 2010

*[Handwritten note: I do not have time to conference this case. If Maersk can submit a form of judgment that no one objects to I will sign it. I would like to close this case.]*

By Federal Express Overnight

Hon. Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 640
New York, N.Y. 10007

Re: Maersk, Inc. et ano. v. Neewra, Inc. et al., 05-Civ-4356 (CM)

Dear Judge McMahon:

I am counsel for remaining defendants Joginder Singh Sahni, Dawood Tajuddin Parkar, and Help Line Collection Co., W.L.L. I have received from counsel for plaintiffs a copy of their letter to you dated September 3, and the accompanying proposed "Order to Enter Judgment," and I have the following comments:

In their letter, counsel Eric E. Lenck and Lawrence J. Kahn, Esqs. state that the proposed order is "consistent with the summary judgment awarded to Plaintiffs against the Remaining Defendants as reflected in the Court's Decision and Order dated December 17, 2009 (Docket No. 217) and Decision and Order dated July 9, 2010 (Docket no. 241)." That statement is false. The proposed Order radically alters the result in this case in the following two respects:

The proposed order would impose liability upon defendant Help Line Collection Co. W.L.L. on the "Third Cause of Action," in the amount of $2.3 million. In fact, that claim for relief did not seek damages from Help Line (See Amended Complaint, ¶ 114, and Decision and Order Dated December 17, 2009 at p. 7), and the Court granted summary judgment against Help Line only on the claim for conspiracy in the Rednihom

<u>Hon. Colleen McMahon, September 7, 2010, Page Two</u>

fraud, the "Fifth Cause of Action" (See Decision and Order Dated December 17, 2009 at pp. 7, 23-26), a claim upon which plaintiffs seek damages in the amount of $34,500.00.

      The proposed order would impose liability on all three remaining defendants on the "Fourth Cause of Action," for breach of contract, in the amount of $2,500.00. In fact, that claim sought breach-of-contract damages only from, among these defendants, Mr. Joginder Sahni (See Amended Complaint, ¶ 116 and Dec. 17th Decision and Order at p. 7), and this Court denied plaintiffs' motion for summary judgment as to it. (See December 17th Decision and Order, pp. 34-39).

      What I find most mystifying about plaintiffs' counsel's bizarre submission is that, following this Court's December 17 Decision and Order, I sat with Eric Lenck in his office and discussed the issue of whether we could settle the case as against Help Line, since plaintiffs stood to gain only a judgment of $30,000.00 or so against that company. During that discussion, I made a settlement offer on behalf of Help Line consistent with a potential liability of that magnitude. Mr. Lenck then told me several days later that he had discussed that offer with his clients and that they had rejected it. I thus cannot understand his attempt now to fasten the much greater liability on Help Line that he clearly knew six months ago was not provided for in the Court's decision.

      As the Court may recall, I have complained, at various times during this litigation, about false statements made by my adversaries in affidavits or memoranda of law. (See, e.g., letter to the Court of Dec. 22, 2009, and Memorandum in Support of Cross Motion, filed March 16, 2010, pp. 2-4). I respect Mr. Lenck and Mr. Kahn as colleagues, and I certainly do not assert that they would at any time attempt to mislead the Court. What I do assert is that throughout this lawsuit they have shown an insufficient regard for the truth, an insufficient regard for the rules of evidence and of fair argument from the evidence, and, in the most spectacularly successful violation of the rules of procedure I have ever experienced, the *ex parte* submission of the place-of-deposition issue to Magistrate Judge Eaton, an insufficient regard for the ethics of litigation.

      This cavalier disregard for the rules now results in an unwarranted and unfair judgment against my clients in this case.

      Yours truly,

      Harry H. Wise, III

cc: Eric E. Lenck, Esq. (faxed: 212-425-1901).