MANDATE

10-3987-cv
Maersk, Inc., et al. v. Joginder Singh Sahni, et al.

N.Y.S.D. Case #
05-cv-4356(CM)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1   At a stated term of the United States Court of Appeals for the Second Circuit, held at the
2   Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day
3   of November, two thousand eleven.
4
5   Present:
6           AMALYA L. KEARSE,
7           PIERRE N. LEVAL,[*]
8                   *Circuit Judges*,
9
10  _____
11
12  MAERSK, INC. and A.P. MOLLER-MAERSK A/S,
13
14          *Plaintiff-Appellees*,
15
16                  v.                                                          No. 10-3987-cv
17
18  JOGINDER SINGH SAHNI, HELP LINE
19  COLLECTION CO. W.L.L., and DAWOOD
20  TAJUDDIN PARKAR,
21
22          *Defendant-Appellants*.
23
24  _____
25
26

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 17, 2012

---

[*] The Honorable Denny Chin, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d).

MANDATE ISSUED ON 01/17/2012

| | | |
|---|---|---|
| For Plaintiff-Appellees: | | LAWRENCE J. KAHN (Eric E. Lenck *on the brief*), Freehill Hogan & Mahar LLP, New York, New York |
| For Defendant-Appellants: | | HARRY H. WISE III, Law Office of Harry H. Wise III, New York, New York |

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court dated September 13, 2010, be and hereby is **AFFIRMED**.

Defendants Joginder Singh Sahni, Dawood Tajuddin Parkar, and Help Line Collection Co. W.L.L. appeal from a judgment of the United States District Court for the Southern District of New York, granting summary judgment to plaintiffs Maersk, Inc. and A.P. Moller-Maersk A/S (together "Maersk") on two fraud claims under New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The appellants argue that summary judgment was not warranted because (1) Maersk did not establish that they are subject to personal jurisdiction in New York, (2) the evidence does not support a reasonable finding that they knew of or participated in the alleged frauds, and (3) the action should have been dismissed under the doctrine of *forum non conveniens* in favor of litigation in Kuwait. In addition, Parkar argues that he is entitled to summary judgment on one of the fraud claims (Count III of the Amended Verified Complaint) because the district court was obligated to defer to the previous judgment of a Kuwaiti court. We reject their contentions.

After finding that the appellants failed to cooperate in discovery, the magistrate judge properly imposed sanctions prohibiting them from offering their own testimony or other specified evidence. As a consequence, significant portions of Maersk's evidence were unrebutted. Maersk's evidence demonstrated a fraud scheme the objective of which was essentially to have New York-based conspirators ship worthless cargo, cause it to be claimed under a forged bill of lading, and then hold Maersk liable for loss of valuable goods not in fact contained in the cargo, based on Maersk's release of the cargo pursuant to the forged bill of lading. The unrebutted evidence showed the participation of each of the appellants in the scheme.

We find no error in the district court's determination that Maersk established that the appellants were subject to personal jurisdiction in New York and that they had participated in the alleged frauds. *See* Fed. R. Civ. P. 56(c); N.Y. C.P.L.R. § 302; *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197, 200 (2d Cir. 1990); *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) (agency relationship is sufficient under C.P.L.R. § 302 to confer personal jurisdiction over an out-of-state defendant where the agent has acted within the state "'for the benefit of, and with the knowledge and consent of the' non-resident" (quoting *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981))). We also conclude that the district court did not "clearly abuse[]" its discretion in declining to dismiss the action under *forum non conveniens* in favor of litigation in Kuwait. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (in banc).

We reject Parkar's argument that he is entitled to summary judgment on Count III by reason of a previous judgment of a Kuwaiti court against Maersk. The district court correctly

1  concluded that the judgment of the Kuwaiti court was not entitled to deference as a matter of
2  comity because the judgment was based on a concededly forged document and Maersk was not
3  afforded an adequate opportunity to present its case.  *See Diorinou v. Mezitis*, 237 F.3d 133, 139-
4  40, 143 (2d Cir. 2001); *see also Hilton v. Guyot*, 159 U.S. 113, 202 (1895).
5  We have considered all of the appellants' contentions on this appeal and have found them
6  to be without merit.  For the foregoing reasons, the judgment of the district court is hereby
7  **AFFIRMED**.

```
                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK
```



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

-4-